IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated, | ) Case No. 1:13-cv-08389 ) |
| | ) Honorable Andrea R. Wood |
| *Plaintiff*, | ) |
| v. | ) Magistrate Judge Geraldine Soat Brown |
| | ) |
| SPEEDYPC SOFTWARE, a British Columbia company, | ) ) |
| | ) |
| *Defendant*. | ) |

## JOINT STATUS REPORT

Pursuant to the Court's case management procedures for initial status conferences, Plaintiff Archie Beaton and Defendant SpeedyPC Software ("SpeedyPC") hereby submit this Joint Status Report, and state as follows:

**I.    NATURE OF THE CASE**

    **A.    Attorneys of Record:**

Attorneys of Record for Plaintiff Archie Beaton: Rafey S. Balabanian, Benjamin H. Richman, Chandler R. Givens, David I. Mindell and Courtney C. Booth of EDELSON PC.

Attorneys of Record for Defendant SpeedyPC: Jacqueline A. Criswell and Kevin K. Kearney of Tressler LLP.

    **B.    Identity of Parties That Have Not Yet Been Served:** No Parties remain to be served.

    **C.    Basis for Federal Jurisdiction**: This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because at least one member of the putative class is a resident of a state different than SpeedyPC (a Canadian company), the amount in controversy exceeds

$5,000,000.00, exclusive of interests and costs, and none of the exceptions under that subsection apply to this action.

  D. **Nature of Claims and Counterclaims:**

  Plaintiff's Position: Plaintiff asserts claims against Defendant for its alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Fraudulent Inducement, Breach of Contract, and Unjust Enrichment in connection with the design, marketing and sale of its SpeedyPC Pro software, which Plaintiff alleges does not perform as advertised.

  Defendant's Position: SpeedyPC intends to file a Rule 12(b)(6) Motion to Dismiss all claims accompanied by a Motion to Stay discovery pending the outcome of the Motion to Dismiss.

  E. **Relief Sought by Plaintiff:** Plaintiff seeks to recover, on behalf of himself and a class of similarly situated individuals, the fees (or a portion thereof) that Defendant charged and collected from consumers for their purchases of the SpeedyPC Pro software (typically $39.94), restitution of all monies unlawfully retained by Defendant, reasonable litigation expenses and attorneys' fees, pre- and post-judgment interest, and the injunctive and/or other equitable relief necessary to ensure that Defendant's allegedly unlawful conduct does not continue into the future. (*See* Complaint, Dkt. 1.)

  F. **Major Legal and Factual Issues in the Case:**

  Plaintiff's Position: Plaintiff believes that the major legal and factual issues in this case include, but are not limited to: (1) whether SpeedyPC Pro is designed to mislead consumers into purchasing the full version of the software, (2) whether SpeedyPC Pro performs as advertised, (3) whether SpeedyPC's conduct constitutes violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, (4) whether SpeedyPC's conduct constitutes fraudulent

inducement, (5) whether SpeedyPC's conduct constitutes a breach of contract, and (6) whether SpeedyPC has been unjustly enriched as a result of its conduct.

Defendant's Position:

(a) Whether SpeedyPC Pro provided a benefit to plaintiff Beaton;

(b) Whether SpeedyPC Pro performed for Beaton as advertised;

(c) Whether SpeedyPC's advertisements reviewed by Beaton were false;

(d) Whether Beaton properly installed SpeedyPC Pro on his computer;

(e) Which agreement, if any, serves as the contract between Beaton and Speedy PC;

(f) Whether Plaintiff has sufficiently pled a claim for violation of the Illinois Consumer Fraud and Deceptive Practices Act;

(g) Whether Plaintiff has sufficiently pled a claim for fraudulent concealment;

(h) Whether Plaintiff has sufficiently pled a claim for breach of contract; and

(i) Whether Plaintiff has sufficiently pled a claim for unjust enrichment.

## II. CASE PLAN

**A.** **Existence of Pending Motions**: Plaintiff currently has a motion for class certification pending, but requests that the Court enter and continue the motion until after the completion of discovery on class wide issues, at which time Plaintiff will submit a fulsome memorandum of points and authorities in support of class certification.

**B.** **Defendant's Intended Motions:** SpeedyPC intends to file a Motion to Dismiss accompanied by a Motion to Stay discovery until this Court rules on said motion.

**C.** **Proposed Discovery Plan:**

1. *Expected Discovery*

Plaintiff's Position: Plaintiff Beaton anticipates taking written, oral and (potentially) third-party discovery on the following non-exhaustive list of topics: (1) the total number of

individuals and entities who purchased the software at issue, (2) the number and nature of complaints regarding the software, (3) the number and amount of refunds requested and/or received by the members of the putative class related to their purchase of the software, (4) Defendant's representations regarding the purpose, utility, and effectiveness of the software, (5) the source code underlying the software and its functionality, and (6) the metrics (and the bases of those metrics) used by the software to assess and report the condition of users' computers.

    Defendant's Position: Assuming *arguendo* that SpeedyPC's motion to dismiss all claims is not granted, it anticipates taking discovery on the following topics: (1) information and documents relating to any interactions between the named plaintiff Archie Beaton (Beaton) and SpeedyPC; (2) information and documents relating to Beaton's alleged purchase of any products from SpeedyPC; (3) information and documents, including inspection of Beaton's computer, relating to his allegations that the SpeedyPC software did not perform as represented and/or did not provide any benefit; (4) information and documents relating to how Beaton has been damaged; and (5) information and documents relating to the basis for plaintiff's motion for class certification.

    2.  *Proposed ESI Protocol:* Plaintiff has provided to SpeedyPC a proposed ESI protocol regarding: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced; (3) the formats for preservation and production of ESI; (4) the protection of confidential and proprietary information; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Civil Evidence; and (6) any other relevant ESI issues that may arise.

3.	*Proposed Privilege Protocol*: The Parties intend to discuss and submit to the Court for its review and approval a proposed protective order governing the production and handling of confidential, proprietary, and otherwise sensitive discovery materials in this matter.

	4.	*Initial Disclosures*: Plaintiff's position is to exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than February 28, 2014. Defendant's position is that the disclosures should be exchanged no later than March 10, 2014.

	5.	*Completion of Fact Discovery*:

<u>Plaintiff's Position</u>: Plaintiff proposes that fact discovery be completed no later than September 18, 2014. Plaintiff believes that a stay of discovery until the Court rules on Defendant's Motion to Dismiss (as Defendant suggests) would be inappropriate and serve only to unnecessarily delay the natural progression of the case inasmuch as any Rule 12(b)(6) motion is unlikely to be dispositive of the claims in question. That is especially true in light of the fact that a court in the Northern District of California denied SpeedyPC's 12(b)(6) motion to dismiss nearly identical claims in the putative class action captioned *Robichaud v. SpeedyPC Software*, No. 3:12-cv-04730, Dkt. 39 (N.D. Cal.).[1] Likewise, the Honorable Samuel Der-Yeghiayan recently denied—in its entirety—a Rule 12(b)(6) motion to dismiss in a putative class action in this District asserting similar claims against one of SpeedyPC's industry competitors. *See Hall v. TuneUp Corp.*, No. 13-cv-01804, Dkt. 40 (N.D. Ill.).[2]

---

[1]     Plaintiff's counsel in this case were also counsel of record for the plaintiff and putative class in the *Robichaud* matter. The plaintiff in that case, however, voluntarily dismissed her claims following the denial of SpeedyPC's motion to dismiss and in light of the discovery that she had received a full refund of the monies she paid to purchase the deceptive software at issue just days before the case was filed.

[2]     Following Judge Der-Yeghiayan's order, the *Hall* matter was transferred to this Court and, as the Court knows, the parties there are now proceeding with discovery and parallel settlement discussions.

5

Defendant's Position: In order to avoid incurring unnecessary attorneys' fees and costs and promote judicial economy, SpeedyPC proposes that discovery be stayed until this Court addresses its Motion to Dismiss all claims.

6. *Completion of Expert Discovery*: Plaintiff proposes that expert discovery be completed no later than November 18, 2014.

8. *Deadline to File Motion for Class Certification*: Plaintiff proposes that he file his anticipated motion for class certification no later than December 18, 2014.

9. *Deadline to File Dispositive Motions*: Plaintiff proposes that dispositive motions be filed no later than sixty (60) days following the Court's ruling on his anticipated motion for class certification.

7. *Limitations on Discovery*: Plaintiff proposes that discovery should proceed according to the presumptive limits set by the Federal Rules of Civil Procedure.

**D. Trial**

1. *Whether a Request Has Been Made For a Jury Trial*: Plaintiff has requested a jury trial on all matters that can be so tried. (Dkt. 1.)

2. *Estimated Length of Trial*: The Parties anticipate that a trial in this matter will require three (3) court days.

**III. SETTLEMENT**

**A. Description of Settlement Discussions**: The Parties have had only preliminary discussions regarding potential resolution of this matter but have indicated a willingness to explore settlement.

**B. Whether a Settlement Conference Would Be Productive at this Time:** Plaintiff is open to discussing potential resolution at a settlement conference presided over by the

Court or a private mediator. SpeedyPC suggests that a settlement conference would be more effective after this Court addresses its Motion to Dismiss.

IV. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

    A. **Whether the Parties Consent to Proceed Before a Magistrate Judge:**

The Parties respectfully decline to proceed before a Magistrate Judge for all purposes in this matter but are open to referrals to a Magistrate Judge as deemed appropriate.

Dated: February 11, 2014

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| **ARCHIE BEATON**, individually and on behalf of all others similarly situated, | **SPEEDYPC SOFTWARE,** |
| By: /s/ Benjamin H. Richman<br>One of Plaintiff's Attorneys | By: /s/ Jacqueline A. Criswell<br>One of Its Attorneys |
| Benjamin H. Richman<br>brichman@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Tel: 312.589.6370<br>Fax: 312.589.6378 | Jacqueline A. Criswell<br>jcriswell@tresslerllp.com<br>Tressler LLP<br>223 South Wacker Drive, 22nd Floor<br>Chicago, Illinois 60606<br>Tel: 312.627.4000 |

598537