#610288                                                                                              2246-756

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BEATON, individual and on behalf of all others similarly situated, | ) ) ) | Case No. 1:13-cv-08389 |
| Plaintiff, | ) ) | The Honorable Andrea R. Wood |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| SPEEDYPC SOFTWARE., a British Columbia company, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF SPEEDYPC SOFTWARE PURSUANT TO *FORUM NON COVENIENS* DOCTRINE**

ParetoLogic, Inc., d/b/a SpeedyPC Software (Speedy), submits its Memorandum of Law in Support of its Motion to Dismiss this lawsuit pursuant to the doctrine of *forum non conveniens*.

**I.    BACKGROUND**

SpeedyPC Pro (the Software) is a utility software product designed to help users optimize their computers. Beaton filed this putative class action against Speedy alleging that he purchased the Software as a result of false and misleading statements regarding its capabilities. He alleges that the Software overstates the amount and severity of errors that it purportedly fixes to convince consumers that the product functions as advertised. (Cmpl. at ¶¶ 16-18, 20-21, 24, 30-38, 43-49, 62-64). The Complaint contains four counts: claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, fraudulent inducement, breach of contract and unjust enrichment. This Court recently denied Speedy's Rule 12(b)(6) motion to dismiss. The parties have exchanged written discovery but no depositions have been taken.

Speedy is a Canadian corporation with its principal place of business in British Columbia. (See Declaration of Barry Dodd, Chief Executive Officer of Speedy, at ¶¶ 2-3, attached as Exhibit A). The persons responsible for the design, development, marketing and maintenance (including testing and ongoing upgrades) of the Software and its day-to-day management are current or former employees of Speedy and reside in British Columbia. (Id. at ¶¶ 5-6, 12-14). Both Speedy's CEO and Vice President of Business Operations also reside in British Columbia, Canada. (Id. at ¶¶ 5-6). Speedy markets and sells the Software in a number of countries, including Canada and the United States. (Id. at ¶ 4).

Beaton is a resident of Algonquin, Illinois. He alleges that in or around August, 2012 he viewed an ad for the Software on the Internet and subsequently purchased it (Cmpl. at ¶¶ 22-47). Before being able to install the Software, Beaton first had to click "I Agree" when the End User License Agreement (EULA) appeared on his computer screen. (See Declaration of Gary Theobald, Speedy's Vice President of Business Operations of Speedy, at ¶¶ 5-9, attached as Exhibit B). Section 3.9 of the EULA states:

> **Governing Law** - This Agreement shall be governed exclusively by the laws of the Province of British Columbia and the laws of Canada applicable therein except any principles regarding conflicts of law rules and the United Nations Convention on Contracts for the International Sale of Goods. You hereby irrevocably attorn and submit to the non-exclusive jurisdiction of the courts of Victoria, British Columbia, and any competent Courts of Appeal therefrom. If any provision shall be considered unlawful, void or otherwise unenforceable, then that provision shall be deemed severable from this License and not affect the validity and enforceability of any other provisions.

(Attachment 1 to Ex. B). Significantly, the Governing Law provision of EULA presented to all persons before they can install and/or purchase the Software has remained unchanged since the Software was first released. (Ex. B at ¶ 6).

**II. ARGUMENT**

While the fact that Beaton chose this forum is entitled to substantial weight, it is not dispositive.

> A citizen's choice of forum should not be given dispositive weight. . . Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggest that trial in the chosen forum would be unnecessarily burdensome for the defendant or the Court, dismissal is proper.

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 n.23 (1981); *Maljack Productions, Inc. v. British Pathe News Ltd.,* 1994 U.S. Dist. LEXIS 8013 (N.D. Ill.). In the instant case, the relevant factors weigh in favor of dismissal because British Columbia is the more convenient forum.

**A. Legal Standard for *Forum Non Conveniens* Determination**

"The principle of *forum non conveniens* comes down to this: a trial court may dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S. Ct. 839, 842, 91 L. Ed. 1055, 1062 (1947)). The court may dismiss a case on this ground when it "best serves the convenience of the parties and the ends of justice." *ISI International, Inc. v. Borden Ladner Gervais, LLP*, 2001 U.S. Dist. LEXIS 18202, *7 (N.D. Ill.), *citing Kamel*, 108 F. 3d at 802.

A *forum non conveniens* analysis is a two-step process. The defendant has met its burden where (1) the new locale provides an adequate alternative forum, and (2) the balance of private and public interest factors favor dismissal. *Gulf Oil*, 330 U.S. at 507; *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254, 102 S. Ct. 252, 265, 70 L. Ed. 2d 419, 435 (981). The Court has substantial flexibility in considering the relevant importance of these factors. *Pyrenee, Ltd. v.*

3

*Wocom Commodities*, 984 F. Supp. 1148, 1165 (N.D. Ill. 1997). The *forum non conveniens* determination is left to the "trial court's sound discretion." *Piper Aircraft*, 454 U.S. at 257-261. It cannot be reversed absence a clear abuse of discretion. *Kamel*, 108 F.3d at 802; *Pyrenee*, 984 F.Supp. at 1161.

**B.    British Columbia is an Adequate Alternative Forum**

The threshold inquiry in a *forum non conveniens* motion is whether there is an adequate and available forum that has jurisdiction over the case. *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 704 (7th Cir. 2005). A forum is "adequate" if "the parties will not be deprived of all remedies or treated unfairly." *Id.* Speedy seeks to have this matter litigated in British Columbia, Canada. This Court has already deemed Canadian courts to be an adequate alternative forum. *ISI Int'l, Inc*, 2001 U.S. Dist. LEXIS 18202, *9 (N.D. Ill.); *see also Windt v. Qwest Communs. Int'l, Inc.*, 544 F. Supp. 2d 409, 418 (D.N.J.), *aff'd*, 529 F.3d 183 (3d Cir. 2008) (*citing* Tom McNamara*, International Forum Selection and Forum Non Conveniens*, 34 Int'l Law. 558, 560-61 (2000)). Further, Speedy is a resident of British Columbia and Beaton consented to its jurisdiction by agreeing to be governed exclusively by its laws and those of Canada when he clicked "I Agree" to the terms of the EULA.[1]

**C.    Private Interest Factors Favor Dismissal**

Once an adequate alternative forum is established, the Court must weigh the private and public interest factors promulgated in *Gulf Oil*. As the Supreme Court noted in *Piper Aircraft*, these factors are non-exclusive and intended to be applied flexibly – each case must turn on its

---

[1] In *DeJohn v. TV Corp. Int'l*, this Court held that "clickwrap" agreements are valid where a person is presented with contract terms and clicks a box acknowledging that "he had read, understood, and agreed to the terms of the contract in order to accept its provisions …" 245 F. Supp. 2d 913, 915-916 (N.D. Ill. 2003). In the instant case, Beaton was presented with the EULA prior to installation and had to click "I Agree" in order for installation to continue.

4

specific facts. 454 U.S. at 249-50. In the instant case, the majority of private interest factors favor dismissal.

### 1. This Court Cannot Compel the Attendance of Unwilling Witnesses

Since Speedy issued its discovery responses in May, 2014, two persons identified as potential witnesses are no longer employed at the company. (Ex. A at ¶ 12). These witnesses include Alycia Mitchell, Team Lead of Marketing Campaigns, and David McArthur, Senior Graphic and Web Designer. (Id.). Speedy previously identified former employees Kai Davis, Online Marketing Specialist, and Michelle Macklin, Senior Graphic and Web Designer, as potential witnesses. (Id. at ¶ 13). These four potential witnesses were involved in the design and marketing of the Software, the heart of Beaton's fraud claims. All of these former employees continue to reside in British Columbia. (Id. at ¶ 14). Unlike this Court, a British Columbia court has the means to compel their testimony via subpoena. In *ISI Int'l, Inc.*, the Court held that its inability to compel live testimony of key witnesses favored dismissal. 2001 U.S. Dist. LEXIS 18202 at *13. The Court identified two non-party Ontario residents who were beyond its power of compulsory process. *Id*. It also noted the importance of permitting the factfinder to have the benefit of assessing the witnesses' demeanor at trial. *Id.* at *14.

Speedy is entitled to a vigorous defense, and this Court's inability to compel compulsory testimony of key witnesses severely compromises that right. As the Supreme Court noted in *Gulf Oil*, "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." 67 S. Ct. at 844.

**2. The Convenience of Witnesses and Cost of Litigation Weigh in Favor of Dismissal**

Beaton's suit is based on to two specific theories. First, that the Software is designed to misrepresent the impact and severity of various computer errors. Next, that Speedy purposefully misled consumers into believing that the Software could repair their computers. Because the design, development, marketing, and testing of the Software occurred in British Columbia, the documentary evidence relating to these issues is located in British Columbia. (Ex. A at ¶ 11). In *Chelios v. NHL Players' Ass'n*, this Court held that since the majority of documentary evidence, including the books and records of defendant and other relevant agreements and correspondence were located in Canada, this factor weighed in favor of dismissal. 2007 U.S. Dist. LEXIS 4260, *16-17 (N.D. Ill.).

In the instant case, the likely key witnesses with knowledge of the design, development, marketing, and testing of the Software reside in British Columbia. While most are employees of Speedy, the costs Speedy will incur to transport them from British Columbia to Chicago is not insignificant. There are no direct flights between Victoria and Chicago, and witnesses must connect via Vancouver, Seattle, or Calgary. (Ex. A at ¶ 10).

Speedy has identified twelve potential witnesses, all of whom reside in British Columbia. These witnesses include Speedy's small executive staff. Requiring Speedy's management to travel to Chicago for pretrial and trial proceedings would significantly disrupt the operations of the company. (Ex. A at ¶ 9). In contrast, the only evidence identified by Beaton is his testimony and that of an unnamed expert and inspection of the computers used by Beaton and the expert, which to date Beaton has refused to produce.

The primary factors in assessing private interests are the convenience of the witnesses and the costs of litigation, which strongly weigh in favor of dismissal in the instant case.

6

*Chelios*, 2007 U.S. Dist. LEXIS 4260, *15-16; *Interpane Coatings, Inc. v. Australia & New Zealand Banking Group, Ltd.,* 732 F. Supp. 909, 916 (N.D. Ill. 1990). Because the majority of witnesses are located in British Columbia, litigating in that jurisdiction would significantly lower the overall costs associated with travel for the purpose of any permissible discovery and pretrial proceedings, as well as trial, and tipping this factor in favor of dismissal. Trial in Chicago would therefore be substantially more burdensome and expensive for Speedy. *Clerides*, 534 F.3d at 629.

**D.     The Public Interest Factors Strongly Weigh in Favor of Dismissal**

    **1.     Since this is a Diversity Case, the Proper Forum is British Columbia**

One of the public interest factors is "the interest in having the trial of a diversity case in a forum that is at home with the laws that must govern the action." *Kamel,* 108 F.3d at 803; *Wozniak v. Wyndham Hotels and Resorts*, 2009 U.S. Dist. LEXIS 26952 (N.D. Ill.); *Gulf Oil*, 330 U.S. at 509. The Governing Law provision in the EULA, to which Beaton consented, provides that the laws of the Province of British Columbia and Canada apply. Dismissing the instant case so that it can proceed in British Columbia also resolves the need to apply foreign law. While this issue is not conclusive, it "points toward dismissal". *Piper Aircraft*, 454 U.S. at 260.

    **2.     British Columbia Has a Local Interest in Regulating its Corporations**

While Beaton will argue that Illinois has an interest in preventing harm to its citizens, British Columbia has a stronger interest in regulating its own corporations. *Clerides*, 534 F.3d at 630. In *ISI Int'l*, this Court found that Canada had a greater interest in policing the fraudulent activities of its own corporations. 2001 U.S. Dist. LEXIS 18202, *12. Similarly, In *Pyrenee, Ltd.*, this Court held that Hong Kong had a greater interest in policing the fraudulent activities of

its own corporations. 984 F. Supp. at 1167. British Columbia has far greater power to correct any illegal activities of its own companies and thus is the proper forum.

      **3.**      **The Type of Relief Sought Favors Dismissal**

The Complaint seeks injunctive relief in the form of prohibiting Speedy from engaging in the alleged wrongful acts (Cmpl. at p. 28). The very nature of this relief is most effectively implemented by the British Columbia courts, where Speedy is headquartered, as opposed to this district.

      **4.**      **The Relative Congestion of Court Dockets Weighs in Favor of Dismissal**

This Court is well aware of the significant congestion in the Northern District of Illinois. According to the June, 2014 Federal Court Management Statistics, the median time from filing to trial in this District is 35.4 months for civil actions. (Attached as Exhibit C is the Judicial Caseload Profile for the Northern District of Illinois through June 30, 2014). In contrast, in British Columbia civil trials of two or more days from filing to trial range from 11-12 months, less than a third as long. (Attached as Exhibit D is the Report of the Provincial Court of British Columbia Concerning Judicial Resources through March 31, 2014). The speed at which this litigation will progress in British Columbia is significantly greater than if the case were to remain in this District. This factor clearly weighs in favor of dismissal.

**IV.**     **EXAMPLES IN WHICH CANADA IS MORE CONVENIENT FORUM**

In both *ISI Int'l* and *Chelios*, this Court analyzed whether the Northern District of Illinois or Canada was the most convenient forum and granted defendants' motions to dismiss. The deciding factors in *ISI Int'l* were the need to apply foreign law (the parties' agreement selected Ontario law as the governing law), the fact that Canada has a greater interest in policing the activities of its own corporations and this Court's inability to compel live testimony of key

witnesses. 2001 U.S. Dist. LEXIS 18202 at *12, 14-15. Similarly, in *Chelios*, this Court determined that Ontario was the superior forum because the Canadian witnesses were beyond its subpoena power, the NHL's books and records were kept at its Toronto headquarters and Canadian courts have a strong interest in regulating labor organizations operating within its borders. 2007 U.S. Dist. LEXIS 4260 at *16-18. This rationale applies equally to the instant case.

## IV. CONCLUSION

The policy behind the forum non conveniens doctrine is to avoid waste of judicial resources and the time and expense incurred by the parties when a more appropriate and convenient forum is available. The most important private interest factors are the availability of witnesses and the attendant expense/costs, which clearly favor Speedy since all of its witnesses reside in British Columbia, including its high level executives who are needed to run the company. Significantly, a number of witnesses are no longer employed by Speedy and thus are not subject to this Court's subpoena powers. The most important public interest factors are that in a diversity case, the suit should proceed in the forum whose law will be applied, the relative congestion of the courts and which forum has the strongest local interest in the dispute. Again, these strongly weigh in favor of finding that British Columbia is the more convenient forum. For these reasons, the instant case should be dismissed.

For the foregoing reasons, Speedy respectfully requests that this Court dismiss the instant lawsuit pursuant to the doctrine of *forum non conveniens*.

Dated:  September 9, 2014                **SPEEDYPC SOFTWARE**

By: /s/ Jacqueline A. Criswell
   One of its Attorneys

   Jacqueline A. Criswell (IL #6180148)
   Kevin Kearney (IL #6313204)
   Tressler LLP
   233 S. Wacker Drive, 22nd Floor
   Chicago, IL  60606
   Tel: (312) 627-4003
   Fax: (312) 627-1717
   jcriswell@tresslerllp.com
   kkearney@tresslerllp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2014, I electronically filed SpeedyPC Software's Memorandum of Law in Support of its Motion to Dismiss for Forum Non Conveniens with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Rafey S. Balabanian
Chandler Randolph Givens
David Ira Mindell
Benjamin Harris Richman
Courtney Booth
**Edelson PC**
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
rbalabanian@edelson.com
cgivens@edelson.com
dmindell@edelson.com
brichman@edelson.com
cbooth@edelson.com

                    **SPEEDYPC SOFTWARE**

                    By: /s/ Kevin Kearney
                    Kevin Kearney (IL #6313204)
                    Tressler LLP
                    233 S. Wacker Drive, 22nd Floor
                    Chicago, Illinois 60606
                    Tel: (312) 627-4011
                    Fax: (312) 627-1717
                    kkearney@tresslerllp.com