IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BEATON, individual and on behalf of all others similarly situated, | ) ) ) | Case No. 1:13-cv-08389 |
| Plaintiff, | ) ) | The Honorable Andrea R. Wood |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| SPEEDYPC SOFTWARE., a British Columbia company, | ) ) ) | |
| Defendant. | ) ) | |

**COMBINED OPPOSITION OF SPEEDYPC SOFTWARE TO MOTION TO CONTINUE <u>*FORUM NON CONVENIENS*</u> BRIEFING AND FOR ENTRY OF PROTECTIVE ORDER**

ParetoLogic, Inc., d/b/a SpeedyPC Software (Speedy), submits its Combined Opposition to Beaton's Motion to Continue the Briefing Schedule of Speedy's *Forum Non Conveniens* Motion and Speedy's Motion for Entry of Protective Order issuing a stay of all discovery until its Motion is resolved. Prior to filing the instant Motion for Entry of Protective Order, counsel for Speedy conferred with counsel for Beaton. After outlining the basis for its Motion, Beaton's counsel would not agree to withdraw his instant Motion or agree to stay Speedy's responses to the new discovery propounded, which is the subject of this Motion.

**I.      BEATON MISAPPREHENDS THE *FORUM NON CONVENIENS* DOCTRINE**

Beaton's request for a continuance to respond to Speedy's *forum non conveniens* motion on the ground that he needs further discovery and depositions before he can respond misapprehends the relevant factors courts analyze in determining such a motion. At the same time, Beaton ignores the information provided by Speedy, both in its May, 2014 discovery responses and documents produced and in the Declarations submitted in support of its Motion.

The central purpose of any *forum non conveniens* inquiry is "to ensure that the trial is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981).

Rather than addressing the pending Motion, Beaton improperly tries to use it as an opportunity to propound wide-ranging discovery completely irrelevant to the *forum non conveniens* factors. His 45 document requests encompass every imaginable topic, including discovery designed to identify all individuals who could be members of a potential class, as well as their IP addresses. (Beaton Motion, Ex. 1 at Nos. 19-20, 27-32, 44-45). Other requests seek information already provided by Speedy in its discovery responses and the Declarations of Barry Dodd and Gary Theobold, Speedy's CEO and Vice President of Business Operations, respectively. The majority of the requests address factors that would only be relevant if Speedy was contesting the jurisdiction of this Court, which it is not.

**A.     Beaton Mischaracterizes the Key *Forum Non Conveniens* Factors**

Speedy has the burden of showing that British Columbia, Canada provides an adequate alternative forum and that the balance of private and public interest factors favor dismissal. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997). This Court has deemed Canadian courts to be an adequate alternative forum and Beaton consented to its jurisdiction by clicking his agreement to the End User License Agreement (EULA), governed exclusively by the laws of British Columbia and Canada. (Speedy's Motion, ECF 44 at 4).

Beaton wrongly identifies the relevant forum factors as including Speedy's contacts with Illinois and the United States and the number of U. S. residents allegedly harmed as a result of their purchase of the Software and seeks additional new discovery on these issues. (Beaton Motion at ¶¶4-5). Beaton's Motion to continue briefing should be denied since the new

discovery Beaton propounded is irrelevant to the evaluation of the private and public interest factors.

1. **This Court Cannot Subpoena Unwilling Witnesses**

In the instant case, the most persuasive private interest factor is that four potential witnesses – Alycia Mitchell, Team Lead of Marketing Campaigns, David McArthur, Senior Graphic and Web Designer, Kai Davis, Online Marketing Specialist and Michelle Macklin, Senior Graphic and Web Designer for the Software - reside in British Columbia and are no longer employed by Speedy. Thus, this Court does not have the power to compel their live testimony/appearance at trial. *ISI International, Inc. v. Borden, Ladner, Gervais, LLP,* 2001 U.S. Dist. LEXIS 18202, *13-14 (N.D. Ill.). Beaton is well aware of this since they were identified in Speedy's May, 2014 discovery responses and the Declaration of Barry Dodd, Ex. A to Speedy's Motion (ECF 44-1). The Second Declaration of Gary Theobald, attached as Exhibit 1 to this Opposition Motion, again confirms that they are all former employees and residents of British Columbia. (Ex. 1 at ¶ 10).

2. **The Majority of Witnesses Are in British Columbia**

With the exception of a company in China that performs some testing for Speedy, all individuals involved in the creation, design, development, testing and technical support of the Software and in the creation, design and maintenance of Speedy's website, including all marketing that appears on the website[1] and all marketing materials provided to RevenueWire, a British Columbia company, were or are Speedy employees and reside in British Columbia. (Ex. 1 at ¶¶2-10). Aside from the fact that the four former employees are not subject to this Court's subpoena power, there is both a monetary and business cost to making Speedy employees,

---
[1] All allegations in the Complaint addressing Speedy's advertisements and representations regarding the Software refer to Speedy's website and Beaton purchased the Software from Speedy's website. (ECF 1 at ¶¶15-35, 42-47).

3

several of whom include top executives of the company, available for trial. Requiring its CEO and Vice President of Business Operations to attend a lengthy trial in Chicago is a significant burden on a company the size of Speedy (Speedy Forum Motion, ECF 44, Ex. A at ¶9; Ex. 1 at ¶12).

The only witnesses in this District are Beaton and possibly his expert. While Beaton's new discovery seeks voluminous documents relating to all persons in the United States who purchased the Software and all communications between Speedy and any Illinois or U.S. residents relating to the Software, these requests are irrelevant to the determination of a *forum non conveniens* motion. (Beaton Motion, Ex. 1 at Nos. 27-32, 44-45). Even if Beaton can carry his burden of meeting the requirements for a class action, neither potential nor actual class members act as witnesses at trial. Rather, they are represented by Beaton. As the Illinois Supreme Court explained in *Gridley v. State Farm Mut. Auto. Ins. Co.*, 217 Ill.2d 158, 840 N.E.2d 269, 275 (2005):

> We also note that the appellate court's order is contrary to the nature and purpose of a class action, which is intended to "allow a representative party to pursue the claims of a large number of persons with like claims" and which "does not contemplate or necessitate the appearance of absence parties." (citation omitted). Indeed, it is the named plaintiffs in a class action that have the burden of establishing the statutory prerequisites to bringing a class action, and those prerequisites must be met before the court can sanction the maintenance of the suit as a class action. (citation omitted). Thus, a class action suit is "predicated on the inability of the court to entertain the actual appearance of all members of the class as well as the impracticality of having each member prosecute his individual claim." (citation omitted). **Given that the nature of a class action is to allow a named representative to act on behalf of any absent class members, it would be antithetical to nonetheless require a court to conduct detailed discovery into the claims of absent class members prior to deciding a *forum non conveniens* motion, particularly where the class has not been certified**.…Further, as the United States Supreme Court has recognized, requiring extensive investigation prior to deciding a *forum non conveniens* motion would defeat the purpose of the *forum non conveniens* motion. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 258-59 (1981).
> (emphasis added).

4

## B. Beaton's New Discovery is Unrelated to Speedy's Pending Motion

Beaton's justification for filing his motion to continue the briefing of Speedy's *forum non conveniens* motion is that he needs both extensive written discovery, 45 document requests, and the depositions of Mr. Dodd and Mr. Theobald. This contention has no merit. As demonstrated above, the relevant private interest factors are ease of access to sources of proof and the availability and cost of obtaining attendance for willing and unwilling witnesses. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The relevant public interest factors include local interests in the litigation, administrative difficulties involving court congestion and the appropriateness of having the trial of a diversity case in the forum whose law governs the case. *Kamel*, 108 F.3d at 803.

Speedy has provided admissible evidence on the private interest factors. The public interest factors are legal issues to be interpreted by this Court. The Court in *Graf von Spee v. Graf von Spee, et al.,* 2007 U.S. Dist. LEXIS 36441 (D. Conn.), addressed a similar issue. Plaintiffs had propounded expansive interrogatories and document requests, as well as deposition notices. The Court held that the bulk of information sought by plaintiffs, such as defendants' assets and contacts with conduct by defendants in the United States, is information relevant to a personal jurisdiction dispute, **not a *forum non conveniens* assessment**. It emphasized that this is precisely the type of "uncontrolled" discovery that should be prohibited. Noting that discovery should be limited to access to sources of proof, availability of compulsory process for unwilling witnesses and the cost of obtaining attendance of willing witnesses, it explained that to allow a detailed investigation at this preliminary stage would defeat the purpose of a *forum non conveniens* motion. *Id.*; *Norex Petroleum Ltd. v. Access Industries, Inc.*, 2002 U.S. Dist. LEXIS 4276, *5-6 (S.D.N.Y.); *Gridley,* 840 N.E.2d at 275; *Piper Aircraft Co.,* 454 U.S. at 258-59. In

*Norex*, plaintiff attempted to persuade the Court that it needed discovery responses and depositions to respond to the *forum non conveniens* motion. The Court rejected this request, noting that it runs afoul of the proscription against permitting a party to engage in extensive discovery that develops details going to the entire case when such a motion is pending. It chastised plaintiff for seeking to do indirectly what it cannot do directly: "obtain discovery germane to the merits of the underlying action." *Id.*

C. **A Protective Order Staying Discovery is Warranted**

Speedy seeks the entry of a protective order staying discovery because resolution of its *forum non conveniens* motion requires no additional fact discovery and depositions will not assist Beaton in responding to the relevant legal issues. Requiring Speedy to respond to the written discovery and the depositions of its executives would unfairly force Speedy to bear the undue burden and expense of such discovery when Beaton has all relevant information in its possession. In *Gridley*, the appellate court remanded the case to the trial court for further discovery regarding the identity, number and location of potential class members and the location of documentary evidence on a class wide basis. The Illinois Supreme Court reversed, finding that the appellate court erred in remanding the case for further discovery concerning the putative class because the named representative acts on behalf of the class members and requiring such discovery would defeat the purpose of a *forum non conveniens* motion. 840 N.E.2d at 275. Adjudication of a *forum non conveniens* motion does not require a detailed development of the entire case. *Norex, supra.; Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 (2d Cir. 1976). Information concerning a defendant's assets, the purpose of defendant's trips to the United States, real estate dealings or other activities in the U.S. is not relevant. *Graf von Spee,* 2007 U.S. Dist. LEXIS 36441, *17 n. 9.

All of the information necessary for adjudication of Speedy's motion is in the possession of Beaton. While a handful of the 45 requests seek documents sufficient to identify the location of persons who assisted in the design, development, testing, technical support and marketing of the Software (Beaton Motion, Ex. 1 at Nos. 34-37), Speedy already provided this information in its May, 2014 discovery responses and in the Declarations of Mr. Dodd and Mr. Theobald attached as Exhibits A and B to its motion. At the risk of being redundant, Speedy has provided a Second Declaration of Mr. Theobald, which ensures that Beaton has every fact potentially relevant to the *forum non conveniens* analysis, including that Speedy has no employees, bank accounts, real estate or personal property in the United States, (Ex. 1), even though the case law is clear it has no relevance to such a motion.

For purposes of deciding a motion to dismiss on *forum non conveniens* grounds, the Court may consider affidavits and declarations. *In re Alcon Shareholder Litigation*, 719 F.Supp.2d 263, 266 (S.D.N.Y. 2010), *citing Transunion Corp. v. Pepsi Co., Inc.,* 811 F.2d 127, 130 (2d Cir. 1987); *Piper Aircraft Co.*, 454 U.S. at 258. Beaton has all information necessary to respond to Speedy's pending motion. To require Speedy to answer Beaton's voluminous second set of document requests and submit its executives to deposition under these circumstances would both defeat the purpose of its *forum non conveniens* motion and unfairly impose a substantial and unnecessary burden on Speedy.

## II. CONCLUSION

For the foregoing reasons, Speedy respectfully requests that this Court deny Beaton's motion to continue the briefing schedule and grant Speedy's motion for entry of a protective order issuing a stay on all pending discovery until the pending *forum non conveniens* motion is resolved.

Dated: September 22, 2014            **SPEEDYPC SOFTWARE**

By: /s/ Jacqueline A. Criswell\_\_\_\_\_
    One of Its Attorneys

Jacqueline A. Criswell (IL #6180148)
James K. Borcia (IL 36200936)
Kevin Kearney (IL #6313204)
Tressler LLP
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
Tel: (312) 627-4003
Fax: (312) 627-1717
jcriswell@tresslerllp.com
jborcia@tresslerllp.com
kkearney@tresslerllp.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2014, I electronically filed the Combined Opposition of SpeedyPC Software to Beaton's Motion to Continue *Forum Non Conveniens* Briefing Schedule and Speedy's Motion for Entry of a Protective Order with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Rafey S. Balabanian
Chandler Randolph Givens
David Ira Mindell
Benjamin Harris Richman
Courtney Booth
**Edelson PC**
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
rbalabanian@edelson.com
cgivens@edelson.com
dmindell@edelson.com
brichman@edelson.com
cbooth@edelson.com

By: /s/ Kevin Kearney
Kevin Kearney (IL #6313204)
Tressler LLP
233 S. Wacker Drive, 22nd Floor
Chicago, Illinois 60606
Tel: (312) 627-4011
Fax: (312) 627-1717
kkearney@tresslerllp.com