# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SPEEDYPC SOFTWARE, a British Columbia company,<br><br>*Defendant*. | Case No. 1:13-cv-08389<br><br>Honorable Andrea R. Wood |

## STIPULATED PROTOCOL FOR DEFENDANT'S INSPECTION OF PLAINTIFF BEATON'S COMPUTER

**IT IS HEREBY STIPULATED AND AGREED**, by and through the undersigned attorneys for Plaintiff Archie Beaton ("Plaintiff") and Defendant SpeedyPC Software ("Defendant" or "SpeedyPC"), as follows:

1. Plaintiff has agreed to make available for inspection his personal computer and forensic copies thereof, a Dell Studio 1535 laptop (the "Computer"). Plaintiff has designated the Computer and any forensic copies thereof (including any and all information contained therein) as "CONFIDENTIAL" pursuant to the Stipulated Protective Order entered by the Court ("Protective Order"). Dkt. 35, Dkt. 32-1.

2. Access to Plaintiff's CONFIDENTIAL computer and documents or other things that contain information derived therefrom ("Computer Information") shall be limited to (a) Defendant's outside counsel of record; (b) approved Experts or Consultants as described in Paragraph 4(b) of the Protective Order; and (c) the persons set forth in Paragraphs 4(b) and 4(e) of the Protective Order.

3. Plaintiff shall provide to Professional Vendor Forensicon, Inc., 226 S. Wabash Suite 300, Chicago, Illinois 60604 ("Forensicon"), an exact duplicate digital copy of the original forensic image ("Original Forensic Copy") of the Plaintiff's Computer that was created on or about February 3, 2014. Forensicon shall reasonably confirm the form and reliability of the Original Forensic Copy to ensure it is usable with common commercial forensic software tools such as Encase. Defendant shall bear the expense of Forensicon.

4. Forensicon shall create a forensically sound exact copy image of Computer (i.e., an image of the Computer's hard drive) as it exists as of the date of this Stipulated Protocol ("New Forensic Copy"). For the purposes of this Stipulated Protocol, "forensically sound" shall mean an unmodified exact duplicate image that preserves all in-situ information on the Computer including but not limited to unallocated storage, deleted information, and filesystem metadata using a commercially available specialized forensic software tool such as Encase Forensic 7. Defendant shall bear the expense of Forensicon.

5. Plaintiff (with assistance from his Experts and Consultants, as required) will perform a review of the Original Forensic Copy and New Forensic Copy for privileged information. If Plaintiff identifies privileged information, Plaintiff's Counsel will prepare a privilege log containing the location of the privileged information on the Computer and other information in compliance with Federal Rule of Civil Procedure 26(b)(5)(A). Defendant shall not attempt to open, copy, or read files or communications identified in the privilege log while inspecting the Computer and the Original Forensic Copy and the New Forensic Copy.

6. Plaintiff shall instruct Forensicon to disclose the Original Forensic Copy and the New Forensic Copy to Defendant's approved Experts and Consultants subject to the following instructions and protections:

    a.    Plaintiff shall instruct Forensicon to securely transfer the Original Forensic Copy and the New Forensic Copy to Defendant's approved Experts and Consultants using commercially reasonable means.

    b.    Defendant's Experts and Consultants may install, use, operate, and analyze the Original Forensic Copy and the New Forensic Copy on computers and storage (physical and virtual) at the Experts' and Consultants' facilities protected by commercially reasonable security means. Such computers and storage shall not be connected to the Internet or any public network beyond the secure facilities of the approved Experts or Consultants. In the event that the Defendant's Experts determine that additional capabilities are required to properly and fully use, operate, and/or analyze the Original Forensic Copy and New Forensic Copy, the parties will meet and confer to develop solutions.

7.    Plaintiff shall disclose the Computer in the following manner and subject to the following protections:

    a.    Plaintiff will make the Computer reasonably available in a secure room at the Chicago office of Plaintiff's counsel (EDELSON PC, 350 N. LaSalle Street, Suite 1300, Chicago, Illinois 60654) during regular business hours (9:00 a.m. to 5:00 p.m. local time) with seven (7) days' advance notice to Defendant's counsel and its expert. Defendant is not permitted to bring into the secure room any computers, laptops, smartphones or recordable media or recordable devices, including, without limitation, sound recorders, cellular telephones, peripheral equipment, cameras, CDs, DVDs, thumb drives or any other drives of any kind. Plaintiff's counsel may visually monitor (e.g., with video cameras with audio recording disabled) the

3

activities of Defendant's representatives during the inspection, but only to ensure that no privileged files are viewed and no unauthorized electronic records of the Computer or Computer Information are being created or transmitted in any way. Plaintiff's Counsel will work in good faith to accommodate reasonable requests by Defendant's Counsel during the inspection.

        b.     Plaintiff will make the Computer available as Plaintiff ordinarily maintains the Computer (i.e., "in the ordinary course of business."). Under no circumstances will Defendant's Counsel or anyone acting on behalf of Defendant's Counsel seek or implement the installation of any software or script on the Computer or insert any peripherals into the Computer, such as an external and/or USB drive. In no event shall Defendant's Counsel or anyone acting on behalf of Defendant's Counsel be permitted to connect the Computer to any network or the Internet while inspecting the Computer.

        8.     In no event shall Defendant's Counsel or anyone acting on behalf of Defendant's Counsel be permitted to willfully edit or alter the Computer's files, settings, logs, data, or memory, except in accordance with the Computer's normal operations. At the request of Defendant's Counsel, Plaintiff shall provide Defendant's Counsel paper copies of reasonable portions of Computer Information (e.g., portions of files, settings, or logs) identified by Defendant's Counsel. Such requests shall be limited to paper copies reasonably necessary for inclusion in court filings, pleadings, expert reports, or other papers, or for use in deposition or at trial, and Defendant's Counsel shall not request paper copies for the purpose of reviewing the Computer Information other than electronically. In other words, Defendant's Counsel shall not request that Plaintiff print Computer Information to review as an alternative to reviewing the Computer in the manner provided by this Protocol, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of information for

review and analysis elsewhere. Plaintiff shall mark copies clearly and prominently as "CONFIDENTIAL" and affix individual production numbers. Defendant's Counsel may make no more than three (3) additional paper copies of any portions of the Computer Information received from Plaintiff, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Computer Information received from Plaintiff and delivered by Defendant's Counsel to any approved Expert or Consultant pursuant to this Protocol. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon five (5) business days' advance notice to Defendant's Counsel by Plaintiff, Defendant's Counsel shall provide a copy of this log to Plaintiff.

9. Defendant's Counsel shall maintain an inspection log containing the following information: (1) the identity of each person granted access to the Computer or Computer Information; (2) each date when such access was granted; and (3) each paper copy made of any printout derived from the Computer (*see* ¶ 5, above). Defendant's Counsel shall maintain an updated version of the inspection log and shall provide a current copy of that log to Plaintiff's counsel as reasonably requested. For security purposes, Defendant's Counsel must produce a copy of the log pursuant to this paragraph regardless of any other stipulation of the parties.

10. Defendant's Counsel shall securely maintain all printed copies of Computer Information in a locked room or cabinet at the office of Defendant's Counsel when not in use and shall destroy those copies as soon as they are no longer needed, pursuant to Paragraph 9 of the Protective Order. An approved Expert preparing or submitting a report may keep in his or her office a paper copy of those portions of the Computer Information pertinent to the report and anticipated testimony subject to the following conditions: (1) Defendant shall disclose the

location of the approved Expert's office and the specific security precautions to be taken and shall not allow Computer Information to be stored at the approved Expert's office until Plaintiff has approved the security precautions, which Plaintiff shall not unreasonably withhold; (2) Defendant's Counsel shall keep a log of the transmission of any paper copies of the Computer Information provided to the approved Expert; (3) the approved Expert shall not copy the printed copies of the Computer Information, which must be securely maintained in a locked cabinet in the approved Expert's office accessible only to the approved Expert and any staff working on this matter who have signed the form attached as Appendix 1 to the Protective Order (Dkt. 35); (4) upon service or submission of the final report necessitating the Computer Information, the approved Expert shall return all paper copies of the Computer Information to Defendant's Counsel; (5) Defendant's Counsel shall certify it has received all paper copies of the Computer Information from the approved Expert; and (6) upon completion of the approved Expert's work, the approved Expert shall certify that all paper copies of the Computer Information provided to the approved Expert have been returned to Defendant's Counsel or destroyed. Defendant may not convert paper copies of the Computer Information into electronic format (including for emailing), except as needed for filing or service of papers (including reports of approved Experts and discovery responses), motions, exhibits and pleadings (all made under seal), or trial or hearing presentation, in which case such electronic copies of the Computer Information may be used only for those purposes. Paper copies of the Computer Information may not themselves be copied, except for use as exhibits for a deposition, expert report, motion, filing, hearing or trial.

    11. Approved Experts or Consultants may take notes of their inspection of the Computer and may take the notes with them from the secure room. Any and all notes or other documents, including any report(s) or any portions of any report(s) prepared by an approved

Expert as a result of the inspection, shall be designated CONFIDENTIAL. Any deposition testimony concerning the Computer or Computer Information shall also be designated as CONFIDENTIAL.

12. Either party may make printed Computer Information available on a motion or at trial as an exhibit. Portions of the printed Computer Information may be offered into evidence (subject to a motion to seal) and the party offering printed Computer Information into evidence shall limit the filed code to those portions strictly relevant to the issue for which it is being filed or offered. Any portions of printed Computer Information designated as an exhibit but not offered into evidence at trial will be withdrawn before the close of evidence and disposed of as the Protective Order requires.

13. The parties are undertaking their best efforts and acting in good faith to anticipate and identify issues that may arise with Plaintiff's production of the Computer. If an unanticipated issue arises in connection with Plaintiff's production of the Computer, the parties will use their best efforts to resolve the issue without the involvement of the Court.

Dated: June 27, 2016

By: /s/ Courtney C. Booth

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff Archie Beaton*

By: /s/James K. Borcia

James K. Borcia
jborcia@tresslerllp.com
Tressler LLP
223 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
Tel: 312.627.4000

*Counsel for Defendant SpeedyPC Software*