# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated, | ) | Case No. 1:13-cv-08389 |
| Plaintiff, | ) | The Honorable Andrea R. Wood |
| v. | ) | Magistrate Judge Geraldine Soat Brown |
| SPEEDYPC SOFTWARE., a British Columbia company, | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

The Court enters the following Protective Order ("Order"), as stipulated to by the Parties, pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. Findings:

The Court finds that the Parties to this case may request and/or produce confidential, sensitive, or information otherwise involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the Party producing such information.

2. Definitions:

a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b. "Affiliate" is an entity that owns a controlling interest in a Party or is under common control with a Party.

c. "CONFIDENTIAL" information includes a person's (i) personal medical, financial, credit, or otherwise sensitive information, and (ii) business operations, processes, and technical and developmental information, or information otherwise within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's reputation or competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

d. "ATTORNEYS' EYES ONLY" information is current or future business or technical trade secrets and plans more sensitive or strategic than CONFIDENTIAL information, or information otherwise within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

e. "Professional Vendors" are persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

f. Information is not "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if a person lawfully obtained it independently of this litigation.

3. Designation of Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY":

a. A person's designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by clearly and prominently marking it on its face as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." A Producer may make documents or things containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information available for inspection and copying without marking them as such without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before providing them to the Recipient.

c. A person designates information in deposition testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by stating on the record at the deposition that the information falls into one of those categories, or by advising the opposing Party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

d. A person's failure to designate a document, thing, or testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e. A person who has designated information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may withdraw the designation by written notification to all Parties in the case.

Case: 1:13-cv-08389 Document #: 98-3 Filed: 07/22/16 Page 5 of 14 PageID #:1040

f. If a Party disputes a Producer's designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the Party shall notify the Producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after they meet and confer on the dispute unless within that fourteen (14) day period the Producer files a motion with the Court to maintain its designation. The Producer bears the burden of proving that the information is properly designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The information shall remain subject to the Producer's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation until the Court rules on the dispute. A Party's failure to contest a designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is not an admission that the information was properly designated as such.

4. Use and Disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Information:

a. "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or information derived therefrom may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose CONFIDENTIAL information or information derived therefrom to any Person other than the following:

(i) a Party and his or its outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel;

(ii) a Party's in-house counsel;

(iii) a Party's officers and employees and any such subsidiaries or affiliates thereof or insurers directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

(iv) a stenographer and videographer recording testimony concerning the information;

(v) a Professional Vendor handling the information that executes the Written Assurance of Compliance with Protective Order, with a copy of such Assurance provided promptly to the Producing Party;

(vi) subject to the provisions of paragraph 4(d) of this Order, experts and consultants and their staff whom a Party employs for purposes of this litigation only; and

(vii) the Court and personnel assisting the Court.

c. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose "ATTORNEYS' EYES ONLY" information or information derived therefrom to any person other than those identified in paragraph 4(b)(i), (iv), (v), (vi), and (vii).

d. A Party may not disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The Party obtaining the undertaking must serve it on all other Parties within ten days after its execution. At least ten days before the first disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to an expert or consultant (or member of their staff), the Party proposing to make the disclosure must serve the Producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the

Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the Parties resolve the dispute within ten days after service of the objection, the Producer must move the Court promptly for a ruling, and the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information may not be disclosed to the expert or consultant without the Court's approval.

e. Notwithstanding paragraph 4(a) and (b), a Party may disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to: (i) any employee or author of the Producer; (ii) any person no longer affiliated with the Producer who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f. A Party who wishes to disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to a person not authorized under paragraph 4(b), (c), or (e) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission. Any such motion must set forth the reasons why the disclosure is reasonably necessary, provide the reasons advanced by the Producer for its refusal to approve the disclosure, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

g. The "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information of an opposing Party shall be maintained within the United States. If for purposes associated with the preparation and trial of this action there is a need to temporarily take any such information outside of the United States, such information may only be taken outside of the United States while in the possession and control of a Party's outside counsel of record.

5. Copies:

A Party producing documents as part of discovery must, upon request, furnish the requesting Party with one copy of the documents it requests, at the requesting Party's expense. Before copying, the Parties must agree upon the rate at which the requesting Party will be charged for copying.

6. Inadvertent Disclosure:

a. In the event that information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are disclosed to someone not authorized under the terms of this Order to receive such information, counsel of record for the Party involved with the disclosure shall immediately (i) inform counsel of record for the Producer describing the circumstances surrounding the unauthorized disclosure and (ii) make every reasonable effort to retrieve the information and to prevent disclosure by each unauthorized person who received or possesses such information.

b. In the event that information protected by the attorney-client privilege or the work product doctrine is disclosed to someone not authorized under the terms of this Order to receive such information, the inadvertent disclosure shall be handled in accordance with Federal Rule of Evidence 502.

7. Protected Material Subpoenaed or Ordered Produced in Other Litigation:

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

a. promptly notify the Producer, with such notification including a copy of the subpoena or court order;

b. promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, with such notification including a copy of this Order.

8. Filing with the Court:

a. This Protective Order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A Party wishing to file under seal a document containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal. If a Party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.

b. If a Party wishes to file in the public record a document that another Producer has designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Party must advise the Producer of the document no later than five business days before the document is due to be filed, so that the Producer may move the Court to require the document to be filed under seal.

c. Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

9. Document Disposal:

Within sixty (60) days of the final disposition of this action, each Party must return to the Producer all documents and copies of documents containing the Producer's "CONFIDENTIAL"

Case: 1:13-cv-08389 Document #: 98-3 Filed: 07/22/16 Page 10 of 14 PageID #:1045

or "ATTORNEYS' EYES ONLY" information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information. Alternatively, if the Producer agrees, the Party may destroy all documents and copies of documents containing the Producer's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information. The Party returning and/or destroying the Producer's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this Order. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgement herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

10. Originals:

A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing Party has it, must be made available to any other Party within ten days after a written request.

11. Survival of obligations:

This Order's obligations regarding "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information survive the conclusion of this case.

Case: 1:13-cv-08389 Document #: 98-3 Filed: 07/22/16 Page 11 of 14 PageID #:1046

Dated: May 1, 2014

Respectfully submitted,

**ARCHIE BEATON**, individually and on behalf of all others similarly situated,

By:/s/ Courtney C. Booth
One of His Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370

**SPEEDYPC SOFTWARE, INC.**

By:/s/ Jacqueline A. Criswell
One of Its Attorneys

Jacqueline A. Criswell
James K. Borcia
Kevin Kearney
jcriswell@tresslerllp.com
jborcia@tresslerllp.com
kkearney@tresslerllp.com
Tressler LLP
223 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
Tel: 312.627.4000

ENTERED:

Date: May 12, 2014

ANDREA R. WOOD
United States District Judge

**PROTECTIVE ORDER**

**APPENDIX 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARCHIE BEATON, individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SPEEDYPC SOFTWARE., a British Columbia company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:13-cv-08389<br><br>The Honorable Andrea R. Wood<br><br>Magistrate Judge Geraldine Soat Brown |

**<u>WRITTEN ASSURANCE OF COMPLIANCE WITH PROTECTIVE ORDER</u>**

I, ________________________________________, hereby declare that:

I reside at __________________________________________________ in the city of ________________, county of __________________, state of ________________;

I am currently employed by ___________________________ located at ______________________________________________________________ and my current job title is _____________________________________.

I have read and believe I understand the terms of the Protective Order dated ____________, filed in Civil Action No. 1:13-cv-08389, pending in the United States District Court for the Northern District of Illinois. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" obtained pursuant to such Protective

Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, Ishall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ______________________ ________________________________
(Date) (Signature)