JKB/674834 2246-756-51

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BEATON, individual and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:13-cv-08389 |
| SPEEDYPC SOFTWARE, a British Columbia company, | ) ) ) | Judge Andrea R. Wood |
| | ) | Magistrate Judge Geraldine Soat Brown |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RE-DEPOSITION**

Defendant, SpeedyPC Software ("Speedy"), by and through its attorneys, hereby submits its Motion to Compel Plaintiff's Re-Deposition, and in support thereof states as follows:

1. Speedy brings this motion to compel the reconvening of Plaintiff's deposition on documents produced by Plaintiff after his deposition that were required to be produced before his deposition.

2. Speedy served interrogatories and document requests on Plaintiff back in 2014. Plaintiff responded to the interrogatories and document requests certifying that the responses and production were complete back on March 31, 2014.

3. Speedy took Plaintiff's deposition on July 28, 2016. At that time, Speedy asked Plaintiff detailed questions about his purchase of the software, including his communications relating to his purchase of the software.

4. On September 14, 2016 Plaintiff produced Plaintiff's debit card statement relating to his purchase of the software. (Exhibit A). Plaintiff also stated in the email producing the document "to the extent we identify any additional charges in any of those documents, we will let you know and update Plaintiff's discovery responses as appropriate." Plaintiff also produced

additional emails recovered but claims he is unable to recover the contents of the emails. Given the fact that this case revolves around Plaintiff's purchase of the software, it is inexplicable that Plaintiff would have failed to produce these critical documents before his deposition.

5. After receiving these documents, Speedy indicated to Plaintiff's counsel that it would like to reconvene Plaintiff's deposition on these additional documents. Plaintiff has refused to appear for such deposition.

6. The law clearly provides that Speedy should be allowed to reconvene Plaintiff's deposition on these additional documents. *Bullen v. Thanasouras,* 1993 WL 23767 (N.D. Ill. Feb. 2, 1993); *Stallings-Daniel v. Northern Trust Co.,* 2002 WL 385568 (N.D. Ill. Mar. 12, 2002); *White v. Thyssenkrupp Steel USA,* 2010 WL 2042331 (S.D. Ala. May 20, 2010); *Turnbull v. Topeka State Hosp.,* 185 F.R.D. 64579 (D. Kan. 1999); *Bean v. Pearson Educ.*, 2012 WL 5512594 (D. Az. .Nov. 14, 2012); *Ball v. Versar*, 2005 WL 4168868 (S.D. Ind. Nov. 23, 2005); *Marine Travelift v. Marine Lift Systems*, 2013 WL 4046331 (E.D. Wis. Aug. 8, 2013); *Gardner v. Johnson*, 2009 WL 5215589 (N.D. Ill. Dec. 30, 2009); *In re Heraeus Kulzer GmbH,* 2011 WL 6012926 (N.D. Ind. Dec. 1, 2011).

7. Plaintiff has suggested that Speedy serve interrogatories on these additional documents. Speedy is not required to do so. Also, given a need for follow-up questioning and examination Speedy is entitled to depose the Plaintiff on these issues under oath in a deposition.

8. The Court should order Plaintiff to appear for a limited deposition on these additional documents at Plaintiff's expense.

## CERTIFICATION

Pursuant to Fed.R.Civ.P. 37(a)(l), counsel for Speedy certifies that he had a telephone conference with Plaintiff's counsel on the issues raised in this motion on September 19, 2016 to

seek a good faith resolution of the issue without Court involvement. The parties were unable to come to a resolution of this matter.

WHEREFORE, Defendant, SpeedyPC Software, respectfully requests this Honorable Court grant this motion to compel and order Plaintiff to appear for a deposition on the additional documents produced, at Plaintiff's expense, plus attorneys' fees incurred with regard to this motion.

SPEEDYPC SOFTWARE

By: /s/James K. Borcia
One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## Catherine M. Johns

**From:** James K. Borcia
**Sent:** Monday, September 19, 2016 4:07 PM
**To:** Catherine M. Johns
**Subject:** FW: Beaton v. SpeedyPC
**Attachments:** Beaton-SpeedyPC Beaton 000023-000032.pdf

**From:** Courtney Booth [mailto:cbooth@edelson.com]
**Sent:** Wednesday, September 14, 2016 8:50 PM
**To:** James K. Borcia
**Cc:** Benjamin H. Richman; Amir Missaghi
**Subject:** Re: Beaton v. SpeedyPC

Jim:

Following up our recent correspondence and your meet and confer with Ben, attached are the additional emails that we recovered. Again, we were unable to recover the content of the e-mails, but the "to," "from," "date," and "subject" fields are viewable. If you are able to obtain the content of the e-mails from RevenueWire (or elsewhere), we'd ask that you please provide them to us.

Separately, we were able to identify a line item charge in Plaintiff's past debit card statements for the amount he paid for the software at issue. That charge is listed as "Recurring Card Purchase" in the attached statement. To the extent we identify any additional charges in the available documents, we will let you know and update Plaintiff's discovery responses as appropriate.

Finally, we will not agree to any further extensions of the discovery schedule, especially in light of the Court's most recent rulings in that regard.

Best,
Courtney

On Mon, Sep 12, 2016 at 10:23 AM, James K. Borcia <JBorcia@tresslerllp.com> wrote:

Ben and Courtney

Let me know where we are on the materials you promised to get to me and the subpoena you promised to issue for your client's credit card receipts

Also our expert needs more time to complete his analysis

Please confirm you have no objection to extending the schedule 30 days



EXHIBIT A

1