**Edelson PC**

350 North LaSalle, Suite 1300, Chicago, Illinois 60654
t 312.589.6370 f 312.589.6378

www.edelson.com


April 3, 2014


<u>VIA ELECTRONIC MAIL</u>

Jacqueline A. Criswell
Kevin Kearney
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
*jcriswell@tresslerllp.com*
*kkearney@tresslerllp.com*

  Re: *Beaton v. SpeedyPC Software*, **Case No. 13-cv-08389 (N.D. Ill.)**

Dear Kevin:

  I write to follow up our March 25th meet-and-confer regarding SpeedyPC Software's ("SpeedyPC") request for a physical inspection of Plaintiff Beaton's computer, and to respond to your March 26th letter (the "Letter") regarding the same.

  As you know, prior to the March 25th conference, we expressed concern—based on our several communications on these issues—that SpeedyPC was not interested in inspecting Beaton's computer for any substantive purpose, but rather to impose unnecessary pressures on him in the litigation. In particular, our concern arose from the fact that SpeedyPC has repeatedly demanded a physical inspection, but when we asked (on several occasions) why only a physical inspection would do or was even necessary, and what information you were seeking to discover through it, you were unwilling (or unable) to provide an explanation. You similarly refused to consider our proposals to reach a compromise on the issue—for example, by having a third-party expert (of SpeedyPC's choosing) take an image of Beaton's hard drive and SpeedyPC requesting the production of relevant information from the drive,[1] or even to

---

[1]  As we've discussed, our intention in making that proposal was not to prejudice SpeedyPC's ability to request additional discovery in some other form (e.g., by physical inspection) should that process prove unsuccessful in providing the information it seeks. Instead, it was aimed at increasing efficiencies and avoiding an unnecessary intrusion into Beaton's privacy if the information was obtainable in some other way. In fact, it was Jackie—through argument in open-court in support of SpeedyPC's second request to stay discovery (Dkts. 26, 27)—that made clear SpeedyPC's primary focus at this point is to reduce the time, money and other resources spent on what may be (in her words) otherwise unnecessary discovery. Why that focus wouldn't apply equally in this context is unclear to us.

**Illinois / Colorado / California**

**Edelson PC** *Beaton v. SpeedyPC Software*
April 3, 2014
Page 2 of 3

start by having the Parties' respective technology experts/consultants speak to see if another approach was workable.[2]

It was those communications that prompted us to request (again) prior to our meet and confer that you provide an explanation of (i) the information you sought to discover from the physical inspection, (ii) why that information is relevant and discoverable, and (iii) why it can only be obtained through a physical inspection, so that we'd have some context for our discussion. Your response didn't provide a substantive explanation of SpeedyPC's position nor did it do anything to allay our concerns. Instead, you restated your belief that SpeedyPC is entitled to a physical inspection of the computer because Beaton (in your view) put it at issue through his complaint,[3] and that the inspection is necessary to see how the software functioned on the computer.[4]

During the meet and confer itself, you began by saying that you wanted to articulate SpeedyPC's position, which as you explained, had not changed. We asked again whether you could be more specific about the information SpeedyPC sought to discover through the inspection and explained that Plaintiff may be willing (and able) to provide it to you short of an inspection. After some back and forth, you stated that there were certain "physical properties" of the computer that you wished to examine. I asked whether it was your position that the software was designed to detect (or would be affected by) changes in the physical properties of a user's computer. You responded that that was not, in fact, your position. I then asked you to identify the specific physical properties of the computer you wished to examine. You responded that you believed the conversation had become "circular" at that point and that you didn't think any further discussion would be fruitful.

Notwithstanding, you ultimately relented and represented that SpeedyPC wished to examine the computer to determine three things: (i) the make and model of the hard drive, (ii) the disk speed of the hard drive, and (iii) whether any errors are present on the drive. As we suggested during the call, we were able to obtain that information for you without a physical inspection. First, the hard drive is a 250 GB Western Digital Scorpio Blue drive, model number WD2500BEVS, and runs at 5400 RBM. As for any file system errors present on the drive, such errors can be identified by reviewing an image of the drive itself, which our proposal would allow you to do.

---

[2] Indeed, you never explained why you believed the hard drive image proposal is unworkable in this case. And, you never responded to our offers to have the Parties' respective technology people speak in an attempt to reach a compromise.

[3] Notably, SpeedyPC's position in this regard is incredibly inconsistent with its recent objections to the production of SpeedyPC Pro's underlying source code and developer notes—which are clearly at issue in the complaint—as "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." (Resp. RTP No. 21.) That said, we'll respond to those objections under separate cover.

[4] It also bears noting that when I responded to that email and expressed our disappointment that SpeedyPC had again refused to engage in a meaningful dialogue about the issues and that it appeared the meet and confer would be more of the same, you attempted to mischaracterize it as a refusal to proceed with the call. As you know, that was not our position at all.

**Edelson PC**

**Illinois / Colorado / California**

**Edelson PC** *Beaton v. SpeedyPC Software*
April 3, 2014
Page 3 of 3

  In any event, in a final effort to reach a compromise during the call, we proposed that the Parties take a multi-step approach to discovery regarding Beaton's computer. The first step would be for Beaton to provide his hard drive to a third-party expert (of SpeedyPC's choosing) who would make a mirror image of the drive. SpeedyPC would then request whatever information it believed was relevant and discoverable from the drive. Then, if SpeedyPC was unable to obtain all of the information it sought, the Parties would confer again in an effort to determine whether another approach (e.g., a physical inspection) was necessary. And, if need be, they would present the issue to the Court for a determination. You agreed that proceeding with the mirror image would be a good "first step" and further agreed to provide your thoughts on an appropriate expert. Nevertheless, you ended the call by returning to your demand for a physical inspection of the computer within the next two to three weeks. As you might expect, that confirmed for us that SpeedyPC never had any real intention of engaging in a meaningful discussion about the issues or reaching a compromise.

  Given all of that, Plaintiff is not willing to proceed with a physical inspection of the computer absent a Court order. We'd ask that SpeedyPC reconsider its position in this regard and we reiterate Plaintiff's willingness to proceed with a multi-step approach to discovery into the computer. If you have any additional thoughts, please let us know.

        Very truly yours,

        EDELSON PC

        Benjamin H. Richman

BHR/ccb

**Illinois / Colorado / California**