JKB/cmj/683378                                                                                    2246-756-51

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BEATON, individual and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-cv-08389 |
| SPEEDYPC SOFTWARE, a British Columbia company, | ) ) ) | Judge Andrea R. Wood |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 1

ARGUMENT ................................................................................................................. 6

    A.    The Proposed Class Is Improper .................................................................. 7

    B.    Beaton Has Failed To Establish Numerosity ............................................... 9

    C.    Beaton Has Failed To Establish Typicality ................................................. 9

    D.    Beaton Has Failed To Establish Commonality ......................................... 11

    E.    Beaton Has Failed To Establish Predominance ........................................ 11

        1.    Who did the class member purchase the Software from? ......................... 14

        2.    Was the Software purchased primarily for business or personal use? ...... 14

        3.    Did the Software work? ............................................................................ 14

        4.    Was the class member deceived into purchasing the Software? .............. 14

        5.    What was the value of the Software as promised to the class member? ... 14

        6.    What was the value of the Software as delivered to the class member? ... 15

        7.    Did the class member provide notice of its claim to Speedy? ................. 15

        8.    Is the class member's claim time barred? ................................................ 15

        9.    Did the class member request a refund? ................................................... 15

        10.    Was a refund issued to the class member? ............................................... 15

    F.    Beaton Has Failed To Establish Superiority ............................................. 17

    G.    Beaton Has Failed To Establish Adequacy ............................................... 18

        1.    Beaton Is Not An Adequate Class Representative .................................... 19

        2.    Edelson Is Not Adequate .......................................................................... 22

CONCLUSION ............................................................................................................ 23

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Express v. Italian Colors Rest.*,
   133 S.Ct. 2304 (2013) ........................................................................................... 6

*Am. Honda v. Allen,*
   600 F.3d 813 (7th Cir. 2010) .............................................................................. 5, 7

*Amchem Prods. v. Windsor,*
   521 U.S. 591 (1997) ............................................................................................ 12

*American Honda v. Allen*,
   600 F.3d 813 (7th Cir. 2010) ................................................................................ 5

*Amswiss Int'l v. Heublein*,
   69 F.R.D. 663 (N.D. Ga. 1975) ........................................................................... 19

*Anderson v. U.S. Dep't of Hous. & Urban Dev.*,
   554 F.3d 525 (5th Cir. 2008) ................................................................................ 8

*Andrews v. Chevy Chase Bank*,
   545 F.3d 570 (7th Cir. 2008) .............................................................................. 17

*Avery v. State Farm Mut. Ins. Co.*,
   216 Ill.2d 100, 835 N.E.2d 801 (2005) ......................................................... 12, 13

*Barnes v. Air Line Pilots Ass'n,*
   310 F.R.D. 551 (N.D. Ill. 2015) ...................................................................... 9, 14

*Bastion v. SpeedyPC Software*,
   Case No. 3:12-cv-04730 (N.D.Cal.) ..................................................................... 3

*Bee, Denning & Capital Alliance,*
   310 F.R.D. 614 (S.D. Cal. 2015) .......................................................................... 7

*Bell v. PNC Bank,*
   800 F.3d 360 (7th Cir. 2015) .............................................................................. 11

*Berger v. Compaq Computer*,
   257 F.3d 475 (5th Cir. 2001) ......................................................................... 18, 22

*Betts v. Reliable Collection Agency,*
   659 F.2d 1000 (9th Cir.1981) .......................................................................... 9, 21

*Broussard v. Meineke Disc. Muffler Shops,*
   155 F.3d 331, 343 (4th Cir. 1998) ...................................................................... 13

*Buckner v. Sam's Club,*
   75 F.3d 290 (7th Cir. 1996) ................................................................................ 20

*Campion v. Old Republic*,
   272 F.R.D. 517 (S.D. Cal. 2011) ........................................................................ 17

*Carnegie v. Household Int'l,*
   376 F.3d 656 (7th Cir. 2004) .............................................................................. 18

*Castano v. Am. Tobacco,*
  84 F.3d 734 (5ᵗʰ Cir. 1996) ...................................................................... 12

*CE Design v. King Architectural Metals,*
  637 F.3d 721 (7ᵗʰ Cir. 2009) ............................................................... 19, 21

*Clark v. Experian Info,*
  233 F.R.D. 508 (N.D. Ill. 2005) ................................................................ 12

*Cobb v. Monarch Fin.,*
  913 F.Supp. 1164 (N.D. Ill. 1995) ........................................................... 14

*Cohen v. Implant Innovations,*
  259 F.R.D. 617, 642-43 (S.D. Fla. 2008) ............................................ 14, 19

*Comcast Corp. v. Behrend,*
  133 S.Ct. 1426 (2013) ........................................................................ 6, 13

*ConAgra Foods,*
  90 F. Supp. 3d 919 (C.D. Cal. 2015) ....................................................... 14

*Creative Montessori v. Ashford Gear,*
  662 F.3d 913 (7th Cir.2011) .................................................................... 22

*Eastman v. First Data,*
  292 F.R.D. 181 (D. N.J. 2013) ................................................................ 13

*Erica P. John Fund v. Halliburton Co.,*
  131 S.Ct. 2179 (2011) ............................................................................ 12

*Evans v. IAC/Interactive Corp.,*
  244 F.R.D. 568 (C.D. Cal. 2007) .............................................................. 8

*Faktor v. Lifestyle Lift,*
  2010 WL 271346, (N.D.Ohio Jan. 15, 2010) ........................................... 11

*Feinstein v. Firestone Tire,*
  535 F.Supp. 595 (S.D.N.Y. 1982) ..................................................... 13, 14

*Forman v. Data Transfer,*
  164 F.R.D. 400 (E.D. Pa. 1995) .............................................................. 17

*Gen. Tel. Co. of Sw. v. Falcon,*
  457 U.S. 147 (1982) ................................................................................. 6

*GM Sign v. Brink's Mfg,*
  2011 WL 248511 (N.D. Ill. Jan. 25, 2011) ................................................ 7

*Gonzalez v. Corning,*
  317 F.R.D. 443 (W.D. Pa. 2016) ....................................................... 14, 15

*Graciano v. Robinson Ford Sales,*
  144 Cal.App.4th 140, 159-60, 50 Cal.Rptr.3d 273 (2006) ........................ 18

*Grandalski v. Quest Diagnostics,*
  767 F.3d 175 (3ʳᵈ Cir. 2014) .................................................................. 14

*Hall v. Nat. Recovery Sys.*,
　1996 WL 467512, *5 (M.D. Fla. 1996) ................................................................. 19

*Hamilton v. O'Connor Chevrolet*,
　2006 WL 1697171 (N.D.Ill. Jun. 12, 2006) ......................................................... 18

*Hawkins v. Securitas Sec. Servs. USA*,
　2011 WL 5598365 (N.D. Ill. Nov. 16, 2011) ....................................................... 19

*Hicks v. Client Srvs.*,
　2008 WL 5479111 (S.D.Fla. Dec. 11, 2008) ....................................................... 17

*Hope v. Nissan North America*,
　353 S.W.3d 68 (2011) ........................................................................................ 14

*Hutson v. Rexall Sundown*,
　837 So.2d 1090 (Fla. Ct. 4th Dist. App. 2003) .................................................... 10

*Hydrogen Peroxide Antitrust Litig.*,
　552 F.3d 305 (3d Cir. 2008) .............................................................................. 12

*In Re Diial*,
　312 F.R.D. 36 (D.N.H. 2015) ............................................................................. 14

*J.H. Cohn & Co. v. Am. Appraisal Assoc., Inc.*,
　628 F.2d 994, 998-99 (7th Cir. 1980) ................................................................ 21

*Jamison v. First Credit Services*,
　290 F.R.D. 92 (N.D. Ill. 2013) ........................................................................... 19

*Johnson v. Yahoo*,
　2016 WL 25711, (N.D.Ill. Jan. 4, 2016) ............................................................. 10

*Kaczmarek v. IBM*,
　186 F.R.D. 307 (S.D.N.Y. 1999) ........................................................................ 15

*Kaplan v. Pomerantz*,
　132 F.R.D. 504 (N.D. Ill. 1990) ......................................................................... 19

*Kartman v. State Farm*,
　634 F.3d 883 (7th Cir. 2011) ............................................................................. 12

*Kohen v. Pac. Inv. Mgmt.*,
　571 F.3d 672, 677 (7th Cir 2009) ....................................................................... 13

*Kottler v. Deutsche Bank*,
　2010 WL 1221809, (S.D.N.Y. Mar. 29, 2010) ..................................................... 12

*Langendorf v. Skinnygirl Cocktails*,
　306 F.R.D. 574 (N.D. Ill. 2014) .................................................................... 13, 14

*Lipton v. Chattem*,
　289 F.R.D. 456 (N.D. Ill. 2013) .................................................................... 13, 14

*Marcial v. Coronet Ins.*,
　880 F.2d 954 (7th Cir. 1989) ............................................................................... 9

iv

*McCaster v. Darden Restaurants*,
845 F.3d 794 (7th Cir. 2017) .................................................................. 11

*Montgomery v. The New Piper Aircraft*,
209 F.R.D. 221 (S.D. Fla. 2001) ............................................................ 17

*Muro v. Target.*,
580 F.3d 485 (7th Cir. 2009) ................................................................... 10

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir. 2010) .................................................................... 12

*Olson v. Brown*,
284 F.R.D. 398 (N.D. Ind. 2012) ........................................................... 19

*Oscar v. BMW*,
274 F.R.D. 498 (S.D.N.Y. 2011) ........................................................... 14

*Oshana v. Coca-Cola Co.*,
472 F.3d 506 (7th Cir. 2006) ..................................................... 6, 10, 13, 17

*O'Sullivan v. Countrywide Home Loans*,
319 F.3d 732 (5th Cir. 2003) ................................................................. 12

*Pagan v. Abbott Laboratories*,
287 F.R.D. 139 (E.D.N.Y. 2012) .......................................................... 17

*Parko v. Shell Oil*,
739 F.3d 1083 (7th Cir. 2014) ............................................................... 12

*Pedroza v. RevenueWire Inc., d/b/a Safecart and ParetoLogic*,
Case No. 2:12-cv-00183 (W.D.Wash.) ..................................................... 3

*Pipefitters Local v. Blue Cross Blue Shield*,
654 F.3d 618 (6th Cir. 2011) ................................................................. 17

*Quinn v. Nationwide Ins.*,
281 Fed.Appx. 771 (10th Cir. 2008) ...................................................... 13

*Ritti v. U-Haul*,
2006 WL 1117878 (E.D. Pa. Apr. 26, 2006) .......................................... 13

*Romberio v. UnumProvident*,
385 Fed.Appx. 423 (6th Cir. 2009) ........................................................ 10

*Schleicher v. Wendt*,
2009 WL 761157 (S.D.Ind. Mar. 20, 2009) ........................................... 19

*Siegel v. Shell Oil*,
612 F.3d 932 (7th Cir. 2010) ................................................................. 13

*Simington v. Lease Fin. Group*,
2012 WL 6681735 (S.D.N.Y. 2012) ......................................................... 8

*Spano v. Boeing Co.*,
633 F.3d 574 (7th Cir. 2011) ........................................................... 10, 18

*Sprague v. General Motors,*
    133 F.3d 388 (6th Cir. 1998) ........................................................................ 10, 11

*Steimel v. Wernert,*
    823 F.3d 902 (7th Cir. 2016) ............................................................................ 8

*Stutzman v. CRST,*
    997 F.2d 291 (7th Cir. 1993) .......................................................................... 19

*Suchanek v. Sturm Foods,*
    764 F.3d 750 (7th Cir. 2014) .......................................................................... 11

*Susman v. Lincoln American,*
    561 F.2d 86 (7th Cir. 1977) ............................................................................ 18

*Szabo v. Bridgeport Machines,*
    249 F.3d 672 (7th Cir. 2001) ............................................................................ 7

*Thorogood v. Sears, Roebuck,*
    547 F.3d 742 (7th Cir. 2008) ............................................................................ 7

*Waine-Golston v. Time Warner,*
    2012 WL 6591610 (S.D. Cal. 2012) .................................................................. 8

*Wal-Mart v. Dukes,*
    131 S.Ct. 2541 (2011) ...................................................................................... 6

*Young v. Nationwide Mut. Ins.,*
    693 F.3d 532 (6th Cir. 2012) .......................................................................... 17

## Statutes

28 U.S.C. § 1927 ...................................................................................................... 22

Fed.R.Civ.P. 23(a)(1) ................................................................................................ 9

Fed.R.Civ.P. 23(c)(5) ................................................................................................ 9

Rule ............................................................................................ 6, 8, 9, 12, 17, 19, 21, 22

Rule 11 .................................................................................................................. 22

Rule 12(b)(6) ............................................................................................................ 8

Rule 23 .................................................................................................................. 6, 9

## Other Authorities

35 ALR 4th 12 § 2[a] (1985) ...................................................................................... 18

Defendant, SpeedyPC Software ("Speedy"), by and through its attorneys, Tressler LLP, hereby submits its Response to Plaintiff Archie Beaton's ("Beaton") Motion for Class Certification.

## INTRODUCTION

Beaton's Complaint asserts claims arising from his company's purchase of Speedy software. Beaton now moves for class certification but he has failed to meet his burden to show that this case should be decided on a class-wide basis. Beaton offers no evidence to support his claim that Speedy's software did not function as advertised for all who purchased it that would be necessary to determine the viability of his claims on a class wide basis. As a result, Beaton's motion must be denied.

## FACTUAL BACKGROUND

Beaton's motion is premised on numerous purported facts. However, most of these so called facts are either false or misleading.[1]

Speedy is a company based in Victoria, Canada and is a registered entity brand that is owned by Paretologic and is in the business of developing innovative computer software to help PC users combat common problems. ParetoLogic and Speedy have been accredited businesses with the Better Business Bureau since July 20, 2005. ParetoLogic and Speedy have been Microsoft Certified Partners since November 2009 and achieved Gold Certified Partner status in September 2012. (Ex. B, Dodd Affidavit ¶¶ 2, 13).

There are a number of products under the ParetoLogic umbrella, including the software that Speedy sells called "SpeedyPC Pro" ("the Software"). Speedy began selling that software in October 2011. The Software is utility software that diagnoses and solves common problems that diminish a computer's performance. Speedy does not sell physical copies of the Software.

---

[1] Speedy has attached an Appendix that sets forth these misstatements. (Ex. A).

Instead, users download, install, and register the Software via the Internet. The Software is marketed and sold in countries throughout the world, including in the United States and Canada. (Ex. B, Dodd Affidavit ¶¶ 3-5; Ex, C, Patrick Couchman Affidavit ¶ 3).

Speedy sells the Software directly to consumers on its website and also makes the Software available to independent resellers via third-party platforms, including RevenueWire, Avangate, Commission Junction, and ClickBank. Speedy had separate merchant agreements with each of third party platforms that contained different terms, such as for holdbacks, discounts, refunds and payment terms. Merchants select products and add them to catalogues on third party platforms for the resellers to promote, including the Software. These third party platforms communicate directly with the resellers, and are paid a percentage of sales. The subject Software at issue in Beaton's claims was purchased through SafeCart, a d/b/a of the reseller RevenueWire. (Ex. B, Dodd Affidavit ¶¶ 6-7).

The terms and conditions for use of the Software are set forth in the End User License Agreement ("EULA") provided by Speedy that the customer must agree to in order to purchase and install the Software. Pertinent to the issues in this motion the EULA disclaims any express or implied warranties and provides that British Columbia law applies to the purchase agreement. (Ex. B, Dodd Affidavit ¶¶ 8-11).

There have been a number of independent third party reviews of the Software, including Tucows, Brothersoft, Soft32 and File Transit. All of these reviews were favorable. Tucows gave the Software a 5 Cow rating, which is the highest rating possible. Brothersoft gave the Software a rating of 4.9 out of 5. File Transit gave the Software a 5 star rating. (Ex. B, Dodd Affidavit ¶¶ 14-18).

Speedy also received numerous favorable testimonials from its customer support surveys. There have also been numerous third party testimonials of the Software from customers, which have included favorable, unfavorable and reviews in between. (Ex. B, Dodd Affidavit ¶¶ 19-20).

Speedy was always sold with an unconditional 30 day money back guarantee, which provided that the customer could obtain a full refund for any reason within 30 days of purchase. Speedy also granted refunds beyond the 30 day window up to 90 days post purchase if the customer was not satisfied. During the period October 28, 2011 to November 18, 2011 Speedy issued the following sales and refunds for sales in the United States:

| Start Date | End Date | Category | US Sales | US Refunds Within 30 Days | US Refunds Post 31 to 90 Days | US Charge backs Within 30 Days | US Charge backs Post 31 to 90 Days | US Refund Rate |
|---|---|---|---|---|---|---|---|---|
| 10/28/2011 | 11/18/2014 | Primary Sale | 747,774 | 39,240 | 3,784 | 3,363 | 1,845 | 5.70% |

(Ex. B, Dodd Affidavit ¶ 21).

This is now Edelson PC's ("Edelson") third class action lawsuit involving ParetoLogic and Speedy. The first lawsuit was filed on February 2, 2012 in the United States District Court for the Western District of Washington, *Pedroza v. RevenueWire Inc., d/b/a Safecart and ParetoLogic*, Case No. 2:12-cv-00183 (W.D.Wash.). In that suit Edelson alleged various claims against RevenueWire and ParetoLogic relating to the RegCure utility software. RevenueWire and ParetoLogic filed a motion to inspect plaintiff's computer, which Edelson resisted. Soon after the court entered an order allowing that inspection, the case was voluntarily dismissed by Edelson. The second case was filed on September 11, 2012 in the United States District Court for the Northern District of California, *Bastion v. SpeedyPC Software*, Case No. 3:12-cv-04730 (N.D.Cal.). In that suit Edelson alleged claims similar to those alleged in this case relating to the Software. The plaintiff in that case, Phyllis Bastion, received a refund prior to the lawsuit being

filed. On December 11, 2012 Edelson filed an amended complaint on behalf of a different plaintiff, Rose-Mai Robichaud. Edelson then voluntarily dismissed that case on May 2, 2013. (Ex. B, Dodd Affidavit ¶ 21).

Beaton was born in 1953 and resides in Algonquin, Illinois with his girlfriend. (Ex. D, Beaton Dep. at 5-6). Beaton is a convicted felon, having previously pled guilty to manslaughter after being charged with murder. (Ex. D, Beaton Dep. at 33-42). Beaton works for the Chlorine Free Products Association ("CFPA"), an Illinois corporation that he formed in 1994. (Ex. D, Beaton Dep. at 19). CFPA is in the business of standards for manufacturing processes. (Ex. D, Beaton Dep. at 20).

Beaton bought the Software for a Dell Model 1500 laptop ("the Laptop") that he used for both business and personal purposes. (Ex. D, Beaton Dep. at 51). The Laptop was purchased through Dell, and CFPA had a Dell account. (Ex. D, Beaton Dep. at 53). Beaton used the Laptop for the CFPA as well as his business as a sports official. (Ex. D, Beaton Dep. at 59).

Beaton began searching for utility software to fix the Laptop in August 2012. Beaton tried two to three utility software sites besides the one he went to for the Software. Each of them had him run a scan, which he did, and each told him the laptop had issues. (Ex. D, Beaton Dep. at 66).

Beaton purchased and downloaded the Software on the evening of August 24, 2012 because the Laptop was displaying error codes. (Ex. D, Beaton Dep. at 49, 64, 87). The CFPA purchased the Software with its credit card from SafeCart.[2] (Ex. E). Beaton contacted Speedy in February 2013 seeking a refund but was denied because it was more than 30 days after his purchase. (Ex. B, Dodd Affidavit ¶ 22; Ex. D, Beaton Dep. at 139-140, Ex. 8).

---

[2] SafeCart is a trade name for Revenue Wire. RevenueWire is a Canadian company independent of Speedy and Paretologic that sells software, including for Speedy and others. (Ex. B, Dodd Affidavit ¶ 7),

After Beaton filed this lawsuit both sides retained experts to provide testimony relating to class certification pursuant to the Court's scheduling order. Beaton relies on the opinions of his purported expert Craig Snead ("Snead"). Speedy is moving to bar Snead's testimony. The Court must rule on the admissibility of Snead's testimony prior to ruling on this motion. *See American Honda v. Allen*, 600 F.3d 813 (7th Cir. 2010).

Speedy's expert, Monty Meyers, evaluated Beaton's claims. Meyers ran the Software on a variety of machines, testing it with a range of issues and conditions. The Software identified and reported all ranges of problem levels from low to high, critical to good depending on the various levels of issues present on the machine and did not universally or always report that a user's computer was severely damaged regardless of the actual condition or type of computer. The Software's source code was also not programmed or coded to only reflect severe damage or low or critical performance and Plaintiff's allegation that the SpeedyPC Software always reports severe damage regardless of condition or type of computer is incorrect. (Ex. F, Meyers Report ¶¶ 165, 170-172).

In the course of performing his work Meyers observed source code with particular naming conventions and/or structure to suggest it addressed each of the following areas: ActiveX and registry information Malware, Unwanted processes, Clutter, Privacy related issues, PC startup, Memory optimization, Browser add-ons, Unknown extensions and Restore points. Meyers also performed systematic software functionality testing of the Software including both the free and licensed versions. Meyers found that the Software was capable of performing each of the 10 alleged functional tasks as validated by the respective test scenarios. (Ex. F, Meyers Report ¶¶ 180-191).

## **ARGUMENT**

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.  To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23."  *Comcast Corp. v. Behrend,* 133 S.Ct. 1426, 1432 (2013).  Beaton bears the burden of demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b), and if he fails to do so certification should be refused.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).  "Rule 23 does not set forth a mere pleading standard. A party seeking class certification … must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."  *Wal-Mart v. Dukes,* 131 S.Ct. 2541, 2551 (2011).  The Rule does not "establish an entitlement to class proceedings for the vindication of statutory rights" but "imposes stringent requirements for certification that in practice exclude most claims."  *Am. Express v. Italian Colors Rest.*, 133 S.Ct. 2304, 2309-10 (2013).

Further, the court must conduct a "rigorous analysis" of the Rule 23 prerequisites before deciding whether to certify a class, which requires evidentiary proof.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *Comcast*, 133 S.Ct. at 1432.  "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim."  *Wal-Mart*, 131 S.Ct. at 2551.  Thus, the court must look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the class certification issues.  *Comcast*, 133 S.Ct. at 1432.  Also, it may not assume the truth of the allegations in a plaintiff's complaint, and must instead "probe behind the pleadings" where necessary to determine whether the requirements for certification have been

met.  *Id.*; *Szabo v. Bridgeport Machines,* 249 F.3d 672, 677 (7th Cir. 2001) (reversing certification where trial court accepted plaintiff's allegations as true and refused to review the evidence proffered).  District courts must exercise "caution" and to make all factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied even if those considerations overlap the merits of the case before certifying a class.  *Am. Honda v. Allen,* 600 F.3d 813, 815 (7th Cir. 2010); *Thorogood v. Sears, Roebuck*, 547 F.3d 742, 746 (7th Cir. 2008).

## A.      The Proposed Class Is Improper

The Court is bound to the class definition in Beaton's Complaint and should not consider certification beyond it.  *Bee, Denning & Capital Alliance*, 310 F.R.D. 614, 621 (S.D. Cal. 2015); *GM Sign v. Brink's Mfg,* 2011 WL 248511, *4 (N.D. Ill. Jan. 25, 2011).  Beaton's motion should be denied because the class he now proposes is different than that proposed in his Complaint. Beaton's motion asks the Court to certify the following class:

> **Class:  All individuals living in the United States who downloaded a free trial of SpeedyPC Pro and thereafter purchased the full version between October 28, 2011 and November 21, 2014.**
>
> **Subclass: All Class members who reside in Illinois, California, Colorado, Florida, New York, Oregon, Alabama, Tennessee, New Jersey, North Carolina, New Hampshire, Hawaii, Vermont, Massachusetts, Michigan, and Washington, D.C.**

(ECF 124 ¶ 3).  This definition differs sharply from the class definition in Beaton's Complaint, where he proposes that the following class be certified:

> **All individuals and entities in the United States who have purchased SpeedyPC Pro.**

(Ex. G, Plaintiff's Complaint ¶ 50).

Beaton's new class definition also attempts to add claims that have not been pled, specifically implied warranty claims.  (ECF 125 at 1)  Not only have these claims not been pled,

the word "warranty" does not ever appear in his Complaint. (Ex. G).[3] Beaton's request to certify claims not alleged in his Complaint is improper as a court "may not certify a class based on claims not asserted in the complaint." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528-29 (5th Cir. 2008); *Waine-Golston v. Time Warner*, 2012 WL 6591610, *3 (S.D. Cal. 2012); *Simington v. Lease Fin. Group,* 2012 WL 6681735, *8 (S.D.N.Y. 2012) ("This Court cannot certify a class to litigate a claim not pled."); *Evans v. IAC/Interactive Corp.,* 244 F.R.D. 568, 571 (C.D. Cal. 2007) (refusing to consider unpleaded theories first advanced in class certification motion). The reason for this is simple: Speedy had the right to test Beaton's legal theory through a motion to dismiss before addressing class certification. By asking the Court to certify a class to pursue unpleaded claims, Beaton seeks to execute an end run around his obligation to first plead a plausible claim and to deprive Speedy of its right to move against those unpleaded claims under Rule 12(b)(6).

In order to be certified the proposed class also cannot be vague. *Steimel v. Wernert,* 823 F.3d 902, 918 (7th Cir. 2016). Here the proposed class is vague. First, the phrase "living in the United States" does not specify the relevant time period, *i.e.* living in the United States now or when the product was purchased. For example, what if an individual living in Ireland purchased the software in 2013 and since that time has moved to Wisconsin? It is not clear from Beaton's proposed class definition if that person would be in the class. Second, it is not clear from the proposed class whether Beaton includes entities that purchased the Software. In his Complaint he included "[a]ll individuals and entities" while in his motion he refers to "[a]ll individuals"

---

[3] Although Beaton did plead a breach of contract claim, such a claim is distinct from claims for breach of warranty. *See, e.g., Structural Metals v. S&C Elec*., 2012 WL 930816, *3 (W.D.Tex. Mar. 19, 2012); *Simmons v. Washing Equip.*, 51 A.2d 1390, 1391, 857 N.Y.S.2d 412 (2008).

Finally, the proposed class definition motion is at odds with Beaton's testimony about the proposed class. At his deposition Beaton testified that he seeks to represent purchasers outside the United States. (Ex. D, Beaton Dep. at 211).

**B.     Beaton Has Failed To Establish Numerosity**

A class action may only proceed when the proposed class is so numerous as to render joinder impractical. Fed.R.Civ.P. 23(a)(1). When a subclass is proposed, numerosity must exist as to each subclass. *See* Fed.R.Civ.P. 23(c)(5); *Betts v. Reliable Collection Agency*, 659 F.2d 1000, 1005 (9th Cir.1981) ("When a class is divided into subclasses, each subclass must independently meet Rule 23 certification requirements."). As few as 40 members can render joinder impractical. *Barnes v. Air Line Pilots Ass'n,* 310 F.R.D. 551, 557 (N.D. Ill. 2015). Although plaintiffs do not have to specify the exact size of their class, they "cannot rely on conclusory allegations that joinder is impracticable or on speculation as to the size of the class." *Marcial v. Coronet Ins.*, 880 F.2d 954, 957 (7th Cir. 1989).

Beaton has satisfied his obligation to show that the proposed Class meets this test. However, he has failed to do so with respect to the Subclass. Beaton's argument that numerosity exists with respect to the Subclass is based on an "assumption" extrapolated from the U.S. population, which fails to satisfy his burden. Beaton cites *Barnes* for the proposition that numerosity may be based on assumptions. However, he leaves out that *Barnes* also states that plaintiff has the burden to submit enough evidence to allow for the assumptions, which here Beaton has failed to do. *Barnes,* 310 F.R.D. at 557.

**C.     Beaton Has Failed To Establish Typicality**

Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." A plaintiff's claims are typical of the proposed class when there is "enough congruence between the named representative's claim and that of the unnamed

members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). 'The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. General Motors,* 133 F.3d 388, 399 (6th Cir. 1998). "Where a class definition encompasses many individuals who have no claim at all to the relief requested, or where there are defenses unique to the individual claims of the class members . . . the typicality premise is lacking, for – under those circumstances – it cannot be said that a class member who proves his own claim would necessarily prove the claims of other class members." *Romberio v. UnumProvident*, 385 Fed.Appx. 423, 431 (6th Cir. 2009); *Muro v. Target.*, 580 F.3d 485, 492 (7th Cir. 2009) (affirming denial of class certification due to factual claims between plaintiff's claims and the claims of her putative class members); *Oshana,* 472 F.3d at 514 (named plaintiff not typical where class includes members without claims); *Hutson v. Rexall Sundown,* 837 So.2d 1090, 1093 (Fla. Ct. 4th Dist. App. 2003) (no typicality where class plaintiffs sought to represent included both persons who may have a claim and persons who have no claim or suffered no damage as a result of the allegedly deceptive practices). Even arguable defenses that may apply to Beaton that may not apply to the other class member defeats typicality. *Johnson v. Yahoo,* 2016 WL 25711, *3 (N.D.Ill. Jan. 4, 2016).

Beaton has failed to show that his claims are typical of those of the other class members. In fact, Beaton conceded the differences between his claims and those of the class members. Beaton alleges that the Software did not work for him and, therefore, he suffered an injury because he paid for a product that does not work. Beaton conceded that his experience with the Software was different than those customers who were satisfied with the Software. (Ex. D, Beaton Dep. at 116). His claims are thus not typical with these class members.

10

**D.**    <u>**Beaton Has Failed To Establish Commonality**</u>

To satisfy the commonality requirement, the class members' claims must depend upon a common contention that it is capable of class-wide resolution. *WalMart*, 131 S.Ct. at 2551. A common question is one that is "capable of class-wide resolution" such "that determining the truth or falsity of the common contention will resolve an issue that is central to the validity of each claim." *Bell v. PNC Bank,* 800 F.3d 360, 374 (7th Cir. 2015). When "the defendant's allegedly injurious conduct differs from plaintiff to plaintiff . . . no common answers are likely to be found." *Suchanek v. Sturm Foods,* 764 F.3d 750, 756 (7th Cir. 2014).

Beaton argues that Speedy at all times acted consistently towards the Class and Subclass, and this common conduct gives rise to the same kind of claims for both. Beaton further argues that "[e]ach class member was exposed to materially identical representations made about SpeedyPC Pro's functionality and capability." (ECF 125 at 10). However, Beaton fails to provide any support for these conclusions. Beaton fails to identify any unlawful conduct that Speedy did that spans the entire class and caused all class members to suffer the same injury. *McCaster v. Darden Restaurants*, 845 F.3d 794, 801 (7th Cir. 2017). As a result, commonality is lacking. *Id.; see also Sprague,* 133 F.3d at 398 (commonality lacking "[b]ecause each plaintiff's claim depended upon facts and circumstances peculiar to that plaintiff"); *Faktor v. Lifestyle Lift,* 2010 WL 271346, *17 (N.D.Ohio Jan. 15, 2010) (lack of commonality because class members' reliance on advertisements would need to be determined on individual basis).

**E.**    <u>**Beaton Has Failed To Establish Predominance**</u>

The predominance inquiry requires a court to consider "how a trial on the merits would be conducted if a class were certified." *Bell Atl. v. AT&T,* 339 F.3d 294, 302 (5th Cir.2003). "Considering whether 'questions of law or fact common to class members predominate' begins. . . with the elements of the underlying cause of action." *Erica P. John Fund v. Halliburton Co.*,

131 S.Ct. 2179, 2184 (2011). When considering predominance courts must also consider potential defenses, including affirmative defenses. *Myers v. Hertz Corp.*, 624 F.3d 537, 551 (2d Cir. 2010); *Clark v. Experian Info*, 233 F.R.D. 508, 512 (N.D. Ill. 2005). Determining whether legal issues common to the class predominate over individual issues requires that the court inquire how the case will be tried. *Castano v. Am. Tobacco*, 84 F.3d 734, 744 (5th Cir. 1996). The predominance requirement of Rule 23(b)(3), though redolent of the commonality requirement of Rule 23(a), is "far more demanding" because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor,* 521 U.S. 591, 623-24 (1997). Predominance is not met where the case degenerates into a series of individual trials. *O'Sullivan v. Countrywide Home Loans,* 319 F.3d 732, 738 (5th Cir. 2003); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2008). This entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class. Although this inquiry does not resolve the case on its merits, it requires that the court look beyond the pleadings to "understand the claims, defenses, relevant facts, and applicable substantive law." *Id.* Predominance is not satisfied where liability determinations are individual and fact-intensive. *Kartman v. State Farm*, 634 F.3d 883, 891 (7th Cir. 2011). To establish that common questions predominate, Beaton must show that the successful adjudication of his individual claims will establish a right of recovery in the other class members. *Avery v. State Farm Mut. Ins. Co.,* 216 Ill.2d 100, 835 N.E.2d 801 (2005). Also, since Beaton alleges fraud he has a higher burden to establish predominance. *Kottler v. Deutsche Bank*, 2010 WL 1221809, *3 (S.D.N.Y. Mar. 29, 2010) ("[w]hat is clear, however, is that there are higher standards for class certification in fraud actions"). Also, mere assertions by class counsel is not enough to establish predominance. *Parko v. Shell Oil*, 739 F.3d 1083, 1085 (7th Cir. 2014).

Beaton argues that *almost* every issue can be resolved in "one stroke", but fails to discuss what issues cannot be so resolved. (ECF 125 at 20). The class definition Beaton proposes includes all purchasers of the Software without proof that the Software did not work for all class members. At this stage Beaton must demonstrate that he can disprove the Software's efficacy for every class member at one time. This he has not and cannot do. Beaton argues that "[w]hether SpeedyPC Pro credibly scans computers for and then "fixes" problems is at the heart of the lawsuit." (ECF 125 at 7). The credibility or efficacy of the Software is in the eyes of the beholder, or in this case each individual class member. Speedy has submitted substantial evidence that the Software in fact works. (Exs. B, C and F). If the Software works to varying degrees – or at all – depending on each class members' unique computer, then the question of the Software's efficacy involves myriad individual inquiries. *Comcast,* 133 S.Ct. at 1432; *Kohen v. Pac. Inv. Mgmt.*, 571 F.3d 672, 677 (7th Cir 2009).

Courts have routinely rejected certification in cases involving the claims alleged in Beaton's complaint, specifically (1) consumer fraud (*Siegel v. Shell Oil*, 612 F.3d 932, 935-36 (7th Cir. 2010) (holding individualized inquiries regarding "why a particular plaintiff purchased a particular brand of [the product] were necessary to establish harm to each class member under the ICFA and, thus, common issues could not predominate"); *Oshana*, 472 F.3d at 513; *Langendorf v. Skinnygirl Cocktails*, 306 F.R.D. 574, 584 (N.D. Ill. 2014); *Lipton v. Chattem*, 289 F.R.D. 456, 462 (N.D. Ill. 2013); *Feinstein v. Firestone Tire*, 535 F.Supp. 595, 603 (S.D.N.Y. 1982)); (2) fraudulent inducement (*Eastman v. First Data*, 292 F.R.D. 181 (D. N.J. 2013)); (3) breach of contract (*Quinn v. Nationwide Ins.*, 281 Fed.Appx. 771 (10th Cir. 2008); *Ritti v. U-Haul*, 2006 WL 1117878 (E.D. Pa. Apr. 26, 2006); *Broussard v. Meineke Disc. Muffler Shops,* 155 F.3d 331, 343 (4th Cir. 1998); *Avery*, 216 Ill.2d at 126); and (4) unjust enrichment

13

(*Grandalski v. Quest Diagnostics*, 767 F.3d 175, 184 (3rd Cir. 2014); *Barnes v. Am. Tobacco,* 161 F.3d 127, 149 (3rd Cir. 1998); *Gonzalez v. Corning,* 317 F.R.D. 443, 517 (W.D. Pa. 2016); *In re Dial*, 312 F.R.D. 36, 62 (D.N.H. 2015); *Langendorf,* 306 F.R.D. at 584; *Lipton,* 289 F.R.D. at 462. The same holds true for Beaton's unpled implied warranty claims. *See, e.g., Feinstein v. Firestone Tire & Rubber*, 535 F.Supp. 595 (S.D.N.Y. 1982); *Oscar v. BMW*, 274 F.R.D. 498, 512 (S.D.N.Y. 2011); *Cohen v. Implant Innovations*, 259 F.R.D. 617, 642-43 (S.D. Fla. 2008); *Hope v. Nissan North America*, 353 S.W.3d 68, 90 (2011).

Beaton cites *Cobb v. Monarch Fin.,* 913 F.Supp. 1164 (N.D. Ill. 1995) for the proposition that his never pled implied warranty claims are amicable to class wide adjudication. However, *Cobb* is a lender liability case that has nothing to do with warranty claims and provides no such support. Beaton also argues that in cases like this Illinois courts have concluded that causation is susceptible to class wide proof. In support, Beaton cites *In re ConAgra Foods,* 90 F. Supp. 3d 919 (C.D. Cal. 2015), which is factually distinguishable from this case as it involved a claim that defendant marketed its cooking oils as "100% Natural" when it was actually made from genetically-modified organisms.

Beaton has failed to meet his burden of showing that common issues will predominate in this case. Necessary individualized inquiries of each putative class member, including those set forth below, eliminate any efficiency that a class action might promise and provide another compelling reason that class certification should be denied:

1. Who did the class member purchase the Software from?

2. Was the Software purchased primarily for business or personal use?

3. Did the Software work?

4. Was the class member deceived into purchasing the Software?

5. What was the value of the Software as promised to the class member?

6.      What was the value of the Software as delivered to the class member?

7.      Did the class member provide notice of its claim to Speedy?

8.      Is the class member's claim time barred?

9.       Did the class member request a refund?

10.     Was a refund issued to the class member?

These individual issues are material and predominate over any common issues.

As for the first issue, this issue is material because if the class member purchased the Software from anyone other than Speedy (such as Beaton) he has no claim against Speedy under the Sale of Goods Act.[4]   A party cannot advance a claim for breach of any of the implied warranties provided for in the Sale of Goods Act against a party with whom it has no privity of contract.  *See Lyons v Consumer Glass Co, Ltd.,* 1981 CanLII 653 (BCSC).  Also, since different resellers used different marketing methods to promote the Software, determining who sold the Software is material to whether the class member was in fact delivered.  *Gonzalez v. Proctor & Gamble*, 247 F.R.D. 616 (S.D. Cal. 2007) (denying certification due to individualized issues arising from defendant employing a wide variety of representations in marketing its product).

Beaton concedes the materiality of the second issue as if the Software was purchased for primarily for business use Speedy's disclaimer of implied warranties is effective and the class member has no such claim.  Beaton submits evidence as to why his purchase should be considered personal rather than business use.  However, Beaton cannot do so for any other class member.  As a result, individual trials will be necessary on this issue.

The third issue is material because if the Software actually worked the class member has no claim.  *Kaczmarek v. IBM*, 186 F.R.D. 307, 308 (S.D.N.Y. 1999) (certification denied for

---

[4] After previously arguing that Illinois law was controlling on all of his claims (ECF 67 at 20), Beaton now concedes that British Columbia law applies to his contract claim.  (ECF 125 at 16).

proposed class of customers who purchased computers equipped with defective digital signal processors due to class members' differences in the treatment of his or her computer). Beaton argues that the Software made his computer worse. In support, he only cites his own testimony, which is subject to credibility attack. More importantly for purposes of this motion, Beaton's testimony does not and cannot speak to what effect the Software had on other class members' computers.

As for the fourth and fifth issues, Beaton concedes their materiality arguing that he "seeks to recover the difference between the value of the Software as advertised, and the value of the Software actually delivered". (ECF 125 at 8). Beaton argues that "the value of SpeedyPC Pro will be identical for everyone". (ECF 125 at 20). Once again, Beaton fails to provide any support for this conclusion. The value for both of these factors presents individual, and not common, questions that would require a trial for each class member.

As for the sixth issue, this is material because in some of the relevant jurisdictions the class members' claims may be time barred. This will depend on when and where the Software was purchased.

With respect to the seventh issue, pre-suit notice is required to pursue breach of warranty claims. Here Beaton provided no such notice to Speedy. (Ex. B, Dodd Affidavit ¶ 22). Beaton also cannot establish notice for any other class member.

The eighth issue is material because if the class member requested a refund it is relevant to the issue of notice and performance of the Software. Beaton requested a refund from Speedy on February 17, 2013. Speedy rejected that request because it was more than 90 days after the Software was purchased. (Ex. B, Dodd Affidavit ¶ 22).

Finally, the ninth issue is material because if a refund was issued the class member would not be entitled to damages. Beaton's proposed class includes those who received refunds from Speedy. Even if damages were somehow still possible in this scenario it would certainly affect the amount of damages awarded. As a result, Beaton has failed to establish predominance. *See, e.g., Oshana,* 472 F.3d at 514; *Montgomery v. The New Piper Aircraft,* 209 F.R.D. 221, 229-30 (S.D. Fla. 2001) (denying certification under FDUTPA because to prove liability, it must be shown that "the advertising and marketing material caused each putative class member damage. Such inquiries would result in a series of mini-trials for each putative class member on the issues of causation, which strongly militates against a finding of predominance."); *Campion v. Old Republic*, 272 F.R.D. 517, 536-38 (S.D. Cal. 2011) (denying certification of UCL claim because individual issues of causation and reliance overwhelm any common issues); *Pagan v. Abbott Laboratories*, 287 F.R.D. 139, 149 (E.D.N.Y. 2012) (denying certification of class under New Hampshire CPA because plaintiffs could not show "most of the members of the New Hampshire class were . . . harmed by [defendant's] alleged deceptive acts"); *Forman v. Data Transfer*, 164 F.R.D. 400, 403 (E.D. Pa. 1995).

**F.**    **Beaton Has Failed To Establish Superiority**

Rule 23(b)(3) also requires that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. This requires the court to consider the difficulties of managing a class action. *Pipefitters Local v. Blue Cross Blue Shield*, 654 F.3d 618, 630 (6th Cir. 2011). Class treatment is not a superior means of resolving a dispute where, as discussed above, individual inquires are needed on a material issue. *Id.; Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008); *Young v. Nationwide Mut. Ins.,* 693 F.3d 532, 545 (6th Cir. 2012); *Hicks v. Client Srvs.*, 2008 WL 5479111 (S.D.Fla. Dec. 11, 2008).

Beaton cites *Carnegie v. Household Int'l,* 376 F.3d 656 (7th Cir. 2004) for the proposition that a class is superior. However, in that case the defendant had proposed a class be certified, which never happened in this case.

An individual action is superior here. The consumer fraud statutes for the states in Beaton's proposed subclass provide for fee-shifting, which incentivizes individual actions in these types of cases. *See, e.g.,* 815 ILCS 505/10a(c); *Hamilton v. O'Connor Chevrolet*, 2006 WL 1697171, *11 (N.D.Ill. Jun. 12, 2006) ("the ability to recover attorneys fees and costs provides substantial incentives to bring meritorious individual suits."); *Graciano v. Robinson Ford Sales*, 144 Cal.App.4th 140, 159-60, 50 Cal.Rptr.3d 273 (2006); 35 ALR 4th 12 § 2[a] (1985). In his Complaint Beaton seeks attorneys' fees in this case. (Ex. G). Also, contrary to Beaton's assertion, the consumer protection statutes in these various states that Beaton seeks to invoke are not uniform and have myriad different aspects that would make litigating such a class a logistical nightmare. (*See* Ex. L, legal treatise excerpts relating to such laws in the subject states).

## G. Beaton Has Failed To Establish Adequacy

Finally, to fulfill the adequacy requirement, Beaton must show: (1) his claims are not antagonistic to or in conflict with those of the proposed class; (2) he has sufficient interest in the outcome of the case; and (3) adequate counsel represents him. *Berger v. Compaq Computer*, 257 F.3d 475, 479 (5th Cir. 2001). The inquiry into adequacy of representation, in particular, requires the court's close scrutiny because the purpose of the rule is to ensure due process for absent class members, who generally are bound by a judgment rendered in a class action. *Susman v. Lincoln American*, 561 F.2d 86, 89-90 (7th Cir. 1977). There is a constitutional dimension to this as absentee class members will not be bound by the final result if they were represented by someone who was inadequate. *Spano,* 633 F.3d at 587.

### 1. **Beaton Is Not An Adequate Class Representative**

A class representative's personal characteristics, such as credibility and integrity, have a direct bearing on his or her ability to adequately represent absent class members. *Cohen v. Beneficial Indus.*, 337 U.S. 549 (1949). A proposed class representative who has serious credibility problems or who is likely to devote too much assertion to rebutting an individual defenses is not adequate. *CE Design v. King Architectural Metals*, 637 F.3d 721 (7th Cir. 2009); *Kaplan v. Pomerantz*, 132 F.R.D. 504, 510 (N.D. Ill. 1990) (false testimony during deposition warranted decertification of the class).

Beaton was convicted of felony manslaughter. (Ex. D, Beaton Dep. at 33-42). Beaton's criminal conviction is relevant and admissible and makes him unfit to serve as class representative. *See, e.g., Jamison v. First Credit Services*, 290 F.R.D. 92 (N.D. Ill. 2013); *Schleicher v. Wendt*, 2009 WL 761157, *3 (S.D.Ind. Mar. 20, 2009); *Hall v. Nat. Recovery Sys.*, 1996 WL 467512, *5 (M.D. Fla. 1996); *Amswiss Int'l v. Heublein*, 69 F.R.D. 663, 670 (N.D. Ga. 1975).

Contrary to Beaton's assertion, his criminal conviction is not automatically inadmissible. Rule 609(b) merely provides that after 10 years the Court must weigh its probative value against its prejudicial effect. *See Stutzman v. CRST*, 997 F.2d 291 (7th Cir. 1993).

Beaton cites *Hawkins v. Securitas Sec. Servs. USA*, 2011 WL 5598365 (N.D. Ill. Nov. 16, 2011). *Hawkins*, whose facts have no bearing on the facts here, where Beaton has failed to show that his connections and bad acts will not be admissible. Beaton cites class actions filed by prison inmates such as *Olson v. Brown*, 284 F.R.D. 398 (N.D. Ind. 2012), which also have no bearing on Beaton's fitness to act as a class representative in this case.

While Beaton self-servingly asserts that he is credible (ECF 125 at 130, the evidence is to the contrary. The following are just some examples of the lies that Beaton has told in this case:

1.      Beaton alleged in his Complaint that he paid $39.94 for the Software.  (Ex. G, ¶ 38).  He answered interrogatories under oath asserting that he paid $39.94.  (Ex. H, No. 6).  Beaton produced documents that showed the Software was purchased by the CFPA through its credit card and the CFPA paid $9.97 for the Software.  (Ex. D, Beaton Dep. at 76-77; Ex. E).

2.      Beaton now argues that he used his computer primarily for personal, not business, purposes.  In his Declaration Beaton asserts that he used the laptop "primarily for personal use".  (ECF 125-15, p.2 ¶ 3).  However, at his deposition he testified that the laptop was used for both business and personal and never stated that it was primarily for personal use.  (Beaton Dep. at 51).  Beaton's attempt to now contradict his deposition testimony is improper and should not be considered.  *Buckner v. Sam's Club*, 75 F.3d 290, 292-93 (7th Cir. 1996).  This changed story is also belied by the fact that the Software (and the Laptop on which it was loaded) was purchased by the business and used extensively for business purposes.

3.      Beaton lied about the reason for his manslaughter plea, preposterously testifying as to the circumstances of his crime.  Beaton testified he was charged with murder, pled guilty to manslaughter and served more than two years in jail because someone (whose name he could not recall) took a gun from his home and used it to kill Randy L. Hopson, a man who was shot and killed while sitting in his truck with his fiancé after being approached by a group of men who asked him for directions.  (Beaton Dep. at 33-42).

4.      Beaton testified under oath that verified his interrogatory answers in Chicago, Illinois, when the answers were actually verified in Algonquin, Illinois.  (Ex. D, Beaton Dep. at 55; Ex. H).

5.      Beaton testified that no one performed any maintenance on the subject laptop except for him.  (Ex. D, Beaton Dep. at 59).  However, in response to Speedy's motion for

sanctions he now claims that he had an IT Professional perform maintenance on his computer. (Ex. I).

6.     At his deposition Beaton was asked about his criminal background, and only responded that he was convicted of manslaughter and had some traffic violations.   (Ex. D, Beaton Dep. at 27-30).   Beaton never mentioned his conviction for unlawful use of marijuana reflected in the letter attached to his Affidavit in support of this motion.   (ECF 125-15, p.5).

Given all of these issues there is no question here that Beaton's credibility would be attacked and would become a focus of the jury, to the detriment of the class members' claims. There is a strong likelihood that the jury will focus on Beaton's credibility and not the putative class' claims.

Further, a class representative who does not possess a valid claim cannot meet the adequacy of representation requirement.   *J.H. Cohn & Co. v. Am. Appraisal Assoc., Inc.,* 628 F.2d 994, 998-99 (7th Cir. 1980).   In order to defeat certification, the defense need only arguably be present.   *CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 726 (7th Cir. 2011).   Here Beaton has no claim against Speedy because he never purchased the Software. Instead, the Software was purchased by CFPA.   (Ex. E).

Beaton is also not an adequate representative of the Subclass members.   Beaton proposes a Subclass of class members who reside in fifteen states, including Illinois, along with Washington DC.   While a class may be divided into subclasses, each subclass must independently meet the requirements of Rule 23.   *Betts v. Reliable Collection Agency*, 659 F.2d 1000, 1005 (9th Cir. 1981).   Beaton is an Illinois resident, and cannot adequately represent the Subclass members who live in states outside of Illinois because he has no connection with those states.

Further, Beaton does not seek to represent the entire class proposed in his motion. Beaton does not seek to represent those class members who were satisfied with the Software. (Ex. D, Beaton Dep. at 104).

Beaton is not even knowledgeable about his own claims. For example, he does not know what version of the Software CFPA purchased. (Ex. D, Beaton Dep. at 133).

Finally, Beaton's spoliation of evidence also makes him inadequate. Those circumstances are set forth in Speedy's pending motion for sanctions. Also, Beaton deleted emails relating to the purchase of the Software. (Ex. D, Beaton Dep. at 152).

### 2.    <u>Edelson Is Not Adequate</u>

Edelson, the proposed class counsel in this case, is "not entitled to any presumption of adequacy". *Berger,* 257 F.3d at 481. Class counsel have duties akin to those of a fiduciary to the absent class members, such that court must scrutinize its character as part of its "rigorous analysis". *Creative Montessori v. Ashford Gear*, 662 F.3d 913, 916 (7th Cir.2011). This fiduciary obligation is of particular significance here given that the class members are consumers. *Id.*

Edelson has been accused of violating Rule 11 and 28 U.S.C. § 1927 for filing frivolous pleadings without proper investigation and pursuing claims that were knowingly false. (Ex. J). Edelson points to its experience in cases similar to this case, but in none of those cases was it ever been found to be adequate in any contested motion.

Also, Edelson has demonstrated its incompetence in these cases. For example, in *Avanquest* Edelson filed suit relating to software that its client never purchased. (Ex. K). In *Bastion* Edelson filed a claim despite the fact that its client had already received a refund from Speedy. (Ex. B, Dodd Affidavit ¶ 21). With respect to this lawsuit, Edelson has also filed

dubious claims and failed to secure the subject laptop to prevent Beaton's spoliation of evidence as set forth in Speedy's Motion for Sanctions.

## **CONCLUSION**

For the reasons set forth above Beaton has failed to meet his burden of showing that this case can or should be litigated on a class-wide basis. This case can only realistically be resolved on an individual basis given the numerous individual issues involved. Also, neither Beaton nor Edelson are adequate representatives of the proposed class.

WHEREFORE, Defendant, SpeedyPC Software respectfully requests this Honorable Court deny Plaintiff's Motion for Class Certification.

SPEEDYPC SOFTWARE


By:   /s/James K. Borcia
                One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000