JKB/cmj/687325                                          2246-756-51

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARCHIE BEATON, individual and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:13-cv-08389 |
| SPEEDYPC SOFTWARE, a British Columbia company, | ) ) ) ) | Judge Andrea R. Wood |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO**
**REIMBURSE DEFENDANT'S EXPERT'S DEPOSITION EXPENSES**

Defendant, SpeedyPC Software ("Speedy"), by and through its attorneys, Tressler LLP hereby moves this Court to compel Plaintiff and his counsel to reimburse Defendant for the deposition expenses of its expert, and in support thereof states as follows:

1. On October 19, 2016 Speedy disclosed its expert witness Monty Myers' expert witness report ("Report").

2. Plaintiff insisted upon taking Myers deposition and did so on December 21, 2016.

3. Under the federal rules Plaintiff and his counsel, who requested Myers' deposition, are responsible for paying Myers' expenses incurred related to the deposition. *See* Federal Rule of Civil Procedure 26(b)(4). Under the 26 U.S.C. Appendix Rule 76 Plaintiff is required to pay for the following related to Myers' deposition:

> **(2)** Allocation of Costs, Etc.: The party taking the deposition shall pay the following costs, expenses, fees, and charges:
>
> > **(A)** a reasonable fee for the expert witness, with regard to the usual and customary charge of the witness, for the time spent in preparing for and attending the deposition;

 **(B)** reasonable charges of the expert witness for models, samples, or other like matters that may be required in the deposition of the witness;

 **(C)** such amounts as are allowable under Rule 148(a) for transportation and subsistence for the expert witness;

 **(D)** any charges of the officer presiding at or recording the deposition (other than for copies of the deposition transcript);

 **(E)** any expenses involved in providing a place for the deposition; and

 **(F)** the cost for the original of the deposition transcript as well as for any copies thereof that the party taking the deposition might order.

4. The reimbursement requirement applies whether the expert appears pursuant to a subpoena or notice and it is immaterial that the deposing party ultimately wins the case and is entitled to recover its costs – it still must pay for deposing opposing experts. *Fisher Price v. Saftey 1st*, 217 F.R.D. 329, 332 (D. De. 2003). This Rule "squarely directs that all testifying experts who are deposed be paid a reasonable fee." *Guarantee Trust Life Ins. Co. v. American Medical and Life Ins.,* 291 F.R.D. 234 (N.D. Ill. 2013); *Hoover v. U.S.,* 2002 WL 1949734, *6 (N.D.Ill. Aug. 22, 2002). Also, a party's attorney may be ordered to pay if the party fails to pay. *Jenkins v. GM*, 164 F.R.D. 318, 320 (N.D.N.Y. 1996).

5. After Myers' deposition Defendant requested reimbursement of Myers' deposition expenses. (See Exhibit 1). Plaintiff refused to do so. As a result, Speedy was forced to pay its expert Myers and then seek reimbursement from Plaintiff.

6. The parties had a meet and confer on this issue on April 5, 2017. Plaintiff takes no issue with the reasonableness of the amount requested. Instead, Plaintiff and his counsel's position is that they should not have to reimburse Myers for these expenses at this point in time because they have filed a motion to bar Myers from testifying in this case. This position is meritless as Plaintiff is not absolved of his obligation to pay for Myers' deposition expenses because he has filed a motion to bar him.

WHEREFORE, Defendant, SpeedyPC Software respectfully requests this Honorable Court Compel Plaintiff to Reimburse Defendant's Expert's Deposition Expenses in the amount of $14,750 as well as its attorneys' fees incurred in being forced to bring this Motion.

        SPEEDYPC SOFTWARE

        By: /s/James K. Borcia
            One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000