IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SPEEDYPC SOFTWARE, a British Columbia company,<br><br>*Defendant*. | Case No. 1:13-cv-08389<br><br>Honorable Andrea R. Wood |

**OPPOSITION TO MOTION TO COMPEL DEPOSITION OF
PLAINTIFF'S COUNSEL OF RECORD, AMIR MISSAGHI**

SpeedyPC has moved, bewilderingly, to compel the deposition of Amir Missaghi, one of Plaintiff Beaton's counsel of record, who provided a brief declaration in support of Plaintiff Archie Beaton's Reply in Support of Class Certification. (Dkt. 151-1.) The request is nonsense and it should be denied.

As an initial matter, SpeedyPC has never noticed the deposition it moves to compel. Fed. R. Civ. P. 30(b)(1) requires formal notice of a deposition. Courts refuse to compel depositions that have not been properly noticed. *See, e.g.*, *Byrd v. Castlepoint Fla. Ins. Co.*, 2016 WL 1559584, at *2 (M.D. La. Apr. 18, 2016); *Dang ex rel. Dang v. Eslinger*, 2014 3611324, at *1 (M.D. Fla. July 22, 2014); *Pegorara v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012); *Nuskey v. Lambright*, 251 F.R.D. 3, 12 (D.D.C. 2008). This Court should do likewise.

If the Court prefers to resolve the issue once and for all (so the parties do not return once SpeedyPC follows proper protocol), the Court should refuse to compel the deposition as unnecessary. Indeed, SpeedyPC does not even attempt to show that the deposition is necessary for any reason. Instead, it block quotes Mr. Missaghi's declaration. SpeedyPC's failure to

demonstrate any need for the deposition lays bare the fact that this is simply another filing meant to harass and delay. SpeedyPC's failure even to attempt to carry its burden showing why the deposition should be had warrants denying the motion.

Moreover, SpeedyPC couldn't reasonably demonstrate need. "[C]ourts considering the issue seem to hold generally that a deposition of opposing counsel should not proceed unless there is a strong showing of need and evidence that all other discovery avenues have been exhausted." *Howard v. Securitas Sec. Servs., USA Inc.*, 630 F. Supp. 2d 905, 911 (N.D. Ill. 2009). All Mr. Missaghi's Declaration does is summarize voluminous records that were produced in discovery and attached to briefing before the Court. *See* Fed. R. Evid. 1006. The records are clearly available to SpeedyPC. Not only did Plaintiff provide SpeedyPC with a courtesy copy of the relevant files, but they were produced by SpeedyPC in the first place. That is, it has the records and can examine them for itself. SpeedyPC never explains why it needs Mr. Missaghi's deposition testimony, or what evidence Mr. Missaghi has that SpeedyPC cannot get through other means (the answer is: none). In other words, the motion is wholly deficient.

One other point merits discussion. In a separate filing, SpeedyPC asserts that Mr. Missaghi's declaration runs afoul of Illinois Rule of Professional Conduct 3.7, which prohibits the same lawyer from serving simultaneously as both advocate and witness in a trial or other evidentiary proceeding. But Rule 3.7(b) also very clearly allows a lawyer in one firm to serve as advocate and another as witness. *See, e.g.*, *Weil, Frieburg & Thomas, P.C. v. Sara Lee Corp.*, 577 N.E.2d 1344, 1354 (Ill. App. Ct. 1991) (permitting lawyer to represent client in early stages of litigation despite possibility lawyer may be witness at trial). Absent a hearing, of course, there is no chance to serve simultaneously as advocate and witness, but even so, given that Mr. Missaghi is not the only attorney who represents Beaton, the chances of an ethical breach, much

less one that requires disqualification, are practically non-existent. Because Mr. Missaghi is not trial counsel, his "testimony" would not require exclusion at an evidentiary hearing and does not violate the Rule. *See Beneficial Dev. Corp. v. Highland Park*, 606 N.E.2d 837, 845 (Ill. App. Ct. 1992), *rev'd in part on other grounds* 641 N.E.2d 435 (Ill. 1994) (denying motion for mistrial despite an attorney's testimony even though another attorney from the same firm acted as advocate because "[t]hose policy considerations [supporting the Rule] are not implicated to the same extent when it is merely an attorney from the advocate's own firm who is a witness in the case").

For these reasons, Plaintiff Archie Beaton, by and through his undersigned counsel, respectfully requests that the Court enter an order denying SpeedyPC's motion to compel Mr. Missaghi's deposition and awarding such other and further relief as it deems reasonable and just.

Respectfully submitted,

**ARCHIE BEATON**, individually and on behalf of all others similarly situated,

Dated: April 18, 2017            By: /s/ Benjamin H. Richman
                                         One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Amir C. Missaghi
amissaghi@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

3

                Rafey S. Balabanian
                rbalabanian@edelson.com
                EDELSON PC
                123 Townsend Street
                San Francisco, California 94107
                Tel: 415.212.9300
                Fax: 415.373.9435

## **CERTIFICATE OF SERVICE**

      I, Benjamin H. Richman, an attorney, hereby certify that on April 18, 2017, I caused to be served the above and foregoing ***Opposition to Motion to Compel Deposition of Plaintiff's Counsel of Record, Amir Missaghi*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 18th day of April 2017.

                                              /s/ Benjamin H. Richman