IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SPEEDYPC SOFTWARE, a British Columbia company,<br><br>*Defendant*. | Case No. 1:13-cv-08389<br><br>Honorable Andrea R. Wood |

**OPPOSITION TO MOTION TO COMPEL DISCOVERY RELATING TO NON-TESTIFYING EXPERT REFERENCED IN PLAINTIFF'S COMPLAINT**

Contrary to the explicit directive of Fed. R. Civ. P. 26(b)(4)(6), Defendant SpeedyPC ("SpeedyPC") has moved to compel discovery of "an expert who has been retained or specially employed by another party…who is not expected to be called as a witness at trial." (Dkt. 156.) SpeedyPC's sole justification for demanding such extraordinary relief is a two-and-a-half-page block quotation from a Northern District of California case. (Dkt. 156 at 3-6.) With all due respect, *Worley v. Avanquest*, No. 12-cv-04391-WHO (LB), 2013 WL 6576732 (N.D. Cal. Dec. 13, 2013), is not binding on this Court, stood in a markedly different procedural posture than this case, and is at odds with authority in this jurisdiction that plainly holds that "Rule 26(b)(4)(A) allows only for the deposition of experts that a party intends to call at trial." *Sunrise Opportunities, Inc. v. Regier*, No. 05-cv-2825, 2006 WL 581150, at *7 (N.D. Ill. Mar. 7, 2006). For these reasons and as explained further below, SpeedyPC's motion to compel should be summarily denied.

Defendant wishes to obtain discovery into the analysis conducted by a computer forensics expert referenced in Plaintiff's Complaint. (Dkt. 1 at ¶¶ 31-36.) Plaintiff did not disclose this

consulting expert for purposes of class certification, will not disclose the consulting expert later for any other purpose, and does not otherwise intend to rely upon this consulting expert's opinions or testimony to support his claims (or meet SpeedyPC's defenses) in any way.

By contrast, a "testifying expert"—who would be subject to discovery—is one who provides testimony during a litigation proceeding. *Morningware, Inc. v. Hearthware Home Prod., Inc.*, No. 09 C 4348, 2012 WL 3721350, at *6 (N.D. Ill. Aug. 27, 2012). Although the Northern District of Illinois has not considered whether an expert "offers testimonial evidence" when he provides an opinion upon which a plaintiff relies in drafting a complaint, as the Northern District of California has in *Worley*, courts in this District have been presented with similar facts, and reached conclusions that are consistent with Plaintiff's position here.

In *Morningware*, for example, the court held that a consulting expert "offer[ed] testimonial evidence during a litigation proceeding" when he "submitted a sworn affidavit (i.e., testimony) to the Court in connection with summary judgment." *Id.* at *6-7. Similarly, in *Hartford Fire*, the court held that a party may not re-designate a testifying expert as a consulting expert where the expert had already disclosed his reports. *Hartford Fire Ins. Co. v. Transgroup Exp., Inc.*, 264 F.R.D. 382, 384 (N.D. Ill. 2009). Conversely, the expert relied upon by Beaton in his Complaint has never submitted any statement under oath or disclosed an expert report. True to form, Defendant offers no explanation as to why anonymous references to a consulting expert's supporting analysis in a complaint constitute "testimonial evidence" by that expert, and Plaintiff is aware of no authority to that effect.

Nor does SpeedyPC attempt to explain what "exceptional circumstances" exist such that it would be impracticable for it to obtain facts or opinions of the same subject by other means, as is required under Fed. R. Civ. P. 26(b)(4)(D)(ii). *See also Spearman Indus., Inc. v. St. Paul Fire*

*& Marine Ins. Co.*, 128 F.Supp.2d 1148, 1152 (N.D. Ill. 2001) ("Exceptional circumstances" may be found where (a) a party is unable to duplicate a test or observation by another consulting expert, or (b) there are no other available experts in the same field.). Indeed, it has already done so, retaining the services and disclosing the opinions (however flawed) of Monty G. Myers on the very same issues. Specifically, SpeedyPC has identified just three passages in the Complaint that it believes constitute discoverable "opinion testimony": the first sentence of paragraph 34, the first sentence of paragraph 35, and the entirety of paragraph 36. (*See* Declaration of Benjamin H. Richman ¶ 4, attached as Exhibit 1.) Thus, SpeedyPC seeks discovery regarding:

1. Whether the software "is designed to mischaracterize the severity of errors," (dkt. 1 at ¶ 34). But Myers already spends nine pages of his report contending that it isn't. (Dkt. 114-9 at 38-47.)

2. Whether the software "identifies naturally recurring system files as threatening." (Dkt. 1 at ¶ 35.) Again, Myers has already explained that, in his view, it does not. (Dkt. 114-9 at 42-45.)

   - and -

3. Whether both the free and paid version of the software are "programmed to (i) always identify problems on a user's computer (even where none exist), (ii) artificially inflate the number of errors and security risks detected on a user's computer, (iii) characterize innocuous items as errors, (iv) report that the user's 'Security' and 'Performance' are poor without any credible assessment of these issues, and (v) arbitrarily characterize individual errors as 'Serious' or 'Critical.'" (Dkt. 1 at ¶ 36.) No surprise, Myers has already formulated his opinions on these issues as well. (Dkt. 114-9 at 48-52.)[1]

Moreover, SpeedyPC offers no explanation as to why, if discovery into these issues was of such import, it (i) waited three years before serving its requests, and (ii) did so only after it had already served its own expert report (on the very same topics and many others).

---

[1] Of course, SpeedyPC has at all times had access to its own software, the software's underlying source code, and any public representations it made regarding the software. Thus, it clearly had the ability to assess the efficacy of the software (and related representations) at any point throughout the pendency of this litigation and long before. Getting access to Plaintiff's consulting expert is entirely unnecessary to that endeavor.

Also notable, in opposing Plaintiff's motion to bar Myers' report and testimony at the class certification stage, SpeedyPC represented that Myers' work was appropriate because, in part, it was meant to rebut the findings of Plaintiff's consulting expert as outlined in the Complaint. (*See* dkt. 153 at 10.) If that argument is to be accepted, then it similarly raises a question as to what additional information would be needed *now*, <u>after</u> the "rebuttal" expert report has already been served and Mr. Myers has already been deposed. *See Spearman*, 128 F.Supp.2d at 1152 (declining to find "exceptional circumstances" for discovery into plaintiff's consulting expert, because defendant had already hired two experts to inspect the property at issue); *Matter of Quantum Chem./Lummus Crest*, No. 90 C 0778, 1995 WL 758129, at *7 (N.D. Ill. Dec. 21, 1995) (declining to find "exceptional circumstances" to depose defendant's consulting expert where plaintiff "had already hired its own experts and has run its own tests," as testifying expert did not rely on consulting expert's findings).

Prohibiting discovery into this consulting expert also wouldn't implicate the fairness considerations cited in *Worley*. 2013 WL 6576732, at *5. Although not binding on this Court, a helpful rationale is elucidated in *Dover v. British Airways*, No, 12-cv-5567 (RJD) (MDG), 2014 WL 5090021 (E.D.N.Y. Oct. 9, 2014). In filing the complaint and opposing a motion to dismiss, the *Dover* plaintiffs relied on a statistical analysis created by a non-testifying expert. *Id*. at *1. The defendant moved to compel discovery into all documents related to the analysis. *Id.* The court held that, although the plaintiffs "*did* rely on the r-squared analysis in their complaint and, through the motion to dismiss phase, put[ting] the analysis at issue," no unfairness would result in denying the defendant's motion to compel. *Id.* at *2 (emphasis in original). The Court explained that:

> Because plaintiffs have disclaimed future use of this r-squared analysis, [defendant] has not been placed at a disadvantaged position in the fact-finding

4

> stages of this litigation… In considering the plausibility of the complaint, this Court was required to proceed on the assumption that factual allegations are true even if their truth seems doubtful. Even if [defendant] had access to the r-squared analysis, consideration of its attacks on the analysis would not be appropriate in assessing the complaint's plausibility.

*Id.* (internal citations omitted). Similarly, even if SpeedyPC had access to the analysis referenced in the Complaint, it could not have challenged the consulting expert's analysis on the merits until summary judgment. Since Defendant has not moved for summary judgment, and Plaintiff has disclaimed any intent to rely on this consulting expert in the future, there is simply no unfairness for this Court to cure. Although it would be unfair to allow a party "to use expert testimony as both a sword and a shield," *Worley*, 2013 WL 6576732, at *5, there is no sword being wielded here.

In the end, the only question that appears to be unanswered is what SpeedyPC hopes to accomplish by pursuing this line of discovery. Beaton has his own theories based on what SpeedyPC has been focusing its energy on lately (*see, e.g.,* dkt. 162), but the answer doesn't matter all that much for present purposes. It's clear that there's no basis upon which to compel this sort of discovery at this late stage in the proceedings, and for the reasons discussed above, SpeedyPC's motion should be denied.

Respectfully submitted,

**ARCHIE BEATON**, individually and on behalf of all others similarly situated,

Dated: April 26, 2017  By: /s/ Benjamin H. Richman
　　　　　　　　　　　　　　　One of Plaintiff's Attorneys

        Benjamin H. Richman
brichman@edelson.com
Amir C. Missaghi
amissaghi@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

## **CERTIFICATE OF SERVICE**

      I, Benjamin H. Richman, an attorney, hereby certify that on April 26, 2017, I caused to be served the above and foregoing ***Opposition to Motion to Compel Discovery Relating to Non-Testifying Expert Referenced in Plaintiff's Complaint*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 26th day of April 2017.

                                                 /s/ Benjamin H. Richman