IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 13-cv-08389 |
| v. | ) ) | Judge Andrea R. Wood |
| SPEEDYPC SOFTWARE, a British Columbia company, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

The motion by Defendant SpeedyPC Software ("SpeedyPC") to file its Third Amended Answer [112] is granted, but SpeedyPC's Tenth Affirmative Defense asserted therein is stricken. SpeedyPC shall separately file its Third Amended Answer by June 23, 2017. The Court grants SpeedyPC's motion for leave to file a sur-response to Plaintiff Archie Beaton's motion for class certification [160], Beaton's motion to supplement his motion for class certification [171], and SpeedyPC's motion for leave to file reply briefs [181]. The Court denies SpeedyPC's motion for sanctions for spoliation of evidence [113]. As a result of the Court's ruling on SpeedyPC's motion for spoliation sanctions, Beaton's motion to strike the supplemental expert report of Monty G. Myers and SpeedyPC's reply in support of its motion for sanctions [168] is denied as moot. The Court grants in part SpeedyPC's motion to compel reimbursement of its expert's deposition expenses [154] in the total amount of $14,500; the Court will not require Beaton to tender immediate payment, however, but instead will allow Beaton to elect to pay upon the final disposition of the case. The Court declines to award SpeedyPC its fees in bringing the motion to compel. The Court grants SpeedyPC's motion to compel Beaton to respond to discovery relating to the expert referenced in the Complaint [156], but denies SpeedyPC's motion to compel the deposition of Amir Missaghi [162]. See the accompanying Statement for details.

## STATEMENT

Defendant SpeedyPC Software ("SpeedyPC") is a Canadian company that sells software designed to optimize computers and protect them from malware. Plaintiff Archie Beaton claims to have purchased SpeedyPC's software and installed it on his laptop computer only to find that the software did not satisfy SpeedyPC's promises. As a result, Beaton alleges, SpeedyPC has breached contractual warranties and implied warranties of fitness for a particular purpose and merchantability. Beaton has also moved to certify a class and subclass of purchasers of SpeedyPC's software concerning these claims.

The parties have filed a number of motions that are now before the Court. Specifically, SpeedyPC has filed a motion to file a Third Amended Answer (Dkt. No. 112), a motion for sanctions for spoliation of evidence (Dkt. No. 113), a motion to compel reimbursement of its expert's deposition expenses (Dkt. No. 154), a motion to compel Beaton to respond to discovery relating to the expert referenced in his Complaint (Dkt. No. 156), a motion for leave to file a sur-response to Beaton's motion for class certification (Dkt. No. 160), a motion to compel the deposition testimony of one of Beaton's attorneys, Amir Missaghi (Dkt. No. 162), and a motion to file reply briefs (Dkt. No. 181). For his part, Beaton has filed a motion to strike the supplemental expert report of Monty G. Myers and SpeedyPC's reply in support of its motion for sanctions (Dkt. No. 168), and a motion to supplement his motion for class certification (Dkt. No. 171). In this order, the Court will first consider the motions to file and supplement additional documents, then it will turn to SpeedyPC's motion for sanctions and Beaton's motion to strike, and finally, it will resolve SpeedyPC's motions to compel.

## I. SpeedyPC's Motion to File Third Amended Answer

SpeedyPC moves the Court to allow it to file a third amended answer to amend its affirmative defenses. In particular, SpeedyPC seeks to amend its affirmative defenses based on its discovery of facts concerning Beaton's purported spoliation of evidence, failure to purchase the software at issue, and prior felony conviction.

The Court grants SpeedyPC's motion to amend its answer under the liberal standard for allowing amendments in Federal Rule of Civil Procedure 15(a)(2) but also strikes the Tenth Affirmative Defense. That defense asserts that Beaton is not a proper class representative because he did not purchase the software and is a convicted felon. (Def.'s Mot. for Leave to File Third Amended Ans., Dkt. No. 112 at 25 of 32.) This claim is not truly an affirmative defense but rather a challenge to class certification, and it is duplicative of SpeedyPC's repeated denials in its answer that class certification is warranted. (*See id.* at 14–15 of 32.) Moreover, there is pending before the Court Beaton's motion for class certification, which is the better avenue to address these concerns. *See Sanchez v. Roka Akor Chicago LLC*, 2015 WL 122747, at *3 (N.D. Ill. Jan. 9, 2015) (striking affirmative defense that class certification requirements cannot be met because it was duplicative of other denials in the answer and class certification was best addressed by motion).

## II. SpeedyPC's Motion for Leave to File Sur-response to Plaintiff's Motion for Class Certification

SpeedyPC also asks the Court for leave to file a sur-response to Beaton's motion for class certification, on the ground that Beaton presented new evidence in his reply brief. In response to SpeedyPC's request, Beaton substantively responds to the content of SpeedyPC's proposed sur-response. The Court will grant SpeedyPC's motion and take the sur-response, as well as Beaton's response, under advisement in its consideration of Beaton's motion for class certification.

### III. Beaton's Motion to Supplement Motion for Class Certification

Beaton seeks leave from the Court to supplement his motion for class certification with information regarding the numerosity of the proposed subclass. In his class certification motion, Beaton argues that the proposed subclass is sufficiently numerous based on the facts that there are over 570,000 people in the United States that purchased SpeedyPC's software and that the subclass covers 16 jurisdictions, which comprise approximately 48% of the United States population. After briefing on the class certification motion closed, SpeedyPC produced documents that included state-by-state information about the number of purchasers of SpeedyPC's software. Beaton asserts, and SpeedyPC does not dispute, that SpeedyPC's counsel delayed production of the documents because it did not receive $18.20 to cover the costs of reproducing the documents. (Pl.'s Mot. to Supp. Mot. for Class Cert. at 1–2, Dkt. No. 171.) Once Beaton paid SpeedyPC the reproduction costs, SpeedyPC delayed production for an additional two months because of SpeedyPC's counsel's obligations in other litigation. (*Id.* at 2; Def.'s Resp. to Pl.'s Mot. to Supp. at 3, Dkt. No. 179.) Had Beaton received the documents upon tendering the reproduction costs to SpeedyPC, he would have been able to timely include those facts in his reply, in order to respond to SpeedyPC's argument that Beaton has failed to show the numerosity of the subclass. (Def.'s Resp. to Pl.'s Mot. for Class Cert. at 9, Dkt. No. 135.) Given the circumstances, the Court will grant the motion to supplement and take the information therein under advisement in consideration of Beaton's motion for class certification.

### IV. SpeedyPC's Motion for Leave to File Reply Briefs

SpeedyPC seeks leave to file reply briefs in support of (1) its motion for leave to file a sur-response to Beaton's motion for class certification, (2) its motion to compel Beaton to respond to discovery relating to the expert referenced in Complaint; (3) its motion to compel reimbursement of its expert's deposition expenses; and (4) its motion to compel the deposition of Amir Missaghi. The Court grants SpeedyPC's motion for leave to file the reply briefs and has taken these briefs under advisement in ruling on the various motions.

### V. SpeedyPC's Motion for Sanctions for Spoliation of Evidence and Beaton's Motion to Strike Supplemental Expert Report of Monty G. Myers and Defendant's Reply in Support of Motion for Sanctions

SpeedyPC seeks sanctions against Beaton for purported spoliation of evidence based on its claims that Beaton reformatted the hard drive of the laptop computer on which he loaded SpeedyPC's software and thereby destroyed evidence important to the case. SpeedyPC's desired sanctions are dismissal of the case and an award of SpeedyPC's attorneys' fees and expenses. In response, Beaton argues that he did not act with the requisite bad faith.[1]

---

[1] Beaton also argues that no sanction is warranted because the laptop computer is irrelevant to his claims. Because the Court finds that SpeedyPC has not shown that Beaton acted with bad faith, there is no need to address the relevance argument here.

*A.     Background*

In August 2012, Beaton purchased SpeedyPC's software on a Dell laptop because the laptop was displaying certain error codes. (Memo. in Supp. of Def.'s Mot. for Sanctions at 2, Dkt. No. 114.) The next morning, Beaton claims, the laptop was running worse than before. (*Id.*) After a month-long vacation, Beaton came back to the same problems on his laptop and therefore uninstalled the software. (*Id.*) He then ceased using his laptop and began using his other computers. (*Id.* at 3.) Thereafter, in April 2013, Beaton entered into a retention agreement with his counsel, Edelson PC, to pursue a case against SpeedyPC. (*Id.*) As part of the retention agreement, Beaton was instructed as follows:

> You also understand that you have an obligation to preserve evidence, including electronic evidence such as your computer, hard-drive, or e-mails. You must preserve evidence that common sense would dictate is relevant to your claims. You should conference with us prior to destroying any evidence you believe might be relevant to your claims.

(*Id.* at 5.) Then, in October 2013, Beaton engaged the help of an IT professional, Brian Sargent, to fix his computer. (Ex. 2 to Pl.'s Opp. to Def.'s Mot. for Sanctions ¶ 3, Dkt. No. 133-2.) Sargent suggested that they reinstall the Windows operating system on the computer. (*Id.*) Sargent stated that all of Beaton's data on the computer would be saved and that he would not lose any information. (*Id.*; Ex. 3 to Pl.'s Opp. to Def.'s Mot. for Sanctions ¶ 4, Dkt. No. 133-4.) As part of reinstalling Windows, Sargent asserts that he backed up Beaton's data, reformatted the hard drive, and copied all of Beaton's files back onto the computer. (Ex. 3 to Pl.'s Opp. to Def.'s Mot. for Sanctions ¶¶ 4–5, Dkt. No. 133-4.) Both Beaton and Sargent state that they did not take action in order to delete or hide any data, but rather only to try to fix the computer. (*Id.* ¶ 6; Ex. 2 to Pl.'s Opp. to Def.'s Mot. for Sanctions ¶¶ 3–4, Dkt. No. 133-2.)

*B.     Discussion*

In determining whether sanctions are appropriate for spoliation, the Court considers whether (1) there was a duty to preserve the specific documents; (2) that duty or obligation was breached; (3) there was willfulness, bad faith, or fault; (4) the party seeking sanctions was prejudiced; and (5) an appropriate sanction can ameliorate the prejudice from the breach. *Wells v. Berger, Newmark & Fenchel, P.C.*, 2008 WL 4365972, at *6 (N.D. Ill. Mar. 18, 2008). Importantly, "a showing [of bad faith] is a prerequisite to imposing sanctions for the destruction of evidence." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (internal citations omitted). It is not enough to show that evidence was destroyed intentionally; "'bad faith' means destruction for the purpose of hiding adverse information." *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998); *see also Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002) (citation omitted) ("[T]he crucial element is not that evidence was destroyed but rather the reason for the destruction."). The movant—here, SpeedyPC—bears the burden of showing these elements by clear and convincing evidence. *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (stating that movant bears burden); *Am. Family Mut. Ins., Co. v. Roth*, 2009 WL 982788, at *11 (N.D. Ill. Feb. 20, 2009) (stating the clear and convince evidence standard).

SpeedyPC has not satisfied its burden of showing that Beaton reformatted the hard drive of his laptop in order to destroy evidence. SpeedyPC's argument is that, given that Beaton was not regularly using his laptop at the time, was contemplating litigation, and received instructions from counsel to preserve his laptop, "there is no doubt" that the reformatting of his laptop's hard drive was to destroy evidence. (Def.'s Reply. in Supp. Mot. for Sanctions at 11, Dkt. No. 150.) This is unconvincing. The fact that Beaton was not regularly using his laptop and instead was using other computers is of little moment. A laptop has significant value, so Beaton attempting to fix his laptop—even if he had and was using other computers—is understandable and reasonable.

With respect to the duties attendant to anticipated litigation, Beaton's counsel instructed him that he had an "obligation to preserve evidence, including electronic evidence such as your computer, hard-drive, or e-mails." But Beaton has stated that he sought the help of IT professional Sargent, who assured him that "all of [his] data would be saved and that [he] wouldn't lose anything." In this light, it is not clear that Beaton believed himself to be disobeying his counsel's instruction. Rather, Beaton enlisted the help of an IT professional to fix his computer, with the assurance that he would not lose any information. That may have been incorrect but, on the factual record presented, the Court cannot conclude that Beaton acted in bad faith.

Finally on this subject, Beaton has moved to strike the Supplemental Expert Report of Monte G. Myers and the portions of SpeedyPC's reply brief that rely on it. The Court has reviewed these documents and observes that they do not relate to the question of Beaton's and Sargent's motivations in formatting the laptop's hard disk. Because the Court has denied SpeedyPC's motion for sanctions on the basis that SpeedyPC has not shown that Beaton acted with the requisite bad faith, Beaton's motion to strike is moot.

### VI. SpeedyPC's Motion to Compel Reimbursement of Expert's Deposition Expenses

SpeedyPC moves the Court to compel Beaton to reimburse it for $14,750 that it paid to its expert, Monte G. Myers, in connection with the deposition taken by Beaton. Federal Rule of Civil Procedure 26(g)(2) provides that the party taking an opposing party's expert's deposition shall pay, among other things, "a reasonable fee for the expert witness, with regard to the usual and customary charge of the witness, for the time spent in preparing for and attending the deposition." Fed. R. Civ. P. 26(g)(2)(A). In challenging SpeedyPC's demand for payment, Beaton principally argues that the expert's expenses were unreasonable. In reply, SpeedyPC provides the expert's bill for the deposition, which sets forth his rate as $500/hour and his breakdown of hours spent on preparation and attendance at the deposition and review of and signing off on the deposition transcript. (Dkt. No. 181-2 at 3.) All told, the expert spent roughly 14 hours preparing for the deposition, 10 hours for attendance of the deposition, and 5.5 hours reviewing the deposition transcript. The Court determines that the expert's hourly rate and time spent for activities related to the deposition are reasonable. *See, e.g.*, *Se–Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 956 (N.D. Ill. 2012) (approving 3:1 ratio of preparation time to deposition time in sufficiently complex cases); *Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, 2016 WL 612792, at *5 (N.D. Ill. Feb. 16, 2016) (finding expert's hourly rate of $550 to be reasonable).

Nevertheless, SpeedyPC has not cited any authority for the proposition that it must be reimbursed immediately. Nor has SpeedyPC demonstrated any prejudice it will face if not reimbursed immediately. As such, the Court will not require Beaton to reimburse SpeedyPC at this time. Beaton may compensate SpeedyPC at a later juncture depending on the outcome of the case. The Court also declines to grant SpeedyPC its attorneys' fees in relation to filing this motion.

### VII. SpeedyPC's Motion to Compel Response to Discovery Relating to Expert Referenced in Complaint

In his Complaint, Beaton references a computer forensics expert that examined SpeedyPC's software. (Compl. ¶ 31, Dkt. No. 1.) SpeedyPC has moved to compel Beaton to respond to discovery regarding this expert. Beaton, however, argues that no such discovery is warranted because this expert is not a testifying expert, but merely a consulting expert; thus, Federal Rule of Civil Procedure 26(b)(4)(D) exempts such a consulting expert from discovery.

The Court disagrees. Beaton has attempted to make use of his expert's opinions in support of his Complaint. Beaton has cited no authority suggesting that Rule 26(b)(4)(D)'s protections extend to an expert who has supplied statements, findings, or opinions explicitly relied upon by a party in a pleading or motion. Beaton cites *Sunrise Opportunities, Inc. v. Regier*, 2006 WL 581150, at *7 (N.D. Ill. Mar. 7, 2006), for the proposition that, "Rule 26(b)(4)(A) allows only for the deposition of experts that a party intends to call at trial." That case concerned a defendant's mistaken listing of an expert as a testifying expert. The Court held that the plaintiff was not entitled to depose the expert because that would allow plaintiff "unreasonable access to an opposing party's diligent trial preparation." *Id.* But *Regier* is easily distinguishable from the present situation, as Beaton has affirmatively relied on the opinions of his expert to support his Complaint. Indeed, the case *Worley v. Avanquest North America Inc.*, 2013 WL 6576732 (N.D. Cal. Dec. 13, 2013), considered this same scenario and determined that Rule 26(b)(4)(D) does not apply, as it would "be unfair to allow a party to use expert testimony as both a sword and a shield." *Id.* at *5. The Court agrees with the reasoning in *Worley*. But as the *Worley* court advised, this does not mean that SpeedyPC is entitled to any and all discovery under the sun— SpeedyPC may pursue discovery of information related only to the expert's statements in the Complaint. *Id.*

### VIII. SpeedyPC's Motion to Compel Deposition of Amir Missaghi

SpeedyPC's final motion (for purposes of this order anyway) seeks to compel the deposition of Beaton's counsel, Amir Missaghi. Missaghi submitted a declaration in support of Beaton's motion for class certification relating to his review of SpeedyPC's customer service records produced in discovery. (Dkt. No. 151-1.) Beaton relied on that declaration in asserting that "[a] review of customer-service records produced by SpeedyPC reveals that less than 0.08% (28 out of 33,285) referred to instances in which the software was purchased for business purposes." (Pl.'s Mot. for Class Cert. at 14–15, Dkt. No. 151.)

In assessing whether a party may seek to depose opposing counsel, courts in this District have adopted the approach "that a deposition of opposing counsel should not proceed unless

there is a strong showing of need and evidence that all other discovery avenues have been exhausted." *Howard v. Securitas Sec. Servs., USA Inc.*, 630 F. Supp. 2d 905, 911 (N.D. Ill. 2009). Here, SpeedyPC has made no showing that it has attempted to pursue the information it seeks through other avenues of discovery—for example, through interrogatories or requests for admission. The information provided through Missaghi's declaration was not based on his personal involvement in the events underlying Beaton's claims; rather, Missaghi has reviewed documents produced by SpeedyPC and summarized their contents. The documents are equally available to SpeedyPC as to Beaton. And any apparent discrepancies between Missaghi's summary and SpeedyPC's own would seem to be easily addressed through succinct written discovery, if it is necessary to address them at all. As such, the Court denies SpeedyPC's motion.

Dated: June 20, 2017  
_____  
Andrea R. Wood  
United States District Judge