IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated,<br><br>       *Plaintiff*,<br><br>       v.<br><br>SPEEDYPC SOFTWARE, a British Columbia company,<br><br>       *Defendant*. | Case No. 1:13-cv-08389<br><br>Honorable Andrea R. Wood |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE COUNTERCLAIM**

Plaintiff Archie Beaton respectfully moves the Court to strike Defendant SpeedyPC's reply in support of its motion to file a counterclaim. In support of its motion, it states as follows:

1. On March 5, 2019, SpeedyPC filed a motion for leave to file a counterclaim. (Dkt. 243.) The motion is less than two pages long and contains almost no legal argument. (*See id.*) After Plaintiff filed his response in opposition to the motion, (dkt. 249), Speedy PC filed a nine-page reply brief raising numerous new arguments that were not in its motion, (dkt. 251). In its reply, SpeedyPC included detailed explanations of why it believes it acted diligently in waiting years to seek to file a counterclaim and why Plaintiff purportedly will not be prejudiced by the filing. (*See* dkt. 251 at 2-6.) In SpeedyPC's initial motion, the sum total of its discussion on prejudice was a conclusory statement that "Plaintiff and the Class will suffer no prejudice by the filing." (Dkt. 243 at 2.) Good cause and diligence were not discussed at all. (*See id.*)

2. "The impermissible tactic of withholding arguments and positions until the reply brief has been characterized in a variety of ways—all negative. Blind-siding, gamesmanship, and sandbagging are the most commonly used epithets. Regardless of the name applied, the gambit has no place in the judicial system." *Sommerfield v. City of Chicago*, No. 06 C 3132, 2012 WL

1

3779104, at *1 (N.D. Ill. Aug. 31, 2012); *see also James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998) ("Arguments raised for the first time in a reply brief are waived."); *Maher v. Rowen Grp., Inc.*, No. 12 C 7169, 2015 WL 273315, at *6 (N.D. Ill. Jan. 20, 2015) (Aspen, J.) ("This sort of sandbagging is inappropriate, as reply briefs are for replying, not for raising new matters or arguments that could and ought to have been advanced in the opening brief.") (internal quotation marks omitted).

3. SpeedyPC engaged in exactly this type of prohibited conduct by filing a skeleton placeholder motion largely devoid of support, then filling in the gaps with a lengthy reply brief detailing its actual position. *See Murphy v. Vill. of Hoffman Estates*, No. 95 C 5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999) ("[P]roviding specifics in a reply in support of a general argument in an [initial filing] counts as new matter in reply.") "[T]his tactic prevented [Plaintiff] from submitting a meaningful response." *See id.* This is not the first time that SpeedyPC has delayed providing information in an attempt to gain a litigation advantage in this case. (*See, e.g.*, dkt. 184 at 3) (detailing SpeedyPC's production of relevant documents after briefing for class certification had closed).

4. Although a court can allow a sur-reply to resolve the matter, "[s]ur-replies necessitated by inappropriate reply briefs take time away from other litigants who are waiting in the endless queue of cases." *Sommerfield*, 2012 WL 3779104, at *2. The appropriate course of action is to strike the inappropriate reply brief. *Id.* at *2; *see also Murphy*, 1999 WL 160305, at *2 (refusing to consider brief where party was "citing to sufficiently specific evidence for the first time in reply").

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order 1) striking SpeedyPC's reply brief in support its motion to file its counterclaim, and 2) granting any such further relief as it deems reasonable and just.

                                              Respectfully submitted,

                                              **ARCHIE BEATON**, individually and on behalf of all others similarly situated,

Dated: April 5, 2019                     By: /s/ Alexander G. Tievsky
                                              One of his attorneys

| | |
|---|---|
| Benjamin H. Richman | Rafey S. Balabanian |
| brichman@edelson.com | rbalabanian@edelson.com |
| Sydney M. Janzen | Eve-Lynn J. Rapp |
| sjanzen@edelson.com | erapp@edelson.com |
| Alexander G. Tievsky | EDELSON PC |
| atievsky@edelson.com | 123 Townsend Street, Suite 100 |
| EDELSON PC | San Francisco, California 94107 |
| 350 North LaSalle Street, 14th Floor | Tel: 415.212.9300 |
| Chicago, Illinois 60654 | Fax: 415.373.9435 |
| Tel: 312.589.6370 | |
| Fax: 312.589.6378 | |

## CERTIFICATE OF SERVICE

    I, Alexander G. Tievsky an attorney, hereby certify that on April 5, 2019, I served the above and foregoing *Plaintiff's Motion to Strike Defendant's Reply in Support of Its Motion for Leave to File Counterclaim* by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

                                                                            s/ Alexander G. Tievsky