IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SPEEDYPC SOFTWARE, a British Columbia company,<br><br>*Defendant*. | Case No. 1:13-cv-08389<br><br>Honorable Andrea R. Wood |

**PLAINTIFF'S MOTION TO COMPEL RESPONSE FROM DEFENSE COUNSEL**

Plaintiff Archie Beaton, by and through his counsel, and pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, respectfully moves this Court for an Order requiring Defendant SpeedyPC Software ("SpeedyPC") to respond to Plaintiff regarding its now-unavailable SpeedyPC Pro software, which is necessary for Plaintiff's expert to access in order to complete his report, by either confirming that Plaintiff's expert can use Plaintiff's counsel's own software license key or by responding to Plaintiff's request for a new license key which will allow Plaintiff's expert to use and unlock the original SpeedyPC software. In support of this Motion, Plaintiff states as follows:

1. Plaintiff's retained expert requires access to Defendant's SpeedyPC Pro Software in order to evaluate certain functionalities within the software for purposes of his forthcoming expert report. However, it appears that SpeedyPC has changed its publicly-available version of the downloadable software such that Plaintiff's expert is unable to perform certain analysis required for his expert report.

2. On July 22, 2019, after learning that Defendant's SpeedyPC Pro software is no longer available online for download and has been replaced on SpeedyPC's website with a new product called Digital Care, Plaintiff's counsel emailed defense counsel, Jim Borcia, with possible solutions to this problem. (*See* July 22, 2019 email, attached as Exhibit 1.) Specifically, Plaintiff requested that defense counsel confirm that SpeedyPC has no objection to Plaintiff's counsel providing their own SpeedyPC Pro software license key (which was paid for and renewed recently) to their retained expert in order to allow the expert to access the software for testing. Plaintiff's counsel requested this confirmation out of an abundance of caution to ensure that no terms of the software licensing agreement were violated, given that SpeedyPC has already sought to countersue Plaintiff for indemnification pursuant to the very same licensing agreement. (*See* dkt. 243.) Alternatively, Plaintiff's counsel also suggested that SpeedyPC could provide a new license key for our expert. Plaintiff's counsel did not receive a response.

3. On July 23, 2019, Plaintiff's counsel sent a follow-up email to Mr. Borcia requesting a response. Plaintiff's counsel also indicated that, given the license key issue and also Defendant's weeks-long delay in producing outstanding documents, they would be filing a motion for an extension of their expert disclosure deadline. (Exhibit 1.) Plaintiff filed a motion for a one-week extension of their expert disclosure deadline later that day. (Dkt. 270.) Plaintiff's counsel did not receive a response to this email.

4. The Court ordered that Defendant complete its outstanding document production no later than July 16, 2019. (Dkt. 267.) On July 16, 2019, Defendant filed a motion for extension of the production deadline until July 23, 2019. (Dkt. 268.) Plaintiff did not receive document production on July 23, 2019.

5.  On July 24, 2019, Plaintiff's counsel emailed Mr. Borcia to follow up on both the license key issue as well as the missed deadline for document production. Again, Plaintiff's counsel did not receive a response.

6.  Instead, later on July 24, 2019, Plaintiff's counsel received an email from Mr. Borcia's paralegal containing the document production.

7.  As of the date of this filing, Plaintiff's counsel has yet to receive a response from Mr. Borcia regarding the license key issue. This may well be due to the fact that Mr. Borcia has previously indicated that he refuses to correspond with Plaintiff's counsel via email absent a court order. (*See* July 8, 2019 email, attached as Exhibit 2.)

8.  Plaintiff's expert has indicated that he will be able to complete his report within 24 hours of receiving the software license key. However, Plaintiff will not be able to produce the expert report until the license key issue is resolved.

9.  This is not the first time that Mr. Borcia's refusal to engage in productive discourse has needlessly delayed in this litigation. *See* dkt. 100-1 (detailing Mr. Borcia's dilatory tactics and unprofessional conduct towards Plaintiff's counsel); dkt. 242 (detailing Mr. Borcia's dilatory conduct regarding class notice and transparent intent to further delay litigation by filing a counterclaim against Plaintiff and the class); dkts. 257, 265 (detailing Mr. Borcia's several months-long delay in producing class member contact information to Plaintiff's counsel for class notice purposes); Exhibit 2 (July 8, 2019 email exchange between counsel memorializing Mr. Borcia's unproductive and unprofessional conduct); Exhibit 3 (April 4, 2019 email exchange between counsel demonstrating Mr. Borcia's unproductive and unprofessional conduct).

10. Given Mr. Borcia's refusal to respond to Plaintiff's numerous inquiries regarding the license key issue and pattern of engaging in similar dilatory tactics throughout the course of

this lawsuit, Plaintiff should be awarded the reasonable attorneys' fees and costs incurred in attempting to obtain the information and bringing a motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A) (if a court grants a motion to compel, it "must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees); *Fudali v. Napolitano*, 238 F.R.D. 400, 404 (N.D. Ill. 2012) ("Where any party acts inappropriately and causes his opponent to incur needless costs to secure compliance with discovery obligations, Rule 37 provides a remedy and should not receive a grudging application.").

11. Pursuant to Local Rule 37.2, the undersigned counsel states that she has attempted to reach out to defense counsel on three separate occasions requesting to confer about the matters herein by emailing Mr. Borcia on July 22, 2019 at 3:25 p.m., on July 23, 2019 at 3:44 p.m., and on July 24, 2019 at 3:57 p.m. All three emails went unanswered. (*See* Ex. 1.)

WHEREFORE, Plaintiff Archie Beaton respectfully requests that the Court enter an Order: (i) compelling Defendant to respond to Plaintiff's counsel regarding the SpeedyPC Pro software license key issue by either confirming that Plaintiff's expert can use Plaintiff's counsel's license key or by providing a new license key; (ii) extending Plaintiff's expert disclosure deadline until seven (7) days following confirmation from Defendant that Plaintiff's expert may use Plaintiff's counsel's license key; (iii) awarding Plaintiff's counsel's attorneys' fees and costs associated with bringing this Motion; and (iv) providing such other and further relief that the Court deems reasonable and just.

\* \* \*

Respectfully submitted,

**ARCHIE BEATON**, individually and on behalf of all others similarly situated,

Dated: July 26, 2019  By: /s/ Sydney M. Janzen
　　　　　　　　　　　　　　One of Plaintiff's attorneys

Benjamin H. Richman
brichman@edelson.com
Sydney M. Janzen
sjanzen@edelson.com
Alexander G. Tievsky
atievsky@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

## CERTIFICATE OF SERVICE

   I, Sydney M. Janzen, an attorney, certify that on July 26, 2019 I caused the above and foregoing ***Plaintiff's Motion to Compel Response from Defense Counsel*** to be served by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

               /s/ Sydney M. Janzen