IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 13-cv-08389 |
| v. | ) ) | Judge Andrea R. Wood |
| SPEEDYPC SOFTWARE, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Defendant SpeedyPC's motion for leave to file counterclaim [243] is granted in part. SpeedyPC may assert its counterclaim against Beaton only and not the certified class. SpeedyPC shall file an amended counterclaim that reflects the Court's ruling by 8/13/2019. Beaton shall have until 8/27/2019 to answer or otherwise plead in response. See the accompanying Statement for details.

## STATEMENT

This class action concerns allegations that Defendant SpeedyPC Software ("SpeedyPC") engaged in fraudulent and deceptive marketing of SpeedyPC Pro, a software product that supposedly diagnoses and repairs various computer errors, optimizes computer performance, and protects computers from malware. On September 30, 2017, this Court certified a class and subclass of purchasers of SpeedyPC's software ("Class"). (Dkt. No. 197.) SpeedyPC now seeks to file a counterclaim against Lead Plaintiff Archie Beaton and the Class, contending that its End User License Agreement ("EULA") requires Beaton and the Class to indemnify SpeedyPC for the costs of defending this case. (Dkt. No. 243.) This request to file a counterclaim comes well after the previously-set deadline for the parties to amend their pleadings of August 31, 2015 (Dkt. No. 80).

Federal Rule of Civil Procedure 15(a)(2) requires federal courts to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[t]he generous standard in Rule 15(a)(2) for allowing amendments is in some tension with Rule 16(b)(4), which governs scheduling orders and requires a showing of good cause to justify modifying time limits." *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (internal quotation marks omitted). In evaluating good cause, the Court's "primary consideration is the diligence of the party seeking amendment." *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015) (internal quotation marks and ellipses omitted).

SpeedyPC claims that it has good cause for bringing its counterclaim after the deadline set by this Court. Specifically, SpeedyPC points to Beaton's multiple prior statements that the

claims in this case were unrelated to the EULA and not brought under the laws of British Columbia, where SpeedyPC is headquartered. It was not until Beaton filed his second motion to certify the Class on January 27, 2017, that he reversed positions and asserted claims for breach of implied warranty under British Columbia law. Similarly, SpeedyPC points out that this Court did not certify the Class until September 2017. Then, SpeedyPC unsuccessfully appealed this Court's decision to the Seventh Circuit, a process that stretched until December 2018. Considering the procedural history of this case, the Court cannot conclude that SpeedyPC's delay occurred due to lack of diligence and thus finds that SpeedyPC has good cause for the delay.

Beaton argues that it will be prejudiced if the Court allows SpeedyPC to file its counterclaim. A court may deny leave to amend if it would cause undue prejudice to the other parties. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Beaton claims that SpeedyPC's purpose in filing the counterclaim is to scare away potential class members by threatening that they might be responsible for SpeedyPC's attorneys' fees. But a deterrent effect on potential plaintiffs does not qualify as undue prejudice. Rather, the Court observes that nearly all counterclaims have such an effect. *See, e.g.*, *Pesce v. Nuvell Credit Co.*, 2011 WL 2115667, at *1 (N.D. Ill. May 26, 2011) (rejecting plaintiff's argument that "allowing the counterclaim to proceed would discourage people from bringing . . . claims" as "not convincing"). Furthermore, the Seventh Circuit has defined undue prejudice as situations when the parties are expected to reopen discovery, incur additional discovery costs, or respond to new claims close to trial. *See, e.g.*, *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (finding undue prejudice where counterclaim asserted two weeks before trial); *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002) (finding undue prejudice where counterclaim would impose significant additional discovery costs). Here, Beaton does not dispute that the parties are still engaged in fact discovery, nor does it identify any additional costs that defending against the counterclaim would impose.

Beaton also contends that the counterclaim should not be permitted because it is futile. However, a motion to amend the pleadings should not be denied based on futility unless the proposed amendment is clearly futile, meaning that the amendment could not withstand a motion to dismiss. *See Adams v. Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) ("There is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." (internal quotation marks and brackets omitted)). To survive a motion to dismiss, a plaintiff need only "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Beaton attacks SpeedyPC's counterclaim on several grounds, but his arguments go to the merits of the counterclaim, as opposed to identifying pleading deficiencies. For example, Beaton claims that the indemnification clause of the EULA applies only to his "use of the software," whereas his claims are based on his *purchase* of the software. Similarly, Beaton claims that SpeedyPC's counterclaim is barred by the applicable statute of limitations, an argument that should be presented in a motion for judgment on the pleadings or summary judgment. *See United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (holding that dismissal based on expired statute of limitations is "irregular, for the statute of limitations is an affirmative defense"). The Court will not deny SpeedyPC leave to amend on such grounds. Beaton may re-raise his arguments at the dispositive motion stage.

Beaton further argues that SpeedyPC's counterclaim "lacks class allegations." In response, SpeedyPC states that it does not seek to certify a new class but rather bring its claims against the already-certified Class. However, courts in this District have consistently (and correctly) recognized that certifying a class of Counter-Defendants for purposes of a counterclaim is "not at all the same as certifying a Plaintiffs' class" in the same case. *Vodak v. City of Chicago*, 2008 WL 687221, at *1 (N.D. Ill. Mar. 10, 2008); *see also Robledo v. City of Chicago*, 252 F.R.D. 639, 640 (N.D. Ill. 2008) ("[Defendant's] conclusory allegations that [the plaintiffs' and counter-defendants'] classes are coextensive . . . are not enough to meet the rigors of Rule 23 analysis." (internal quotation marks omitted)). SpeedyPC has neither alleged nor demonstrated that its putative class of counter-defendants meets the requirements of commonality, typicality, predominance, or superiority with respect to its counterclaim. Moreover, at this stage of the litigation, allowing SpeedyPC to conduct additional discovery and engage in motion practice to certify a class of counter-defendants would cause undue prejudice to Beaton and the Class. *See Campania*, 290 F.3d at 849 (defining undue prejudice as "when the amendment would cause the opposing party to bear additional discovery costs litigating a new issue and the moving party does not offer to reimburse the nonmoving party for its expenses"). Therefore, SpeedyPC is limited to filing its counterclaim against Beaton.

That SpeedyPC's proposed counterclaim against Beaton is likely compulsory also weighs in favor of allowing it. Federal Rule of Civil Procedure 13(a) provides that a counterclaim is compulsory if: (1) "it arises out of the transaction or occurrence that is the subject of the opposing party's claim;" and (2) "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The parties do not appear to disagree that SpeedyPC's counterclaim against Beaton is compulsory, as it arises out of the same transaction between the parties as Beaton's claims. Moreover, "[t]he purpose of Rule 13(a) is to prevent multiplicity of actions and to resolve all disputes arising out of common matters in a single lawsuit." *Jupiter Alum. Corp. v. Home Ins. Co.*, 181 F.R.D. 605, 607 (N.D. Ill. 1998). The Court finds that the function of Rule 13(a) is best served by characterizing SpeedyPC's counterclaim against Beaton as compulsory.[1] However, as Beaton correctly points out, the counterclaim is not compulsory against the already-certified Class. *See, e.g.*, *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259 n.14 (11th Cir. 2003) ("[A]ny counterclaims that may be permitted in a class action are not governed by Rule 13 and ***are purely discretionary with the court***." (internal quotation marks omitted)). And for the reasons stated above, the Court denies SpeedyPC leave to file its counterclaim against the absent Class members.

---

[1] Citing *Publicis Communication v. True North Communications Inc.*, 132 F.3d 363, 366 (7th Cir. 1997), Beaton argues that SpeedyPC "safely may omit" its counterclaim from pending litigation because Beaton "promises not to assert any defense based on the theory that Rule 13(a) required SpeedyPC to file a counterclaim in this action." (Pl.'s Supp. Brief at 2, Dkt. No. 262.) While this may be true, Beaton's promise does not warrant this Court's denial of SpeedyPC's motion for leave to file its counterclaim. After all, *Publicis* merely stands for the proposition that "[p]reclusion is an affirmative defense . . . subject to contractual adjustment by the parties." And here, there is no indication that SpeedyPC is contractually bound not to assert its compulsory counterclaim; therefore, *Publicis* is inapplicable.

      For the foregoing reasons, SpeedyPC's motion for leave to file its counterclaim is granted to the extent that the counterclaim is asserted against Beaton only and not the Class.

Dated: August 6, 2019                          _____
                                                   Andrea R. Wood
                                                   United States District Judge