IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SPEEDYPC SOFTWARE, a British Columbia company.<br><br>*Defendant*. | Case No. 1:13-cv-08389<br><br>Honorable Andrea R. Wood |

**PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF KYLE FLOOD**

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................................. 1

**BACKGROUND** ............................................................................................................................... 2

**LEGAL STANDARD** ....................................................................................................................... 5

**ARGUMENT** ................................................................................................................................... 5

**I.**     **Failure to Disclose a Fact Witness that is Not Justified or Harmless Is Automatically Excluded Under Rule 37** .................................................................................................. 6

    **A.**   **Flood is a fact witness who was never disclosed to Plaintiff as required by Rule 26(a)(1)** ............................................................................................................... 7

    **B.**   **SpeedyPC cannot show that its violation was substantially justified or harmless** ............................................................................................................... 10

**II.**    **Expert Reports that Fail to State Underlying Methodology, Bases, or Reasons for Statements Expressed Therein Must Be Excluded** ........................................................ 12

    **A.**   **Flood Needed to Comply with Rule 26(a)(2)(B)** ........................................... 12

    **B.**   **Flood Failed to Comply with Rule 26(a)(2)(B)** ............................................ 13

**CONCLUSION** ............................................................................................................................... 15

# TABLE OF AUTHORITIES

**United States Supreme Court Cases:**

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ................................................................................................................ 2

**United States Circuit Court of Appeals Cases:**

*Bronk v. Ineichen*,
    54 F.3d 425 (7th Cir. 1995) .................................................................................................... 11

*Cripe v. Henkel Corp.*,
    858 F.3d 1110 (7th Cir. 2017) ................................................................................................ 13

*David v. Caterpillar, Inc.*,
    324 F.3d 851 (7th Cir. 2003) .................................................................................................. 10

*Gicla v. United States*,
    572 F.3d 407 (7th Cir. 2009) .................................................................................................. 15

*Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*,
    849 F.3d 355 (7th Cir. 2017) .................................................................................................. 12

*Hammel v. Eau Galle Cheese Factory*,
    407 F.3d 852 (7th Cir. 2005) .................................................................................................... 9

*Kenosha Liquor Co. v. Heublein, Inc.*,
    895 F.2d 418 (7th Cir. 1990) .................................................................................................. 13

*Klonoski v. Mahlab*,
    156 F.3d 255 (1st Cir. 1998) .................................................................................................... 9

*Metavante Corp. v. Emigrant Sav. Bank*,
    619 F.3d 748 (7th Cir. 2010) .................................................................................................. 13

*Musser v. Gentiva Health Servs.*,
    356 F.3d 751 (7th Cir. 2004) ........................................................................................ 1, 6, 10

*Salgado v. General Motors Corp.*,
    150 F.3d 735 (7th Cir. 1998) ......................................................................................... 2, 5, 13

*Tribble v. Evangelides*,
    670 F.3d 753 (7th Cir. 2012) .................................................................................................... 6

*Wilson v. AM Gen. Corp.*,
　　167 F.3d 1114 (7th Cir. 1999) ............................................................................................. 9

**United States District Court Cases:**

*Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condo. Ass'n*,
　　2002 WL 356483 (N.D. Ill. Mar. 5, 2002) ........................................................................... 6

*Civix-DDI, LLC v. Cellco P'ship*,
　　387 F. Supp. 2d 869 (N.D. Ill. Sept. 14, 2005) ................................................................. 13

*Downhole Stabilization Rockies Inc. v. Reliable Field Services LLC*,
　　No. 15-CV-226-J, 2017 WL 3473213 (D. Wyo. Mar. 23, 2017) ......................................... 3

*Empire Med. Review Servs., Inc. v. CompuClaim, Inc.*,
　　13-CV-1283, 2018 WL 5823660 (E.D. Wis. Mar. 16, 2018) .............................................. 9

*Moriconi v. Koester*,
　　No. 11-CV-3022, 2014 WL 3704797 (C.D. Ill. July 25, 2014) ......................................... 13

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*,
　　15 C 1067, 2018 WL 6725873 (N.D. Ill. Dec. 21, 2018) ................................................ 7-9

*Passarella v. NFI Interactive Logistics, LLC*,
　　2016 WL 6134541 (N.D. Ill. Oct. 20, 2016) ..................................................................... 10

*Poulter v. Cottrell, Inc.*,
　　2014 WL 5293595 (N.D. Ill. June 24, 2014) .................................................................... 13

*Ty, Inc. v. Publications Intern., Ltd.*,
　　2004 WL 421984 (N.D. Ill. Feb. 17, 2004) .................................................................. 7, 12

*Ty Inc. v. Softbelly's Inc.*,
　　2006 WL 5111124 (N.D. Ill. Apr. 7, 2006) ........................................................................ 6

*U.S. v. Dunn*,
　　2007 WL 1100754 (N.D. Ill. April 12, 2007) ................................................................... 10

*U.S. ex rel. Fago v. M & T Mortg. Corp.*,
　　518 F. Supp. 2d 108 (D.D.C. 2007) ................................................................................. 10

**Rules and Statutory Provisions:**

Fed. R. Civ. P. 26(a) ................................................................................................... *passim*

Fed. R. Civ. P. 37(c) ................................................................................................... *passim*

**INTRODUCTION**

On September 23, 2019 Defendant SpeedyPC Software ("SpeedyPC") submitted an expert report, "Report of Kyle Flood Rebutting the Report of Plaintiff's Expert Chuck Easttom" ("Flood Report"), attached hereto as Exhibit A, that was aimed at rebutting the topics addressed by Plaintiff's expert report ("The Easttom Report"). In lieu of what was supposed to be routine Rule 26(a)(2) disclosures between the parties, Kyle Flood's ("Flood") testimony raises troubling deficiencies that warrant automatic and mandatory exclusion pursuant to Rule 37(c)(1) for two independent reasons.

First, SpeedyPC failed to disclose Flood as a fact witness in direct violation of Rule 26(a)(1). Flood prepared his report entirely on the basis of his personal knowledge as an employee of SpeedyPC. This makes Flood a fact witness, not an expert witness. SpeedyPC erred in not disclosing Flood as a fact witness during fact discovery: it did not disclose him in initial disclosures or any subsequent amendments, as required by Rule 26(a)(1), until *after* the parties' meet and confer on the instant motion (in a transparent and long overdue attempt to remedy this failure), and it did not identify Flood in response to pertinent interrogatories served by Plaintiff. When a party fails to provide disclosures required by Rule 26(a), the sanction of exclusion under Rule 37(c)(1) is "automatic and mandatory." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

Second, the Flood Report fails to comport with Rule 26(a)(2) expert disclosure requirements because Flood relies on conclusory statements and fails to state any underlying methodology, bases, or reasons for the statements expressed therein. Reports must be "detailed and complete" and must contain some discussion of their reasoning and thought process or they

1

are automatically excluded. *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998).

SpeedyPC does not come close to satisfying Rule 26(a)'s disclosure rules. Accordingly, Plaintiff Beaton respectfully requests that the Court grant his Motion to Exclude Flood's Testimony.[1]

## BACKGROUND

Since the 2014 initial disclosure deadline, SpeedyPC has known that Flood was an individual possessing discoverable information. However, on at least two separate occasions, it failed to list him as a witness that it intended to rely upon in its initial disclosures and amended disclosures. *See* Exhibit B and Exhibit C, attached.

In his interrogatories, Plaintiff also asked SpeedyPC to disclose the names of individuals with knowledge of SpeedyPC's software. *See* Def.'s Responses to Pl.'s First Set of Interrogatories No.'s 2, 5, and 7, attached hereto as Exhibit D. Yet, SpeedyPC did not disclose Flood's name, even though—as is clear from the Flood Report—he does possess knowledge that would have warranted disclosure at that stage:

- Identify each Person who has knowledge of, or provided information for Your Responses to, Plaintiff Beaton's First Set of Requests for the Production of Documents and Information to Defendant SpeedyPC Software, and state the scope and substance of their knowledge. *See* Ex. D, Def.'s Response to Pl.'s Interrogatory No. 2.

- Identify each of Your current or former officers, directors, employees and agents, or any third-parties, who participated in any capacity in testing the Software's functionality prior to its public release. *Id.* at No. 5;

---

[1] It should be noted that this is not a motion pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), in which Plaintiff contests Kyle Flood's qualifications or the reliability of his opinions. Plaintiff has not yet had the opportunity to depose Flood, and therefore reserves the right to challenge Flood's testimony and status as an expert on any other ground, including a *Daubert* challenge, should Flood be allowed to testify.

2

- Identify each of Your current or former officers, directors, employees and agents, or any third-parties, who participated in any capacity in the creation, development and/or maintenance of the www.speedypc.com website, Including all statements on the website Concerning the design and/or functionality of the Software, during the Relevant Time Period. *Id.* at No. 7.

In fact, Flood was not formally disclosed as a witness until September 23, 2019 when SpeedyPC served its expert witness disclosure. *See* Ex. A. Up until this point, Plaintiff was completely unaware that SpeedyPC intended to rely on Flood's personal knowledge and testimony to support its claims or defenses.[2]

Flood is the current Director of Development for SpeedyPC. *See* Flood Report at 4. He has been an employee of SpeedyPC for twelve years, since 2007. *See id.* at 14-16. Flood's report is thirteen pages, the last three of which are a printout of his LinkedIn profile page. In the remaining ten pages, Flood relies on his inside knowledge of SpeedyPC Pro's internal programming to nitpick minor assumptions that were made by Easttom. Though Flood criticizes the experimental design, tools, and methods that support Easttom's analysis, Flood makes no attempt to perform a scientific analysis of his own. Flood introduces no tools, uses no methods, and has no experimental design. Flood's expert rebuttal report has six main opinions in response to Easttom's report:

- *Opinion 1:* The version of SpeedyPC Pro tested by the Easttom is outdated because "[t]he behavior of SpeedyPC Pro in that environment is completely unknown on that system." *See* Flood Report at 4;

---

[2] For the sake of completeness, Plaintiff notes that Flood's name came up during depositions of other SpeedyPC employees, but that is irrelevant for the purpose of this motion as nothing gave an indication that SpeedyPC intended to use Flood in support of its defenses. *See Downhole Stabilization Rockies Inc. v. Reliable Field Services LLC*, No. 15-CV-226-J, 2017 WL 3473213, at *3 (D. Wyo. Mar. 23, 2017); *Nat'l Union Fire Ins. Co. of Puttsburgh v. Tyco Integrated Sec., LLC*, No. 13-CIV-80371, 2015 WL 11251736, at *1 (S.D. Fla. July 29, 2015) (acknowledging that courts in multiple circuits have noted that a party's mere knowledge of the existence of a witness is insufficient to satisfy Rule 26(a)(1)).

- *Opinion 2:* The version of the Anti-Malware Engine used has been out of use for five years and "cannot detect any malware at all as none of the systems are online at all any more." *Id.*;

- *Opinion 3*: Easttom's controlled test environment was flawed and "contradicted later in the test." *Id.*;

- *Opinion 4:* Easttom's claim that SpeedyPC Pro does not improve system-performance fails because "there is nothing done to compare system start up times, app launch times, web page loading times, or any other commonly used performance benchmark." *Id.*;

- *Opinion 5:* That details about DLLs components are irrelevant because "SpeedyPC Pro does not actually report DLLs themselves as issues …" *Id.* at 5; and

- *Opinion 6:* Files with the extensions .log, .bak, .tmp, etc. are "[in] reality … often left behind and never cleaned up long after they are useful" and "can start to impact system performance." *Id.*

The bulk of Flood's report is a repetition of a pattern in which Flood identifies a perceived flaw or gap in Easttom's analysis, and then offers some attempt at a refutation. This always rests on Flood's inside knowledge of the software and never invokes externally verifiable or reproducible data:

- "Expert states 'Users have reported problems with Windows running normally after using a registry cleaner program that deleted the .Net framework dlls'. This statement is irrelevant, as SpeedyPC Pro doesn't remove DLLs at all." Flood Report ¶ 72;

- "Expert states 'that SpeedyPC Pro does not even identify different cookies. It simply identifies the cookies file, and assumes all cookies are a problem. This is inaccurate and misleading'. SpeedyPC Pro only lists cookies as a privacy concern, not as a system problem. SpeedyPC Pro don't identify specific cookies because for the sake of privacy you want to clean all cookies, not just select ones." *Id.* ¶ 82;

- "Expert notes that even SpeedyPC Pro's site uses cookies. It does, and SpeedyPC Pro would also clean those cookies as part of a privacy cleaning. Again, cookies themselves are not a problem, except in terms of privacy online and on the system." *Id.* ¶ 83;

4

These statements—and all others in the report—are offered without any underlying justification or reference to methodology. Flood claims at the outset that he relied on not only the Easttom Report but also other "materials referenced in my report." *See* Flood Report at 4. Notwithstanding this claim, Flood does not reference any materials, cite any external sources, or offer any verifiable or reproducible tests.

SpeedyPC's expert report attempts to put the weight of expert testimony behind an inference that is not based on anything more than Flood's personal knowledge of SpeedyPC Pro software and relies on conclusory statements without any explanation as to the bases and reasons behind them.

## LEGAL STANDARD

Rule 37(c)(1) sets forth a framework for deciding whether a party's witness should be excluded if that party fails to comply with Rule 26(a)'s disclosure requirements. The party to be sanctioned bears the burden of showing that its violation of Rule 26(a) was either "substantially justified" or "harmless." Fed. R. Civ. P. 37(c). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado*, 150 F.3d at 742.

## ARGUMENT

The Flood Report should be excluded and SpeedyPC should be precluded from using Flood as an expert because (1) SpeedyPC failed to disclose Flood as a fact witness in violation of Rule 26(a)(1) and cannot show substantial justification or lack of harm; and (2) the Flood Report fails to comport with the requirements outlined under Rule 26(a)(2) because it relies on conclusory statements and fails to state any methodology, bases, or reasons for opinions expressed therein.

5

**I.      Failure to Disclose a Fact Witness that is Not Justified or Harmless Is Automatically Excluded Under Rule 37.**

Flood relies heavily on his personal knowledge of SpeedyPC Pro software as a longtime employee of SpeedyPC. Flood's role is properly categorized as a fact witness, but Flood was not disclosed to Plaintiff during initial disclosures or in SpeedyPC's answers to relevant interrogatories. He must be excluded.

Under Federal Rule of Civil Procedure 26(a)(1), a party must disclose the name, address, and phone number of each potential witness "likely to have discoverable information" that the disclosing party "may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). The core purpose of the Rule is to identify potential witnesses in a case so that they may be deposed during discovery and so that the opponent does not have to guess who might be a witness and depose all potential witnesses in connection to the matter. *Ty Inc. v. Softbelly's Inc.*, 2006 WL 5111124, at *6 (N.D. Ill. Apr. 7, 2006).

If a party fails to provide information or identify a witness, he or she "is not allowed to use that information or witness to supply evidence" at trial unless the failure was "substantially justified" or is "harmless." Fed. R. Civ. P. 37(c)(1); *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condo. Ass'n*, 2002 WL 356483, at *4 (N.D. Ill. Mar. 5, 2002) ("The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial… without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery."). Accordingly, exclusion is "automatic and mandatory" absent a showing that a violation was justified or harmless. *Musser*, 356 F.3d at 758; *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012).

SpeedyPC failed to disclose Flood as a fact witness and cannot meet its burden of showing that its actions were justified or harmless.

6

### A. Flood is a fact witness who was never disclosed to Plaintiff as required by Rule 26(a)(1).

SpeedyPC has violated its most basic affirmative duty under Rule 26(a)(1) by failing to disclose persons "likely to have discoverable information"—namely by failing to disclose the name and address of Kyle Flood, a current employee of SpeedyPC, who clearly has pertinent information related to the claims of this lawsuit. *See Ty, Inc. v. Publications Intern., Ltd.*, 2004 WL 421984 at *1 (N.D. Ill. Feb. 17, 2004) (noting that "belated identification of people with knowledge relevant to the issues in this case" violates Rule 26).

As the current Director of Development at SpeedyPC, Flood clearly has discoverable information relevant to the very issues in this case—namely the functionality of SpeedyPC Pro. In fact, Flood has worked at SpeedyPC since 2007, where he has held a number of roles including Senior Software Engineer, Assistant Software Development Manager, and Software Development Manager. *See* Flood Report at 14. It is understandable why SpeedyPC would want to use Flood as a fact witness given his apparently extensive knowledge of SpeedyPC Pro's software. But doing so requires disclosure under Rule 26(a), which SpeedyPC failed to provide.

Moreover, a review of the Flood Report reveals that its author has intimate knowledge of the software, beyond what an expert witness might be able to determine. *See Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, 15 C 1067, 2018 WL 6725873, at *3 (N.D. Ill. Dec. 21, 2018) (Kennelly, J.) ("A great deal of what is included in Clark's original report is, quite simply, fact testimony, and nearly all of the rest of it is opinion testimony that is dependent on and closely intertwined with the fact testimony."). For example, Flood discusses specific steps that are programmed into the software's source code, including which files will be accessed or ignored by the software's scanning function:

- "SpeedyPC Pro reports registry with invalid paths to shared DLLs … The software does not go looking for DLLs at all on the system, except to find if they exist where a registry entry claims they do …" Flood Report ¶ 37-38;

- "To clarify, the Kaspersky engine was used to clean detected malware. SpeedyPC Pro did only scan and remove malware that was currently running on the system. It did not search directories. SpeedyPC Pro was not an AV product." *Id.* ¶ 140;

- "SpeedyPC Pro does not examine DLLs at all, in any way shape or form. It looks at registry entries that point to the location of shared DLLs, and marks these entries for deletion if they no longer resolve to the file indicated." *Id.* ¶ 191.

Beyond just the software's function, Flood reveals that he even has knowledge of the software's development process:

- "This is a period of time when SpeedyPC Pro was in active development. There would have been numerous defect fixes, workflow improvements, white labels, globalization changes, and more occurring in this time" *Id.* ¶ 113;

An independent expert might be able to make determinations regarding the finished software product, but would have no way to describe the changes and choices made by company employees during development that influenced the final product. If SpeedyPC wanted to rely on Flood's knowledge of that type of information, it needed to disclose him at the appropriate time so that Beaton could depose him as a fact witness. *See Oil-Dri*, 2018 WL 6725873, at *3 ("If [defendant] had disclosed [expert] as a fact witness in a timely fashion—in other words, during the period of fact discovery—[plaintiff] would have been able to take discovery to gather evidence to attempt to refute [expert's] contentions regarding the historical events that underlie his opinion testimony.").

Though fact witnesses are not required to be disclosed if their fact testimony is used "solely for impeachment"—this exception is inapplicable here. Rule 26(a)(1)(A)(i). Where

8

evidence can be used for both impeachment and substantive purposes, the exception does not apply. *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 870 n.13 (7th Cir. 2005); *see also Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (excluding testimony that contradicted testimony of another witness because the testimony was "part of [the defendant's] primary line of defense"). Flood's proposed testimony is clearly offered for more than just impeachment. He seeks to testify to issues at the core of Plaintiff's case: whether the software actually does what SpeedyPC promised it would do. *See, e.g.*, Flood Report ¶ 89 (offering evidence that SpeedyPC purportedly operated as advertised); *id.* at ¶¶ 140, 159, 202 (stating that SpeedyPC was not an anti-virus product and "never advertised itself as an AntiVirus software solution"); *id.* ¶ 213 (proposing to testify that SpeedyPC's functionality is "valuable").[3] This evidence "tend[s] to establish the truth of a matter to be determined by the trier of fact" and therefore does not fall under the exception, even if it also contradicts Plaintiff's expert's opinions. *See Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998) (cited approvingly by *Hammel*, 407 F.3d at 870 n.13).

"It is readily apparent here that [SpeedyPC] has attempted to end-run the requirements of Rule 26(a)(2), as well as the separation of fact discovery (completed earlier) and expert discovery, by repackaging [Flood] as an expert." *See Oil-Dri*, 2018 WL 6725873, at *3 (excluding testimony of defense expert witness because he was a fact witness who defendant failed to disclose until "well after the end of fact discovery"). Both Flood's status as an employee of SpeedyPC and his reliance on knowledge therefrom in his report readily demonstrate that

---

[3] To the extent that SpeedyPC wants to use Flood as an expert to impeach Easttom's credibility (such as by calling him "lazy" or "biased") rather than contradict his testimony, that's not allowed either. *See Empire Med. Review Servs., Inc. v. CompuClaim, Inc.*, 13-CV-1283, 2018 WL 5823660, at *3 (E.D. Wis. Mar. 16, 2018) ("[T]he assessment of bias is such a routine task for the finder of fact that it is doubtful it would ever be appropriate for an expert to opine as to the credibility of another witness.").

9

Flood was a person with discoverable information. If SpeedyPC wanted to rely on his testimony, it had to disclose him at the appropriate time. "In sum, because [Flood] was not disclosed as a fact witness—and," as explained below, "the non-disclosure is neither justified nor harmless," the Court should exclude his testimony. *See id.*

      **B.**      **SpeedyPC cannot show that its violation was substantially justified or harmless.**

Parties who ignore Rule 26(a)(1) run the risk of the imposition of sanctions unless they can show their violation was justified or harmless. *Musser*, 356 F.3d at 758 (7th Cir. 2004). SpeedyPC cannot succeed in showing either.

The Seventh Circuit has enumerated four factors to guide courts in determining whether failure to disclose witnesses was justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). SpeedyPC's conduct meets all four factors.

First, it is clear that Plaintiff has suffered prejudice. The failure to disclose witnesses—whether fact or expert—is not harmless. Failing to disclose Flood concerns a central issue: the fact that Plaintiff was deprived of the opportunity to depose Flood. *See U.S. ex rel. Fago v. M & T Mortg. Corp.*, 518 F. Supp. 2d 108, 114 (D.D.C. 2007) (noting plaintiff was prejudiced by defendant's non-disclosure of fact witnesses); *see also Passarella v. NFI Interactive Logistics, LLC*, 2016 WL 6134541 at *4 (N.D. Ill. Oct. 20, 2016) (noting that non-disclosure is not harmless when a party did not have an opportunity to depose). This case has been in litigation for years and reopening fact discovery at this stage would only impose "additional expense and delay." *U.S. v. Dunn*, 2007 WL 1100754, *4 (N.D. Ill. April 12, 2007). Moreover, SpeedyPC is

10

based in British Columbia, Canada and Plaintiff's counsel has already had to shuttle back and forth to Canada to take depositions at their own expense—which, by defense counsel's own admission, is an "arduous and time-consuming" process. *See* dkt. 58. Therefore, taking another deposition in Canada, of a witness who could have been deposed on a previous trip, would impose financial and other burdens that should not be borne by Plaintiff, in light of SpeedyPC's unjustified delay.

Next, at this late stage in the litigation, it is simply too late to cure any deficiencies or prejudice without needlessly prolonging the litigation in a case that has already been pending for over half a decade. SpeedyPC's actions over the course of those years have made it clear that it intends to act disruptively. Offering the testimony of an undisclosed fact witness at trial in violation of Rule 26(a)(1) is only the latest dilatory tactic in that regard. It should have been, and likely was, clear to SpeedyPC from the outset that Flood's testimony regarding the SpeedyPC Pro software might have significance. Its failure to disclose him in an appropriately timely manner already is impacting this case's progression to trial and, therefore, is neither justified nor harmless. *See, e.g.*, *Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995) (ordering a new trial and excluding witness testimony when "[i]t should have been clear" to a party who never disclosed the witness that that witness's testimony would be significant at trial).

Finally, though there is not yet direct evidence of bad faith in SpeedyPC's failure to disclose Flood, there is certainly an element of willfulness. It is clear Flood had discoverable information that required disclosure under Rule 26(a)(1) because SpeedyPC relied on Flood's personal knowledge to rebut Plaintiff's expert report. Moreover, not only did SpeedyPC have years to disclose Flood as a fact witness—and failed to do so—Flood has also worked for SpeedyPC for twelve years since 2007, so it cannot therefore claim that it did not know of Flood

11

prior to the close of initial discovery in May 2014. *See Publications Intern., Ltd*, 2004 WL 421984 at *2 (excluding testimony from fact witnesses where proponent's choice "not to name these . . . witnesses when discovery was open or shortly thereafter" required exclusion under Rule 37).

Accordingly, SpeedyPC is unable to demonstrate any substantial justification or lack of harm for its failure to comply with Rule 26(a)(1), and the Court should therefore preclude Flood from testifying as a fact witness in the guise of an expert.

## II. Expert Reports that Fail to State Underlying Methodology, Bases, or Reasons for Statements Expressed Therein Must Be Excluded.

SpeedyPC offers Flood as an expert and his report as expert testimony. Setting aside whether Flood is a qualified expert (which will be the subject of a later motion, if necessary), the report is deficient. Because Flood wasn't disclosed as a fact witness, and because SpeedyPC treats him as a retained expert, his report must comply with Rule 26(a)(2)(b). However, the expert report contains only conclusory statements and fails to provide the basis and reasons for any of his opinions whatsoever. Rule 26(a)(2) does not allow unsupported conclusory statements, and therefore the Flood Report must be excluded.

### A. Flood Needed to Comply with Rule 26(a)(2)(B).

Rule 26(a)(2) contemplates two types of experts, which are treated somewhat differently. A retained expert must provide a "full-fledged expert report[] under Rule 26(a)(2)(B)," while a "hybrid fact/expert witnesses" is permitted to "testify from the personal knowledge they gained on the job" after providing only the abbreviated report required by Rule 26(a)(2)(C). *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 370-71 (7th Cir. 2017). However, hybrid experts cannot "testify[] as if they were retained experts," such as by offering opinions on "information they learned solely through … litigation." *Id.* at 371.

12

Critically, hybrid witnesses still have to be disclosed as a fact witness. *Moriconi v. Koester*, No. 11-CV-3022, 2014 WL 3704797, at *2 (C.D. Ill. July 25, 2014); *see also Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 884 (N.D. Ill. Sept. 14, 2005) (St. Eve, J.).

Here, Flood wasn't disclosed as a fact witness, so it is too late to treat him as a hybrid witness. Further, SpeedyPC is treating Flood like it would treat a retained expert and is seeking to have him opine on matters beyond just facts, such as the manner in which Easttom tested the software. *See* Flood Report Summary at 4 (discussing benchmarking software, test environments, and the expert's system—none of which are based on Flood's personal experience). Accordingly, Rule 26(a)(2)(B) applies, and as discussed in detail below, Flood's report fails to comply.

### B. Flood Failed to Comply with Rule 26(a)(2)(B).

Expert reports must comply with the requirements set forth in Rule 26(a)(2)(B), which include, *inter alia*, "a complete statement of all opinions" the retained expert will provide, the "basis and reasons for them" and all "facts or data considered by the witness in forming them." *Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017). Expert reports must be "detailed and complete," and they must include the "how" and the "why" the expert reached a particular result, and not merely the expert's conclusory opinions. *Salgado*, 150 F.3d at 741 n.6. "Expert testimony may not consist of nothing more [than] the 'bottom line' supported solely by the witness's status as an expert[,]" *Poulter v. Cottrell, Inc.*, 2014 WL 5293595 at *4 (N.D. Ill. June 24, 2014) (citing *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748 (7th Cir. 2010)), and is "worthless without data and reasons." *Kenosha Liquor Co. v. Heublein, Inc.*, 895 F.2d 418, 420 (7th Cir. 1990). Failure to comply with expert disclosure requirements warrant "automatic and mandatory" exclusion under Rule 37(c)(1). *Salgado*, 150 F.3d at 742.

Flood's report makes unsupported statements without providing the "basis and reasons" for his conclusions. Instead, he leaps to conclusions based upon none of his own data analysis or software tests and relies on, presumably, nothing more than his own personal knowledge of SpeedyPC Pro—*see, e.g.*:

- "SpeedyPC Pro reports the files that will be affected during a privacy clean, which includes removing history of sites visited, last tab information, cookies left behind by sites visited, etc." *See* Flood Report ¶ 81.

- "SpeedyPC Pro is correctly identifying every browser the user has installed (in this case Internet Explorer, Edge, Chrome, and Firefox) and listing the files for each browser it will clean to remove details of the user's activity from the computer, making it unavailable for others to see or browsers to provide to sites visited. SpeedyPC Pro does not analyze the details of these files, it simply reports them, and cleans them if the user wants them cleaned." *Id.* ¶ 79;

- "In fact the only conclusion that can actually be drawn from the report at all is that when a SpeedyPC Pro was used to scan and clean run on three different systems it had no negative effects on it, and instead had positive effects." *Id.* ¶ 215.

These statements—as with most of the others in the report—are offered without any underlying justification or reference to methodology. The omission of any methodology, standardized tests, or reference materials is particularly glaring with respect to Flood's statements regarding SpeedyPC Pro's functionality. For example, Plaintiff has no way of determining how Flood arrived at his conclusions that SpeedyPC Pro "correctly" identifies "every browser the user has installed" or that SpeedyPC Pro actually "had positive effects." Flood Report ¶¶ 79, 215. Relying on personal knowledge might be acceptable for a hybrid witness, but as discussed above, Flood isn't eligible for that treatment.

Worse, Flood provides opinions *outside* his knowledge of the software that still don't include any methodology. He opines, for example, on the results of the scan that Easttom

14

performed, even though he could not have learned anything about Easttom's computer from his work at SpeedyPC, discusses the software that is running on Easttom's system, criticizes Easttom's testing methodologies, and calls out a purported "inconsistency" in Eastom's results. Flood Report at 4-5; *id.* at 6-7, ¶ 43; *id.* at 8 ¶ 60. There is simply no way to ascertain from the Report how Flood was able to arrive at these conclusions, directly frustrating Rule 26's purpose to "avoid surprise and give the opposing party a full opportunity to evaluate the expert's methodology and conclusions and to respond appropriately." *Gicla v. United States*, 572 F.3d 407, 411 (7th Cir. 2009).

Pursuant to Local Rule 37.2 and the Court's standing order regarding discovery motion practice, Plaintiff's counsel has conferred with counsel for SpeedyPC by telephone on October 21, 2019 at 4:00 pm. The parties were unable to reach agreement.[4]

## CONCLUSION

For the foregoing reasons, Plaintiff Archie Beaton, by and through his undersigned counsel, respectfully requests that this Court enter an Order (i) excluding the Flood Report and precluding Kyle Flood from testifying as an expert or in any other capacity at trial; (ii) awarding Plaintiff's attorneys' fees and costs for the briefing on the motion to exclude pursuant to Rule 37(c)(1)(A); and (iii) granting any such further relief as it deems reasonable and just.

---

[4] Following the meet and confer, on October 22, 2019, counsel for SpeedyPC emailed Plaintiff's counsel a document titled "SpeedyPC Software Supplemental 26(a)(1) Disclosures" which purports to disclose Mr. Flood as a fact witness upon whose testimony SpeedyPC intends to rely at trial. *See* Exhibit E, attached. This belated "disclosure" comes only *after* the parties' meet and confer, months after the close of fact discovery, and clearly well after SpeedyPC knew that it intended to rely on Mr. Flood's testimony at trial. It should not change the Court's analysis here.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **ARCHIE BEATON**, individually and on behalf of all others similarly situated, |
| Dated: October 23, 2019 | By: /s/ Alexander G. Tievsky<br>Class Counsel |
|  | Benjamin H. Richman<br>brichman@edelson.com<br>Sydney M. Janzen<br>sjanzen@edelson.com<br>Alexander G. Tievsky<br>atievsky@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, 14th Floor<br>Chicago, Illinois 60654<br>Tel: 312.589.6370<br>Fax: 312.589.6378 |