IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHIE BEATON, individual and on behalf of all others similarly situated, ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) SPEEDYPC SOFTWARE, a British Columbia ) company, ) ) Defendant/Counter-Plaintiff. ) | Case No. 1:13-cv-08389<br><br>Judge Andrea R. Wood |

### SPEEDYPC'S RESPONSE TO PLAINTIFF'S
### MOTION TO EXCLUDE TESTIMONY OF KYLE FLOOD

Defendant/Counter-Plaintiff, SpeedyPC Software ("SpeedyPC"), by and through its attorneys, hereby submits its Response to Plaintiff Archie Beaton's Motion to Exclude Testimony of Kyle Flood (ECF 286).

### INTRODUCTION

Plaintiff has moved to exclude the testimony of Kyle Flood ("Flood"). For the reasons set forth herein, Plaintiff's motion should be denied.

In his motion Plaintiff makes personal attacks on SpeedyPC, arguing that "SpeedyPC's actions over the course of those years made it clear that it intends to act disruptively" and that its disclosure of Flood "is only the latest dilatory tactic". (ECF 286 at 15). There is no support for these baseless and unprofessional attacks, and they are contrary to the record. These types of personal attacks have no place in this or any litigation, and this Court has warned Plaintiff's counsel in the past about this type of behavior. Plaintiff and his counsel should be reprimanded for these unprofessional attacks. *See Corey H. ex rel. Shirley P. v. Bd. of Educ. of City of Chicago*, 2012 WL 3961707, *4 (N.D.Ill. Sept 10, 2012).

## FACTUAL BACKGROUND

### A. SpeedyPC's Disclosures of Witnesses and Flood

SpeedyPC identified numerous individuals its initial and amended Rule 26 disclosures who were employees of it at that time. (ECF 286-2, 286-3). On August 7, 2019 the Court granted Plaintiff's motion for extension of the expert disclosure deadline, requiring Plaintiff's expert disclosures by August 23, 2019, Defendant's expert disclosures by September 23, 2019 and all expert discovery to be completed by October 23, 2019. (ECF 276).

SpeedyPC timely submitted its expert disclosure of Flood on September 23, 2019. SpeedyPC also submitted a supplemental Rule 26 disclosure also identifying Flood as a potential fact witness on October 22, 2019. (ECF 286-5). On October 31, 2019 the Court entered an order providing that expert discovery remains open for the limited purpose of deposing Flood, if appropriate, based upon the Court's ruling on this motion. (ECF 288).

### B. Previous Disclosures of Flood in Discovery

Flood was disclosed by many of SpeedyPC's representatives in their depositions long ago in this case. This includes the depositions of Barry Dodd ("Dodd") and Gary Theobald ("Theobald") that were taken back in 2014 and Patrick Couchman ("Couchman") in 2016. During those depositions Flood's name was not just disclosed, but Flood was revealed as having knowledge of the Software, including its development and source code, and on which Plaintiff's counsel extensively examined those witnesses. (Exs. 1-3). Where as in this case, the objecting party learns the identity of a trial witness through written interrogatories or specific deposition testimony, a district court commits reversible error by excluding the witness. *Gutierrez v. AT&T Broadband*, 382 F.3d 725, 732-733 (7th Cir. 2004) (trial court did not abuse discretion in allowing a witness to testify where the individual was the express subject of deposition testimony); *Pietrucha v. Grant Hosp.*, 447 F.2d 1029, 1032 (7th Cir. 1971) (where the party

2

learned witness identity through interrogatories, a ruling that barred the witness under Rule 37 was "too narrow for substantial justice"); *Se-Kure Controls v. Van-Guard Prods.*, 2007 WL 781253 (N.D.Ill. Mar. 7, 2007) (denying a motion to exclude witness testimony where the moving party knew about the witness, but "made a strategic decision not to go forward with the depositions," reasoning that "[i]n law, as in life, choices have consequences"); *Cox v. Prime Fin. Mortgage*, 2006 WL 1049948 (N.D.Ill. Apr. 20, 2006) (denying a motion *in limine* to bar witnesses in a wrongful termination case and holding that the employer had no express obligation to supplement its Rule 26 disclosures where each witness at issue was identified by name during depositions and the subject of documents produced during discovery); *Fenje v. Feld*, 301 F.Supp.2d 781, 814-815 (N.D. Ill. 2003) (refusing to bar witness affidavits where the objecting party was "well aware" that the individuals could be potential witnesses such that no obligation to supplement under Rule 26(e) applied, and further finding no prejudice where the party "had adequate information on which to decide whether or not to depose [the witness]").

### C. Plaintiff's Last Minute Disclosure of New Expert

Plaintiff disclosed an expert witness in this case back in July 2016, Craig Snead. (Ex. 4). More than three years later, on August 23, 2019, the last day of the disclosure deadline, Plaintiff disclosed for the first time a new expert witness, Chuck Easttom ("Easttom"). (Ex. 5). Easttom's opinions were radically different than Snead's opinions. Snead only examined the free trial of the software, as opposed to the licensed software on which Plaintiff's claims are based. Conversely, Easttom examined and opined on the licensed software.

### D. Changes in Personnel and Flood's Ascended Role at SpeedyPC

SpeedyPC has experienced a large amount of employee attrition since its witness disclosures and interrogatory responses were made in this case. In fact, none of the employees SpeedyPC disclosed in its witness disclosures and answers to Plaintiff's interrogatories still

3

worked for SpeedyPC at the time Plaintiff disclosed Easttom or currently work for SpeedyPC. (Ex. 6, Flood Declaration ¶ 3). As a result of these departures, Flood has ascended to the roles at SpeedyPC that were previously handled by Couchman and Reid Garner ("Garner"). (Id. ¶ 4). That turnover is the reason SpeedyPC had to turn Flood to evaluate Easttom's report. Had those employees not left SpeedyPC's employment, SpeedyPC would have had one of them evaluate Easttom's opinions. This fact negates Plaintiff's suggestion that not disclosing Flood earlier was willful.

## ARGUMENT

### A. Standards

There is a preference in the federal system that trials be determined on the merits, and not on constructions of the Federal Rules of Civil Procedure that operate needlessly in a given case to deprive a party of its right to have a merits-based determination of a claim. *Torres v. Oakland Scavenger,* 487 U.S. 312, 316 (1988); *Salgado by Salgado v. Gen. Motors*, 150 F.3d 735, 739 (7th Cir. 1998) ("[i]n the normal course of events, justice is dispensed by the hearing of cases on their merits.").

Federal Rule of Civil Procedure 37(c)(1) provides that a court may preclude a witness from testifying or impose other sanctions if a party fails to disclose an expert witnesses as required by Rule 26(e) unless the failure was substantially justified or is harmless. Rule 37(c)(1) gives the court "wide discretion to fashion a remedy or sanction as appropriate." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). However, the court's "discretion narrows as the severity of the sanction or remedy it elects increases." *Id.*; *ELCA Enterprises v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995) ("Exclusion of evidence is a harsh penalty, and should be used sparingly.").

4

### 1. Flood Should Not Be Barred From Testifying

Plaintiff concedes that his motion does not contest Flood's qualifications or the reliability of his opinions. (ECF 286 at 6 n.1). Instead, the sole bases for Plaintiff's attempt to bar Flood is the timeliness of his disclosure and alleged lack of support in his report. These arguments fail.

Judges have vast discretion in supervising discovery and in declining to impose discovery sanctions and exclude evidence. *See Crawford-El v. Britton*, 523 U.S. 574 (1998); *Commonwealth Ins. v. Titan Tire*, 398 F.3d 879, 888 (7th Cir. 2004); *Salgado*, 150 F.3d at 739. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares v. Mogi Trading*, 100 F.3d 1353, 1363 (7th Cir. 1996).

The Seventh Circuit has urged district courts to carefully consider Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions that are outcome determinative. *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003). Sanctions are supposed to be proportionate to the prejudice caused by the discovery misconduct and courts are to consider the surrounding circumstances. *Id.* Harsh sanctions are to be employed only as a last resort. *Id.* at 786. Further, there is a "well-established public policy favoring hearing cases on the merits." *Id.*; *see also Chiperas v. Rubin*, 1998 WL 765126, *7 (D.D.C. Nov. 3, 1998) (disqualification of expert on facts of case would be an abuse of discretion). The sanction of preclusion of evidence such as that sought by Plaintiff here is a harsh punishment which should be imposed only in the most extreme circumstances. *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cit. 1993); *Allstate Ins. v. Electrolux Home Prods.*, 840 F.Supp.2d 1072, 1082 (N.D. Ill. 2012); *Yow v. Cottrell*, 2007 WL 2304125, *9-10 (S.D.Ill. Aug. 3, 2007); *Konstantopoulos v. Westvaco*, 112 F.3d 710, 719 (3d Cir. 1997) ("the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a

court order by the proponent of the evidence."); *Update Art v. Modiin Pub.,* 843 F.2d 67, 71 (2d Cir. 1988) (noting that the "harshest sanctions available are preclusion of evidence and dismissal of the action" and "should be imposed only in rare situations."); *Paramount Pictures v. Davis,* 234 F.R.D. 102, 111 (E.D. Pa. 2005) ("In choosing an appropriate sanction for the spoliation of evidence, courts should select the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim."); *Kremsner v. Fortuna-Sas,* 1989 WL 70687, *1 (E.D.Pa. Jun. 23, 1989) ("Preclusion of testimony ... [is an extreme sanction] to be imposed only in rare situations. Disqualification of an expert witness is rare and may be very difficult and costly").

The following factors should guide the Court's discretion on this issue: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar,* 324 F.3d 851, 857 (7th Cir. 2003). Here these factors weigh against Flood being barred. First, Plaintiff is not surprised and has long been aware of Flood and his involvement with the Software. Second, SpeedyPC can cure any prejudice by submitting Flood for a deposition, which the Court's schedule has specifically preserved. Third, there is no disruption to any trial, as no trial date has been set. Fourth, there is no bad faith or willfulness in not disclosing Flood earlier. SpeedyPC did not have the need to rebut Easttom's opinions until they were disclosed at the last minute by Plaintiff on August 23, 2019. SpeedyPC could not ask its previously disclosed employees who were disclosed as witnesses to review Easttom's opinion, as they no longer worked for SpeedyPC at that time and are no longer under SpeedyPC's control. As a result, SpeedyPC was forced to refer the issue to Flood, who had taken over the role of the previously disclosed employees at SpeedyPC. Under the circumstances the Court should deny Plaintiff's Motion. *Cf.*

*Brandon v. Village of Maywood*, 179 F.Supp.2d 847, 860 (N.D. Ill. 2001); *Spearman Indus. v. St. Paul Fire & Marine Ins.*, 138 F.Supp.2d 1088, 1094-95 (N.D.Ill. 2001).

Plaintiff cites *David*, but that case refutes Plaintiff's argument. In *David*, the district court determined that the exclusion of the witness' testimony was not required under Rule 37. The district court noted that the witness was listed as a potential witness nearly a year and one-half before trial and the defendant did not seek a continuance so that it could obtain additional information to rebut the witness' testimony. In light of these facts, the district court determined that the defendant was not prejudiced by plaintiff's potential discovery violation. The district court also noted that there was no showing that plaintiff's counsel had acted in bad faith. *David*, 324 F.3d at 858.

Plaintiff relies on *Salgado*, but that case is easily distinguishable from this case. The party in *Salgado* "failed to comply with the court's deadline for the submission of the reports of expert witnesses," despite having sought and received two eleventh-hour extensions of the discovery deadline. *Salgado*, 150 F.3d at 737. Conversely, here Flood was timely disclosed in accordance with the Court's scheduling order.

### a. Flood is a Rebuttal Expert Used for Impeachment

Early in a case Rule 26 requires parties to disclose "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(i). Here, Flood at this time is being used solely to impeach the testimony of Plaintiff's expert Easttom. As Plaintiff concedes, fact witnesses need not be disclosed under Rule 26 if their testimony is used solely for impeachment. (ECF 286 at 12). That is the case here, as Flood was disclosed as a rebuttal expert to impeach Easttom's opinions. Out of abundance of caution, SpeedyPC also supplemented its fact witness disclosures to include

Flood. Contrary to Plaintiff's suggestion, Flood's testimony is not part of SpeedyPC's primary line of defense, but rather is limited to refuting Easttom's opinions.

### b. Flood Was Repeatedly Disclosed In Discovery

Rule 26 imposes a duty to later supplement initial disclosures if the disclosing party subsequently discovers their disclosures were "incomplete or inaccurate." Fed.R.Civ.P. 26(e)(1)(A). This duty only applies, however, when "the additional or corrective information has not otherwise been made known to the other parties during the discovery processor in writing". Fed.R.Civ.P. 26(e)(1)(A). The Advisory Committee notes explicitly recognized that the "otherwise made known" exception can apply "when a witness not previously disclosed is identified during the taking of a deposition." Fed.R.Civ.P. 26(e) Advisory Committee's note to the 1993 Amendments; *see also Llewellyn v. Allstate Home Loans*, 795 F.Supp.2d 1210, 1220 (D. Colo. 2011), *aff'd in part, rev'd on other grounds*, 711 F.3d 1173 (10th Cir. 2013).

Here the discussion of Flood as a potential witness was disclosed long ago to Plaintiff in the depositions and documents produced to Plaintiff, and further disclosed that Flood had potentially relevant information and may be called at trial. In his November 6, 2014 deposition, Dodd disclosed that Flood was the associate manager of software development that had been working for Paretologic for five to six years and had been promoted into the associate development role. (Ex. 1, Dodd 11/6/14 Dep. at 39-40, 46). In his November 6, 2014 deposition, Theobald testified that Flood was a software developer that worked on development. (Ex. 2, Theobald 11/16/14 Dep at 35, 70). In his response to Defendant's motion to dismiss pursuant to the *forum non conveniens* doctrine, Plaintiff cited Theobald's testimony that disclosed Flood, and Plaintiff's counsel raised Flood's name as someone who had worked on writing the source code. (Ex. 7, ECF 67-3 at 42). In his June 17, 2016 deposition, Couchman testified to Flood's development role at the company, that Flood would know the best practices

that Paretologic followed with respect to code development, and that Couchman referred Plaintiff's software development questions to Flood, and disclosed that Garner had left Paretologic, and that Flood handled issues raised in customer support to fix software applications. (Ex. 3, Couchman 6/17/16 Dep. at 98-99, 104, 115). Further, in the documents produced by Defendant in discovery Flood was prominently referenced, including documents that Plaintiff submitted in support of his motion for class certification. (ECF 125 Ex. 11).

Plaintiff's suggestion that Flood should have been listed in SpeedyPC's answers to interrogatories is wrong. Contrary to Plaintiff's suggestion, he did not ask SpeedyPC to "disclose the names of individuals with knowledge of SpeedyPC's software." (ECF 286 at 6). Further, Plaintiff's argument that SpeedyPC should have identified Flood in its answers to Plaintiff's interrogatories 2, 5 and 7 is wrong, as Flood had no knowledge of and did not provide documents or information to respond to Plaintiff's First Request for Production of Documents and Information, did not participate in testing the Software's functionality prior to its public release, and did not participate in the creation, development or maintenance of the www.speedypc.com website. (Ex. 6 ¶ 5).

### c. There is No Prejudice to Plaintiff

Contrary to Plaintiff's suggestion, he is not prejudiced by SpeedyPC's disclosure of Flood. The only prejudice cited, the purported inability to depose Flood, is meritless. Plaintiff still has the ability to depose Flood and, in fact, the Court has preserved Plaintiff's right to do so. *Cf. Design Strategies v. Davis,* 228 F.R.D. 210, 212 (S.D.N.Y. 2005) ("Even assuming that Defendants did violate some aspect of Rule 26(e) and that that violation is not substantially justified, though, the Court concludes that Rule 37(c)(1)'s automatic preclusionary sanction is not triggered because there is no basis on the record before the Court on which to find that permitting [the witness] to testify would unjustly harm [ the plaintiff]."); *Feltenstein v. City of*

*New Rochelle*, 2018 WL 3752874 (S.D.N.Y. 2018) (no prejudice as no trial date was set); *Port Authority Police Benevolent Ass'n v. Port Authority of New York and New Jersey*, 2018 WL 485980, *2 (S.D.N.Y. Jan. 19, 2018) (any prejudice to plaintiff may be ameliorated by the opportunity to depose the witnesses prior to trial); *L-3 Communications v. OSI Systems,* 2006 WL 988143, *11 (S.D.N.Y. Apr. 13, 2006). Flood can be deposed both as a fact and expert witness, and reopening fact discovery for this limited purpose poses no prejudice. Not only has not trial date been set in this case, no dispositive motion date has been set. Doing so would not in any way prolong or delay this case, as Plaintiff suggests. As for the expense in deposing Flood, that is an expense Plaintiff would have incurred anyway. If Plaintiff is concerned about travel costs, it can take Flood's deposition by videoconference or telephone, as it has done in the past with other SpeedyPC employees. (Ex. 8).

Plaintiff's argument is also refuted by the fact that Plaintiff himself previously argued to this Court that SpeedyPC should be allowed to call current employees, including Flood, to testify in place of previously identified individuals who had left SpeedyPC's employment. Specifically, in response to SpeedyPC's forum non conveniens motion Plaintiff argued:

> SpeedyPC's CEO and VP of Business Operations both confirmed that there are numerous *current* employees at the company that have the same (if not more) knowledge of the issues any former employee might testify to, thus alleviating the need for those former employees to testify or a compulsory process to get them to do so. (*See, e.g.,* Dodd Dep. at 79:8-12; 80:24-81:6; 86:17-18; 95:15-16; Theobald Dec. Dep. at 98:13-14, 22-23; 103:16; 108:4-15; 110:6-9; 114:4; 117:9-10; 120:21-22; 121:11; 128:24; 133:17; 134:10-11; 159:10-25; 180:4-14; 186:21-188:5); *see Chelios*, 2007 WL 178326, at *5.

(Ex. 7, ECF 67 at p.15). Notably, Plaintiff's reference to Theobald's deposition at page 159 was in specific reference to Flood. (Ex. 7, ECF 67-3 at p.42).

####    d.   There is No Bad Faith by SpeedyPC

While Plaintiff concedes there is no direct evidence of bad faith in Flood's disclosure, he nevertheless argues there is an "element of willfulness". (ECF 286 at 15). But this argument ignores the changes in personnel at SpeedyPC, and also ignores the fact that Flood was repeatedly disclosed as a SpeedyPC employee with knowledge of the Software in the depositions of SpeedyPC's employees going back to 2014.

####    e.   Flood's Report Was Not Required But Complies With Rule 26(a)(2)(B)

Finally, Plaintiff argues that Flood should be barred because his report does not comply with Rule 26. This argument also fails.

The Federal Rules of Civil Procedure divide potential witnesses into three categories for the purposes of disclosure. The first group, fact witnesses, must be disclosed by sending to the opposing party the name, address, and phone number (if known) of each potential witness. Fed.R.Civ.P. 26(a)(1)(A). This includes anyone "likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment," and the disclosure should identify the "subjects of the information." *Id.* The second and third groups, both consisting of witnesses providing expert testimony, are differentiated by the following rule:

> **(2) Disclosure of Expert Testimony**
>
> **(A)** In addition to the disclosures required [regarding fact witnesses], a party *shall disclose* to other parties the *identity of any person* who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> **(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, *with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report* prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other

> information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> **(C)** These disclosures shall be made at the times and in the sequence directed by the court…

Fed.R.Civ.P. 26(a)(2) (emphasis added). Thus, while *all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A);[2] only those witnesses "*retained or specially employed to provide expert testimony*" must submit an expert report complying with Rule 26(a)(2)(B). The commentary to Rule 26 supports this textual distinction between retained experts and witnesses providing expert testimony because of their involvement in the facts of the case: a "treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed.R.Civ.P. 26, cmt. 1993 Amendments, subdivision (a), para (2). All of these disclosures should be in writing, signed by counsel, and served on opposing counsel. Fed.R.Civ.P. 26(a)(4). Further, each disclosure should be delivered by the deadline for expert disclosures set by the trial judge under Rule 26(a)(2)(C).

Flood is a SpeedyPC employee whose duties do not regularly involve giving expert testimony and he was not retained or specially employed to provide expert testimony. (Ex. 6 ¶¶ 6-7). As a result, Flood falls under Rule 26(a)(2)(A), and no expert report from Flood was required. *See Downey v. Bob's Discount Furniture Holdings,* 633 F.3d 1, 6 (1st Cir. 2011) (witness whose opinion testimony arose "not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation" fell "outside the compass of Rule 26(a)(2)(B)"); *American Property Const. v. Sprenger Lang Foundation,* 274 F.R.D. 1, 4-5 (D.D.C. 2011) (construction contractors could testify as hybrids concerning information they

obtained and opinions they formed while performing construction tasks); *Beechgrove Redevelopment v. Carter & Sons Plumbing, Heating & Air-Conditioning*, 2009 WL 981724, *6 (E.D.La. Apr. 9, 2009) (architect, engineer, and accountants involved in renovation project could testify as hybrids based on their factual observations and professional analyses rendered during project); *Indianapolis Airport Authority v. Travelers Property Casualty*, 849 F.3d 355 (7th Cir. 2017) (we agree with the district court that Potosnak and Flandermeyer may testify regarding "facts that may contradict the facts underlying Travelers' experts' opinion"); *Indianapolis Airport Authority v. Travelers Property Casualty*, 2016 WL 2997506, *8 (S.D.Ind. May 23, 2016) (these witnesses may also identify those aspects of Travelers' experts' opinions with which they disagree, provided that their disagreement is factual in nature and arises from their experience on the Midfield Terminal project (as opposed to information they learned solely through the claim adjustment process or in litigation); *Metavante v. Emigrant Savings Bank*, 619 F.3d 748, 761 (7th Cir. 2010); *Burch v. U.S.*, 2014 WL 12605492, *1 (D.N.D. Dec. 2, 2014) ("Under the circumstances, the court finds that excluding plaintiffs' treating medical providers from testifying would be unduly harsh."); *GSI Group v. Sukup Mfg.*, 2008 WL 619319 (C.D.Ill. Mar. 3, 2008) ("GSI supplied the witnesses' expert reports in a timely fashion and made them available for expert depositions in a timely fashion. Sukup, thus, had all of the substantive information it would require about these witnesses in a timely fashion".)

Even if Flood were required to submit a report, his report complies with the law. As his report demonstrates, Flood provides extensive reasoning for his opinions. Flood does not just state that Easttom's opinions are baseless, but rather goes into detail, paragraph by paragraph, as to the fallacies in Easttom's opinions, and the reasons why he believes his opinions are faulty. (ECF 286-1). The fact that Flood knows the faulty basis for many of Easttom's methodology and opinions based on his personal knowledge of the Software does not disqualify him, as the

13

case law cited above demonstrates Flood is entitled to rely on that knowledge. As Plaintiff concedes, hybrid fact/expert witness are permitted to testify from personal knowledge they obtained on the job. (ECF 286 at 16). Plaintiff also concedes the fact that Flood is rebutting Easttom's methodology and opinions, as demonstrated by Plaintiff's references to Flood's Report at ¶¶ 79, 81 and 215. Plaintiff's reference to Flood's methodology fails, as Plaintiff concedes he is not challenging Flood's methodology in this motion. As for paragraphs 79 and 215, Flood cites to Microsoft support and Easttom's report itself as support for his opinions that SpeedyPC correctly identified every browser the user had installed and had positive effects. Plaintiff's argument that Flood does not reference any materials or cite any external sources is contrary to the record. Flood's report in fact contains cites to external sources. (ECF 286-1 at 7, 11, 14). Further, it is not uncommon for a witness, without providing an expert opinion based on specialized knowledge, to summarize complicated information in a form that enables the finder of fact to understand certain evidence. *See SEC v. Treadway,* 430 F.Supp.2d 293, 321-22 (S.D.N.Y. 2006) (denying motion to strike declaration of SEC staff accountant, who summarized financial evidence relating to trade activity based upon his review of brokerage statements).

## CONCLUSION

WHEREFORE, Defendant/Counter-Plaintiff, SpeedyPC Software, respectfully requests this Honorable Court deny Plaintiff/Counter-Defendant's Motion to Exclude Testimony of Kyle Flood, and for such further relief as this Court deems just and appropriate.

SPEEDYPC SOFTWARE

By: /s/James K. Borcia
One of Its Attorneys

James K. Borcia (*jborcia@tresslerllp.com*)
TRESSLER LLP
233 South Wacker Drive, 61st Floor
Chicago, IL 60606
(312) 627-4000

4824-9005-3290, v. 2

14