IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BEATON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 13-cv-08389 |
| v. | ) ) | Judge Andrea R. Wood |
| SPEEDYPC SOFTWARE, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

In this class action lawsuit, Plaintiff Archie Beaton has sued Defendant SpeedyPC Software ("SpeedyPC"), a Canadian computer software company. Beaton claims that SpeedyPC sold him a software product that did not live up to its advertised features of scanning for errors, optimizing computer performance, and protecting computers from malware. SpeedyPC has filed a counterclaim against Beaton individually, asserting that Beaton is obligated to indemnify SpeedyPC in connection with this action under the software's user agreement and that Beaton has breached the terms of that agreement. Beaton now has moved to dismiss SpeedyPC's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 277.) For following reasons, the Court grants Beaton's motion and dismisses SpeedyPC's counterclaim with prejudice.

## BACKGROUND

For purposes of Beaton's motion to dismiss, this Court accepts as true the well-pleaded facts in SpeedyPC's counterclaim and views them in the light most favorable to SpeedyPC. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019).

SpeedyPC sells software to diagnose and resolve computer performance problems. (Countercl. ¶¶ 7–8, Dkt. No. 275.) Beaton is an Illinois resident who bought SpeedyPC's software on August 24, 2012. (*Id.* ¶ 10.) Beaton requested a refund from SpeedyPC in February 2013, which SpeedyPC denied because the 30-day refund period had expired. (*Id.* ¶ 11.) Beaton filed this suit against SpeedyPC on November 20, 2013, asserting claims under Illinois state law. (*Id.* ¶ 16.)

In January 2017, Beaton moved for class certification.[1] (*Id.* ¶ 17.) In his motion for class certification, Beaton for the first time raised implied warranty claims under British Columbia law and claims under the SpeedyPC End User License Agreement ("EULA"). (*Id.* ¶ 19.) The Court granted Beaton's motion, certifying a class asserting contractual warranty claims under British Columbia law consisting of "[a]ll individuals living in the United States who downloaded a free trial of SpeedyPC Pro and thereafter purchased the full version between October 28, 2011 and November 21, 2014" and a subclass of Illinois residents asserting Illinois state law claims. (Mem. Op. at 5, 18, Dkt. No. 201.)

SpeedyPC subsequently sought leave to file a counterclaim against both Beaton and the class. (Dkt. No. 243.) Over Beaton's opposition, the Court allowed SpeedyPC to file a counterclaim against Beaton individually but not against the plaintiff class. (Dkt. No. 274.) SpeedyPC's counterclaim relies on a provision of the EULA stating that: "You will indemnify, hold harmless, and defend SpeedyPC Software, its employees, agents and distributors against any and all claims, proceedings, demand and costs resulting from or in any way connected with your use of the SpeedyPC Software." (Countercl. ¶ 21.) In SpeedyPC's view, that provision entitles it to "indemnity from Plaintiff with respect to all the matters alleged in this case, including but not

---

[1] For further detail on the procedural history of this case, see this Court's order on class certification (Dkt. No. 201) and its order on SpeedyPC's motion for leave to file a counterclaim (Dkt. No. 274).

limited to reimbursement of its attorneys' fees and costs incurred in this case." (*Id.* ¶ 24.) Finally, SpeedyPC contends that Beaton breached the EULA by seeking a refund after the 30-day refund period, filing this lawsuit, "disavowing that the EULA applied to his claims," and denying that British Columbia law governs his claims. (*Id.* ¶ 23.)

## DISCUSSION

To survive Beaton's Rule 12(b)(6) motion, SpeedyPC's counterclaim "must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In diversity cases, federal courts apply the choice-of-law rules of the forum state. *See W. Side Salvage, Inc. v. RSUI Indem. Co.*, 878 F.3d 219, 223 (7th Cir. 2017). Illinois law provides that a contract's choice-of-law provision governs, subject to exceptions not relevant here. *See Hendricks v. Novae Corp. Underwriting, Ltd.*, 868 F.3d 542, 545 (7th Cir. 2017). The EULA's choice-of-law clause provides that British Columbia law governs all disputes between the parties. (Mem. in Supp., Ex. A, EULA § 3.9, Dkt. No. 278-1.) Both parties appear to agree. Thus, the Court will apply British Columbia law to all substantive issues regarding the counterclaim. On any issue of British Columbia law, this Court must rule based on how it predicts the Supreme Court of Canada—the ultimate arbiter of both provincial and federal law in Canada—would rule. *Cf. PCS Phosphate Co. v. Am. Home Assurance Co.*, No. 5:14-cv-99-D, 2016 WL 1271031, at *7 n.7 (E.D.N.C. Mar. 29, 2016) (discussing hierarchy of Canada's court system).

3

### I. SpeedyPC's Procedural Objections

As initial matter, SpeedyPC raises several procedural objections to Beaton's motion to dismiss. First, SpeedyPC argues that Beaton's motion is barred by an earlier order by this Court and that his arguments raise factual issues that cannot properly be resolved on a motion to dismiss. Beaton previously raised parallel arguments opposing SpeedyPC's motion for leave to file counterclaims, including that the indemnification clause of the EULA did not apply to his purchase of the software and that SpeedyPC's counterclaims were barred by the applicable statute of limitations. The Court concluded that Beaton's arguments should be presented in a motion for judgment on the pleadings or summary judgment, noting that "Beaton may re-raise his arguments at the dispositive motion stage." (Order & Statement at 2, Dkt. No. 274.) But Beaton's motion to dismiss does not violate the Court's earlier order—his motion to dismiss *is* a dispositive motion. *See, e.g.*, *United States v. 1948 S. Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001) (describing motion to dismiss as "dispositive motion"). Further, the Court sees no reason to require Beaton to recast his motion to dismiss as a motion for judgment on the pleadings where the result would be the same. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

SpeedyPC's other arguments rely on an outdated articulation of the federal notice pleading standard. It contends that the counterclaim cannot be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This standard, as Beaton notes, has long been retired. *Twombly*, 550 U.S. at 563 (2007). Instead, Beaton can prevail on his motion to dismiss if SpeedyPC has failed to state a plausible claim for relief. Finally, while SpeedyPC correctly observes that the Court cannot resolve questions of fact in connection with a motion to dismiss, it may properly take notice of documents that are central to the counterclaim. *See, e.g.*,

*Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The Court accordingly takes notice of the EULA for purposes of this motion.

### II. Statute of Limitations/Statute of Repose

Beaton first argues that SpeedyPC's counterclaim for indemnification is barred by the applicable limitations period. As an affirmative defense, statute of limitations issues cannot always be resolved on a motion to dismiss; however, "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks*, 578 F.3d at 579 (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Here, the counterclaim contains the facts necessary to resolve this issue.

The Court begins with a choice-of-law issue. Illinois law distinguishes between statutes of limitations and statutes of repose. A limitations period that "only fixes the time in which a remedy for a wrong may be sought and does not alter substantive rights" is considered a statute of limitations and is determined by reference to the forum state's law because it is considered procedural, not substantive. *State Farm Mut. Auto. Ins. Co. v. Burke*, 51 N.E.3d 1082, 1099 (Ill. App. Ct. 2016). However, where a limitations period is intended to "terminate the possibility of liability after a defined period of time," it "define[s] substantive rights" and is determined by the jurisdiction designated by choice-of-law rules (here, British Columbia). *Freeman v. Williamson*, 890 N.E.2d 1127, 1133 (Ill. App. Ct. 2008). Under Canadian law, all limitations periods go to the substantive right, not the remedy. *Tolofson v. Jensen*, [1994] 3 S.C.R. 1022 (Can.). Canadian courts have interpreted this principle to mean "that both claim-extinguishing and remedy-barring statutory limitation provisions are substantive for conflicts-of-law purposes." *HOOPP Realty Inc. v. Guarantee Co. of N. America*, 2018 ABQB 634, ¶ 60 (Can. Alberta Q.B.). Thus, by Illinois's

5

choice-of-law rules, the relevant limitations period here is determined by British Columbia law, as both parties have assumed.

The parties dispute which of two limitations regimes apply to SpeedyPC's indemnification claim. Under the current British Columbia Limitation Act, which took effect as of June 1, 2013, SpeedyPC had only two years after it "discovered" Beaton's claim to bring an indemnity action. Province of British Columbia Limitation Act ("Limitation Act"), S.B.C. 2012, c 13, §§ 6, 16 (Can.) But under the previous Limitation Act, "[t]he limitation period for claims of contrition or indemnity did not begin to run . . . until judgement in the action on which the claim was based was obtained." *See Dhanda v. Gill*, 2019 B.C.S.C. 1500, ¶¶ 48–49 (Can. B.C. Sup. Ct.). The previous Act still applies to claimants who discovered their indemnification claims prior to June 1, 2013; so, if SpeedyPC "discovered" Beaton's claims against it before June 1, 2013, then the limitations period will be defined by the prior Act and the limitations period will not have begun to run. *Greengen Holdings Ltd. v. British Columbia*, 2017 B.C.S.C. 1280, ¶ 94 (Can. B.C. Sup. Ct.)

The date on which SpeedyPC "discovered" Beaton's claims, however, is defined by the amended Limitation Act. *Id.* ("The obvious intent is to apply the old limitation period to claims where the claimant knew prior to the enactment of the new Act that he/she had a claim. At the same time, the trigger date is changed to accord with the new Act."). Such discovery, for indemnification claims, occurs on the *later* of (a) the date on which the claimant is served with the pleading for which they seek indemnity or (b) "the first day on which the claimant knew or reasonably ought to have known that a claim for contribution or indemnity may be made." Limitation Act § 16. SpeedyPC waived service of this suit on December 2, 2013; thus, December 2, 2013 is both the date on which SpeedyPC was served and the latest possible date on which

6

SpeedyPC knew or ought to have known that it could make an indemnity claim. (Dkt. No. 7.) For this reason, SpeedyPC's indemnity claim is subject to a two-year limitations period, which expired on December 2, 2015. SpeedyPC did not move for leave to file its counterclaim until March 2019, long after the limitations period expired.

SpeedyPC contends that it did not know, and could not have reasonably known, that it held a viable indemnification counterclaim until October 21, 2017, when the Court granted Beaton's motion for class certification. The only new development in the Court's class certification order was its decision to certify implied warranty claims that were not explicitly pleaded in the Complaint, a decision that the Seventh Circuit upheld on appeal. *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023–24 (7th Cir. 2018). Indeed, the Seventh Circuit confirmed that "Beaton's complaint . . . provide[d] fair notice that he intends to pursue warranty claims under the law of British Columbia." *Id.* at 1024. Further, Beaton moved for class certification (explicitly raising warranty claims under British Columbia law) on January 27, 2017. (Dkt. No. 124.) SpeedyPC did not move for leave to file its counterclaim until March 5, 2019, more than two years after Beaton's class certification motion. (Dkt. No. 243.) While the Court holds that SpeedyPC knew or should have known that it could make an indemnification claim when it was served with the Complaint, SpeedyPC's counterclaim is tardy even when measured against Beaton's class certification motion. Accordingly, the counterclaim must be dismissed because, on its face, it was raised after the expiration of the pertinent limitations period.

### III. Whether Beaton's Claims Arise Out of His "Use" of the Software

Although the Court finds that SpeedyPC's indemnification counterclaim is barred by the applicable limitations period, for the sake of completeness, the Court considers Beaton's other arguments.

Beaton next contends that SpeedyPC's claim for indemnification should be dismissed because his suit does not arise out of "use" of the software. Under British Columbia law, contractual language must be "given [its] plain and ordinary meaning unless to do so would result in an absurdity," it must be "interpreted in light of the whole of the contract and the intention of the parties expressed therein," and courts "may reject an interpretation that would render one of the contract's terms ineffective." *Grace Residences Ltd. v. Whitewater Concrete Ltd.*, 2009 BCCA 144, ¶ 23 (Can. B.C. C.A.). Further, contracts of adhesion, including "take it or leave it" contracts offered to retail consumers, "are strictly construed against the party who prepared the contract." *Cont'l Secs. v. McLeod*, 1995 CanLII 355, ¶¶ 35, 37 (Can. B.C. Sup. Ct.).

Here, the relevant provision of the EULA states that the licensee "will indemnify, hold harmless, and defend SpeedyPC Software, its employees, agents and distributors against any and all claims, proceedings, demand and costs resulting from or in any way connected ***with your use*** of the SpeedyPC Software." (EULA § 3.7 (emphasis added).) Generally, Beaton's claim is that he purchased software that did not conform with its warranties, not that he was harmed by using it. However, the Court cannot conclude that, given the plain and ordinary meaning of the contract's language, Beaton's allegations fall outside of his "use of the software" as encompassed by the EULA. Whether the product lived up to its marketing depends on how it actually functioned, which relates to what happened when Beaton used the software. Indeed, part of SpeedyPC's legal theory is that the software functioned as advertised; how it worked when Beaton used it is relevant to that question. And further, Beaton has not identified legal authority supporting the use/purchase distinction upon which he relies. So, the Court declines to dismiss SpeedyPC's indemnification counterclaim on this ground.

### IV. Unconscionability

Beaton also argues that if the EULA requires him to indemnify SpeedyPC for any judgment against it and for its attorney's fees, as SpeedyPC asserts, then the indemnity provision is unconscionable under British Columbia law. "[A] limitation of liability clause will be unenforceable where one party to the contract has abused its negotiating power to take undue advantage of the other." *ABB Inc. v. Domtar Inc.*, [2007] 3 S.C.R. 461, ¶ 82 (Can.) (applying Québec law). Under British Columbia law, contract provisions are not enforced as unconscionable if there is a substantial inequality between the bargaining parties and the terms of the bargain are substantially unfair. *See Loychuk v. Cougher Mountain Adventures, Ltd.*, 2012 B.C.C.A. 122, ¶¶ 28–31 (Can. B.C. C.A.).

The EULA is a licensing agreement that is part of an adhesion contract. SpeedyPC authored the contract, which Beaton had to accept to use SpeedyPC's software. (Countercl. ¶¶ 8–10.) Canadian courts have recognized that there is a substantial inequality of bargaining power between the parties to a contract under these circumstances. *See Douez v. Facebook, Inc.*, [2017] 1 S.C.R. 751, ¶¶ 52, 55 (Can.) (plurality opinion) (applying British Columbia law); *Kilroy v. A OK Payday Loans, Inc.*, 2007 B.C.C.A. 231, ¶ 25 (Can. B.C. C.A.).

As construed by SpeedyPC, the EULA effectively bars Beaton from seeking a remedy in court. Even if he secures a judgment, Beaton would have to indemnify SpeedyPC for that judgment and pay its attorneys' fees and costs. As a result, Beaton would be worse off after winning than if he had done nothing. It is substantially unfair for a seller to include a provision with that effect in an adhesion contract. *Cf. Heller v. Uber Techs. Inc.*, 2019 O.N.C.A. 1, ¶ 68 (Can. Ont. C.A.) (arbitration clause in adhesion contract requiring workers to pay thousands of dollars upfront in arbitration costs to bring claim was unconscionable); *Singh v. Donald J. Trump*,

2016 O.N.C.A. 747, ¶¶ 116–18 (Can. Ont. C.A.) (drafting party could not enforce clause that entirely shielded it from liability from misrepresentations).

SpeedyPC argues that Beaton cannot simultaneously protest that the EULA is unconscionable and rely on the EULA in his claims for relief, citing various authority for the proposition that a plaintiff cannot selectively rely on some contractual terms while disregarding others. *See Korchynski v. Sparkle Car Wash Ltd.*, 1999 CanLII 14512, ¶ 8 (Can. Man. Q.B.); *James v. McDonald's Corp.*, 417 F.3d 672, 678 (7th Cir. 2005); *Sparks Tune-Up Ctrs., Inc. v. Strong*, 1994 WL 188211, at *5 (N.D. Ill. May 12, 1994). But the EULA contains a severability clause under which any provision that is "considered unlawful, void or otherwise unenforceable" can be discarded without affecting the remainder of the agreement. (EULA § 3.9.) British Columbia law establishes that this clause is enforceable. *See Miller v. Convergys CMG Can. Ltd. P'ship,* 2014 BCCA 311, ¶¶ 43-45 (Can. B.C. C.A.). SpeedyPC also argues that a jury should decide whether the contract is unconscionable, but that question is reserved for the Court. *Hanover Ins. Co. v. N. Bld'g Co.*, 751 F.3d 788, 794 (7th Cir. 2014). ("Whether a contract is unconscionable is a question of law to be decided by the court, not a jury.") The Court thus concludes that the EULA's indemnification clause is unenforceable as written. This provides an alternative ground warranting dismissal of the indemnification counterclaim.[2]

V. **Breach of Contract**

Finally, Beaton contends that to the extent SpeedyPC asserts a counterclaim for breach of contract, it should be dismissed. The Counterclaim contains only two sections that could be construed as asserting such a claim. First, SpeedyPC alleges that "Beaton breached the agreement with SpeedyPC by seeking a refund after the agreed 30-day period, by filing this lawsuit and

---

[2] The Court does not reach Beaton's arguments regarding the Sale of Goods Act because it finds that the indemnification clause is unenforceable on grounds of unconscionability.

disavowing that the EULA applied to his claims, and denying that British Columbia law applied to his claims as he agreed in the EULA." (Countercl. ¶ 23.) Second, Beaton includes a demand for relief of "judgment in its favor and against Plaintiff for damages in an amount to be proven at trial . . . and for such other and further relief as the Court deems just and proper." (*Id.* at 4–5.)

To state a claim for breach of contract, SpeedyPC must plausibly allege "an identifiable breach of a contract term." *Sevugan v. Direct Energy Servs.*, LLC, 931 F.3d 610, 614 (7th Cir. 2019). But SpeedyPC has not specified any specific term of the EULA that Beaton breached; the EULA does not prohibit Beaton from asking for a refund after the 30-day warranty period, or from suing SpeedyPC, or from taking legal positions regarding the enforceability of the EULA or the appropriate choice of law in legal disputes. Accepting SpeedyPC's allegations as true and construing them in the light most favorable to SpeedyPC, the Court finds no viable claim for breach of contract in SpeedyPC's counterclaim. The Court dismisses SpeedyPC's counterclaims with prejudice because "no set of facts could exist consistent with the complaint that would allow [its] claims to survive." *See Bogie v. Rosenberg*, 705 F.3d 603, 607 (7th Cir. 2013).

## CONCLUSION

For the foregoing reasons, the Court grants Beaton's motion to dismiss SpeedyPC's counterclaim (Dkt. No. 277). The counterclaim is dismissed with prejudice.

ENTERED:

Dated: March 31, 2021

_____
Andrea R. Wood
United States District Judge